Petitioner/ Debtor
477 West 142nd Street Housing Dev. Fund Corp.
477 West 142nd Street, Suite #7
New York, NY 10031
NEW YORK -NY
Tax ID / EIN: 13-0336224
(212) 281-1729

FILED

2016 JAN 13  P 4: 12

# UNITED STATE BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

*Assigned to:* Judge Sean H. Lane
Chapter 11
Voluntary Asset

Dated Filed: 08/05/2015
341 meeting 1/11/2016

| | |
|---|---|
| In re: ) | CASE NO.: **15-12178-SHL**) |
| 477 West 142nd Street Housing Dev. Fund Corp. ) | |
| 477 West 142 Street ) | |
| New York, NY 10031 ) | |
| Tax ID / EIN: 13-0336224 ) | PETITION FOR |
| ) | VOLUNTARY DISMISSAL |
| Debtor(s) ) | |
| _____ ) | |

The petitioner-debtor (proprietary Lease holder) Bishop Shirley Pitts, (president) and Margaret Callender (Secretary) in this entitled case hereby moves to dismiss the bankruptcy case filed on: 08/05/2015 for the following reasons:

1.   The Debtor's standing as fiduciary officers filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Petitioner rights of standing are confirmed by Final Disposition of the SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK on January 13, 2009 under index NO.: 115368/07 (certified copy attached) as well as other consolidated cases: 101420/10; 102885/08 and 101481, all confirms standing authority for the petitioner to file sue on behalf of any matters regarding the coop 477 HDFC.

2. No complaints, objecting to discharge or to determine the discharge ability of any debts have been filed in the case having standing.

3. Debtor's filing of the Chapter 11 bankruptcy was erroneous. Debtor now realized that its debt may not be dischargeable. Debtor does not feel it has the ability to litigate matters which were previously addressed in Supreme Court on their own without additional resources to hire an attorney, which may not stop the debt from incurring further legal fees. Notwithstanding, resent parties making appearances standing, who self appointed themselves are in fact have no standing as roommate, pays no rents and are misrepresenting themselves in a hostel attempt to take control of the coop with the help and assistance of the former attorney. When their former attorney Traci Leigh Bransford /Traci Bransford Marquis was given the facts and related court cases she motion the court to dismiss herself as their counsel. As such, the standing Debtor intends to pursue other means of taken responsibility for its debt, which includes timely settlement with its Creditor(s).

4. No creditor has filed a claim or submit proof of claim in this case.

WHEREFORE, Debtor prays that this bankruptcy case be dismissed without prejudice.

Date 01/11/2016

Bishop Shirley Pitts, *President*
Petition/Debtor (Shareholder)
(212) 281-1729

Date 1-11-16

Margaret Callender, *Secretary*
Petition/Debtor (Shareholder)

Petitioner/ Debtor
477 West 142nd Street Housing Dev. Fund Corp.
477 West 142nd Street, Suite #7
New York, NY 10031
NEW YORK -NY
Tax ID / EIN: 13-0336224

UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

*Assigned to:* Judge Sean H. Lane  
Chapter 11  
Voluntary Assets

Dated Filed: 08/05/2015  
341 meeting 1/11/2016

| | |
|---|---|
| In re: ) | CASE NO.: **15-12178-SHL** |
| 477 West 142nd Street Housing Dev. Fund Corp. ) | |
| 477 West 142 Street ) | |
| New York, NY 10031 ) | |
| Tax ID / EIN: 13-0336224 ) | |
| ) | |
| Debtor(s) ) | |
| _____ ) | |

AND NOW this _____ day of _____2015, the Court having found

that the voluntary dismissal of this case is the best interests of the debtor and does not

prejudice the rights of any of the creditors, it is hereby ordered that the petition for

voluntary dismissal is approved.

Dated _____       _____
                             U.S. Bankruptcy Judge
                             Hon. Judge Sean H. Lane

## Certification

STATE OF NEW YORK, COUNTY OF NEW YORK, SS:

I, Milton Adair Tingling, County Clerk and Clerk of Supreme Court New York County,

do hereby certify that on January 12, 2016 I have compared

the document attached hereto,

101420/2010 RECORD ARCHIVE filed 1/8/2016 page(s) 282-283

with the originals filed in my office and the same is a correct transcript

therefrom and of the whole of such original in witness

whereto I have affixed my signature and seal.

*Milton Adair Tingling*
MILTON ADAIR TINGLING
NEW YORK COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK- NEW YORK COUNTY
PRESENT:    Hon. DORIS LING-COHAN, Justice            PART 36

QUEEN MOTHER DR. DELOIS BLAKELY,

                       Plaintiff,

-v-

SHIRLEY PITTS, et al.,

                       Defendants.

INDEX NO. 115368/2007
MOTION DATE
MOTION SEQ. NO. 007
MOTION CAL.NO.

The following papers, numbered 1 to 3 were read on this motion to/for : vacate court order dismissing action, on default:

| Papers | Numbered |
|---|---|
| Notice of Motion/Order to Show Cause - Affidavits - Exhibits | 1,2 |
| Answering Affidavits - Exhibits (Memo) | 3 |
| Replying Affidavits (Reply Memo) | |

Cross Motion:   [ ] Yes   [X] No

[FILED JAN 13 2009 COUNTY CLERK'S OFFICE NEW YORK]

Upon the foregoing papers, it is

    ORDERED that this motion by plaintiff to vacate the order of dismissal dated August 5, 2008, by the Honorable Richard F. Braun, is denied, for the reasons set forth below.[1]

This action was commenced by plaintiff, *pro se*, on or about November 2007. In her complaint, plaintiff seeks $850,000.00 based upon, *inter alia*, an alleged fraudulent conveyance.

On August 5, 2008, this matter was scheduled for a compliance conference before Justice Braun. By order dated August 5, 2008, Justice Braun dismissed this case upon plaintiff's failure to appear at the conference, noting that "the action was marked 'final' against all parties for [such] date". [*See* Copy of Order Attached as an Unmarked Exhibit to Plaintiff's Moving Papers].

In the within order to show cause, plaintiff seeks to vacate the August 5, 2008 dismissal order. Upon the submitted papers, plaintiff has failed to provide a sufficient basis to warrant vacatur of the dismissal order.

In order to vacate the August 5, 2008 order of dismissal entered upon her default, plaintiff has the burden to demonstrate an acceptable excuse for her default in appearing, as well as "the legal merit of the asserted claim". *M-Dean Realty Corp. v General Sec. Ins. Co.*, 6 AD3d 169 (1st Dept 2004); *see also Vargas v. Ahmed*, 41 AD3d 328 (1st Dept 2007); *Finchside Intl., Ltd. v Jeanette Coquette*

---

[1] The court notes that Justice Braun, along with several other justices, recused themselves from the within matter.

1

*Co., Inc.*, 232 AD2d 312, 313 (1st Dept 1996); *Cedeno v Wimbledon Bldg. Corp.*, 207 AD2d 297 (1st Dept 1994), *lv dismissed* 84 NY2d 978 (1994).

While plaintiff maintains that her failure to appear at the August 5, 2008 conference date was due to "a sudden medical emergency that occurred outside of the United States in the African Country of Uganda" [Order to Show Cause], plaintiff failed in the moving papers to establish a meritorious claim, as required. As such, this court has choice but to deny the within motion. *See Vargas v. Ahmed*, 41 AD3d 328; *M-Dean Realty Corp. v General Sec. Ins. Co.*, 6 AD3d 169.

Accordingly, it is

ORDERED that plaintiff's motion to vacate the order of dismissal dated August 5, 2008, is denied; and it is further

ORDERED that, within thirty days of entry, defendants shall serve a copy of this decision and order, with notice of entry, upon all parties.

This constitutes the Decision and Order of the Court.

Dated: January 8, 2009

Hon. Doris Ling-Cohan, JSC

Check One:  [X] FINAL DISPOSITION  [ ] NON-FINAL DISPOSITION
Check if Appropriate:  [ ] DO NOT POST

J:\Default Judgments\VACATE DEFAULT JUDGMENT\queen mother. deny mot to vac dismissa.wpd

FILED
JAN 13 2009
COUNTY CLERK'S OFFICE
NEW YORK

2