| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | HEARING DATE: March 3, 2016<br>HEARING TIME: 10:00 a.m. |
| In re | Case No. 15-12178 (SHL) |
| 477 WEST 142ND STREET HOUSING<br>DEVELOPMENT FUND CORPORATION, | Chapter 11 |
| Debtor. | |

## NOTICE OF MOTION TO APPOINT SECTION 1104 TRUSTEE

**PLEASE TAKE NOTICE**, that upon the annexed Motion of 477 W. 142nd Funding LLC ("Creditor"), the Creditor shall move this Court for an Order, *inter alia*, pursuant to 11 U.S.C. § 1104(a) appointing a Trustee; a hearing on the Motion will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **March 3, 2016**, at **10:00 a.m.**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall set forth the names of the respondent, the nature of the objection and the specific grounds therefore, and state with particularity the grounds for such response, and shall be filed with the Clerk of the Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 with a copy delivered directly to the Chambers of the Honorable Sean H. Lane, together with proof of service therof, and shall be served in a manner so as to be received not later than 5:00 p.m. on February 25, 2016 by Harris Beach PLLC, 333 Earle Ovington Boulevard, Suite 901, Uniondale, New York 11553 (Attn: Marc D. Bianchi, Esq.).

Dated: February 10, 2016

                                   HARRIS BEACH PLLC
                                   *Attorneys for 477 W. 142nd Funding LLC*

David M. Capriotti, Esq.
333 West Washington Street, Suite 200
Syracuse, New York 13202
Telephone: (315) 423-7100
Facsimile: (315) 422-9331
dcapriotti@harrisbeach.com

and

Robert J. Chanis, Esq.
Marc D. Bianchi, Esq.
333 Earle Ovington Boulevard, Suite 901
Uniondale, New York 11553
Telephone: (516) 880-8484
Facsimile: (516) 880-8483
rchanis@harrisbeach.com
mbianchi@harrisbeach.com

TO: 477 West 142nd Street Housing Dev. Fund Corp.
477 West 142 Street
New York, New York 10031

Geovanny Fernandez, Esq.
32 Broadway, Suite 1310
New York, New York 10004
*Counsel for Queen Mother Dr. Delois Blakely*

Nigel E. Blackman, Esq.
BLACKMAN & MELVILLE, P.C.
11 Broadway, Suite 615
New York, New York 10004
*Counsel for Queen Mother Dr. Delois Blakely*

Daniel Lavotshkin, Esq.
146 South 4th Street, Suite 8B
Brooklyn, New York 11211
*Counsel for Bishop Shirley Ann Pitts*

William K. Harington
Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, New York 10014
Attn: Brian S. Masumoto, Esq.

New York City Department of Housing Preservation & Development
Division of Code Enforcement
94 Old Broadway, 7th Floor
New York, New York 10027

New York City Department of Environmental Protection
1250 Broadway, 8th Floor
New York, New York 10001

New York City Department of Finance
66 John Street, Room 104
New York, New York 10038

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

477 WEST 142ND STREET HOUSING
DEVELOPMENT FUND CORPORATION,

Debtor.

Case No. 15-12178 (SHL)

Chapter 11

## MOTION TO APPOINT SECTION 1104 TRUSTEE

477 W. 142nd Funding LLC, ("Creditor"), by its attorneys, Harris Beach PLLC, respectfully submits this Motion for the Appointment of an 1104 Trustee (the "Trustee Motion"), and respectfully states as follows:

### I.

### STATEMENT OF FACTS

1. On or about August 5, 2015 (the "Petition Date"), 477 West 142nd Street Housing Development Fund Corporation, debtor in the above-captioned Chapter 11 case (the "Debtor"), commenced this case by filing a voluntary petition for relief under Chapter 11 with this Court.

2. The Debtor continues as a debtor-in-possession in accordance with Sections 1107 and 1108 of the Bankruptcy Code. As of the date hereof, no trustee, examiner, or official committee of unsecured creditors has been appointed.

3. This Court has jurisdiction over the Debtor's Chapter 11 case and the Trustee Motion pursuant to 28 U.S.C. §§157(b) and 1334. This Trustee Motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The statutory basis for the relief requested herein is Section 1104 of the Bankruptcy Code and Rule 2007.1 of the Federal Rules of Bankruptcy Procedure.

873716v6

4. On or about September 1, 2015, the United States Trustee filed a Motion seeking dismissal of this case for (i) failure of the Debtor to timely file statements and schedules that are required pursuant to 11 U.S.C. §521(a) and Fed. R. Bankr. P. 1007, and (ii) failure of the Debtor, as a corporation, to retain counsel (the "Motion to Dismiss").

5. Creditor believes that creditors and shareholders of Debtor would be better served by appointing a Trustee pursuant to 11 U.S.C. § 1104(a) and Bankruptcy Rule 2007.1 to conduct a sale, pursuant to 11 U.S.C. §363, of the Debtor's real property, which is subject to deterioration and devaluation.

6. If this Trustee Motion is granted, Creditor will negotiate to provide a fixed carve-out for the fees and expenses of a Trustee in the event a sale of the assets does not provide for sufficient funds to pay such fees and expenses.

**A.    Background**

7. The Debtor is the owner of real property located at 477 West 142nd Street, New York, New York 10031, also known as 1661-1669 Amsterdam Avenue, New York, New York, and identified on a tax map as block 2058, lot 29 (the "Property" or "Mortgaged Premises"). The Property is a five-story mixed use building containing eight residential units, and four commercial units.

8. Creditor is a limited liability company duly organized and validly existing under the laws of the State of New York, with an address at c/o Harris Beach PLLC, 333 Earle Ovington Boulevard, Suite 901, Uniondale, New York 11553.

9. Creditor is the successor in interest to Madison Park Investors LLC and E.R. Holdings LLC (collectively "Original Lender").

873716v6

10.    Prior to the Petition Date, the Debtor executed (i) a mortgage note in the principal amount of $650,000.00, dated September 20, 2007, in favor of the Original Lender ("Note"); and (ii) a mortgage and security agreement, dated September 20, 2007, in favor of the Original Lender, encumbering the Mortgaged Premises and securing the repayment of the Note ("Mortgage") (Copies of the Note and Mortgage are annexed hereto as **Exhibits 1** and **2**, respectively).

11.    The Mortgage was duly recorded with the New York City Office of the City Register on October 4, 2007 at CRFN 2001000507377. See Exhibit 2.

### i.    *Foreclosure Action*

12.    The Debtor failed to comply with the terms of the Note and Mortgage by, among other things, failing to pay the monthly installments.

13.    On or about February 3, 2009, the Original Lender commenced an action to foreclose the lien of the Mortgage in the Supreme Court of the State of New York, County of New York (the "Foreclosure Action"). A copy of the filed Summons and Complaint (without exhibits) in the Foreclosure Action is annexed hereto as **Exhibit 3**.

14.    By order, signed by the Honorable Milton A. Tingling, J.S.C. on October 29, 2013, and entered in the New York County Clerk's Office on November 21, 2013, the Court granted summary judgment in favor of the Original Lender, and referred the matter to C. Sidney Lester, Esq., as referee to compute the amount due. A copy of the filed Order Granting Summary Judgment and Appointing a Referee to Compute is annexed hereto as **Exhibit 4**.

15.    By instrument dated March 23, 2015, and duly filed and recorded with the New York City Office of the City Register at CRFN 2015000123482, the Original Lender assigned all

right, title and interest in and to the Mortgage to Creditor. A copy of the Assignment of Mortgage from Lender to Creditor is annexed hereto as **Exhibit 5**.

16. By order, signed by the Honorable Shlomo S. Hagler, J.S.C. on June 10, 2015, and entered in the New York County Clerk's Office on June 26, 2015, the Court granted judgment of foreclosure and sale in favor of Creditor. A copy of the filed Judgment of Foreclosure and Sale is annexed hereto as **Exhibit 6**.

17. The Mortgaged Premises were noticed for sale by the referee, which sale was scheduled to occur on August 5, 2015, at the New York County Courthouse, 60 Centre Street New York, New York.

18. On August 5, 2015 (the "Petition Date"), Shirley Pitts, as the president of Debtor, filed a petition in bankruptcy in the instant matter.

19. As of the Petition Date, there was due and owing to Creditor the sum of $1,725,044.92, plus accrued interest, fees, taxes, insurance and other charges including attorney's fees.

20. Upon information and belief, in addition to Creditor's judgment of foreclosure and sale, there are also the following liens on the Mortgaged Premises:

   (a)   approximately $564,584.00 in tax liens;
   (b)   approximately $171,583.00 in water charges; and
   (c)   approximately $320,000.00 in charges levied by the New York City Department of Housing Preservation and Development ("HPD").

Copies of the public records reflecting these amounts owed are attached hereto as **Exhibits 7-9** respectively.

873716v6

### ii. *Bankruptcy Action*

21.  As previously stated, the bankruptcy petition herein was filed on August 5, 2015, by Shirley Pitts, as president of the Debtor.

22.  On September 1, 2015, the United States Trustee filed a motion to dismiss this case for (i) failure of the Debtor to timely file statements and schedules that are required pursuant to 11 U.S.C. §521(a) and Fed. R. Bankr. P. 1007, and (ii) failure of the Debtor, as a corporation, to retain counsel (ECF Doc. No. 7). The matter was set down for a hearing on November 5, 2015, along with a case management status conference.

23.  At the hearing on November 5, 2015, attorney Traci Bransford, Esq. appeared *pro hac vice* on behalf of Queen Mother Dr. Delois Blakely (ECF Doc. Nos. 8, 9). Ms. Blakely claimed that she was the newly elected president of the Debtor pursuant to vote held at a meeting on October 26, 2015.

24.  The November 5 hearing was adjourned to December 15, 2015 as Ms. Bransford requested and was granted additional time to file statements and schedules required pursuant to 11 U.S.C. §521(a) and Fed. R. Bankr. P. 1007.

25.  No statements or schedules were filed.

26.  Rather, Ms. Bransford filed a motion to withdraw as counsel for the Debtor (ECF. Doc. No. 13), which was granted orally on the record and pursuant to the written order entered on December 22, 2015 (ECF Doc. No. 14).

27.  At the hearing on December 15, 2015, Ms. Blakely and Ms. Pitts each claimed to be the president of Debtor. The hearing was again adjourned, this time to allow respective counsel for Ms. Pitts and Ms. Blakely the opportunity to submit evidence in support of their competing claims. The matter was set down to be heard on January 21, 2016.

28. On January 13, 2016, Ms. Pitts, as purported president of the Debtor, filed a *pro se* petition for voluntary dismissal, stating that the filing of the bankruptcy was erroneous (ECF Doc. No. 15). No documents were filed in support of Ms. Pitts' or Ms. Blakely's claims to be the Debtor's president.

29. At the January 21, 2016 hearing, counsel for Ms. Pitts and Ms. Blakely appeared. Neither party had filed proofs to substantiate their respective claims and neither party was prepared to speak on the issue. As such, the Court entered a briefing schedule on the issue (ECF Doc. No. 16).

30. Counsel for the Creditor raised concerns at the January 21 hearing regarding the management and maintenance of the Property. Counsel for Ms. Pitts and counsel for Ms. Blakely proposed that they (the two attorneys), would co-manage the Property.

31. As of the date of filing of this motion, statements and schedules required pursuant to 11 U.S.C. §521(a) and Fed. R. Bankr. P. 1007 have not been filed, the Debtor still does not have counsel approved by the Court pursuant to 11 U.S.C. §327(a) and no monthly operating reports have been filed by the Debtor. In the approximately six months since this bankruptcy action was filed, nothing has been done to comply with the requirements set out by the Bankruptcy Code or protect the interests of the Debtor's creditors.

**B.     Relief Sought**

32. Lender believes that the appointment of an 1104 Trustee is in the best interest of the estate and creditors, to oversee the sale of the Property and to ensure proper distribution of any surplus funds.

873716v6

33. The Mortgaged Premises is in disrepair due to the incompetence of and gross mismanagement by the Debtor. As evidenced by the tax liens, water charges, and HPD liens, repairs are not being made and taxes and water charges are not being paid.

34. An 1104 Trustee will be in the best position to ensure that the Property is properly maintained and managed during the pendency of the bankruptcy proceedings, conserve the value of the Property, and ultimately maximize the value of the estate for the creditors and shareholders of Debtor alike.

## II.

## ARGUMENT

### A.     Appointment of a Chapter 11 Trustee is Appropriate

35. Creditor believes that the appointment of a Chapter 11 Trustee is in the best interest of all creditors and shareholders of the Debtor.

36. Section 1104(a) of the Bankruptcy Code provides:

    a.    At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee –

(1)   for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or

(2)   if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.
11 U.S.C. §1104(a).

37. Subsection 1104(a)(1) requires the bankruptcy court, upon motion, to appoint a trustee when the movant has proven "cause" which includes incompetence and gross-

7

mismanagement and is reviewed on a case-by-case basis. <u>In re Sharon Steel Corp.</u>, 871 F.2d 1217, 1226 (3d Cir. 1989).

38. Section 1104(a) also provides that the court shall order the appointment of a trustee for cause, or if such appointment is in the interest of, *inter alia*, creditors. 11 U.S.C. §1104(a)

39. While deference is normally accorded to the debtor remaining in possession "...because current management is generally best suited to orchestrate the process of rehabilitation for the benefit of creditors and other interests of the estate.... The debtor-in-possession is a fiduciary of the creditors and, as a result, has an obligation to refrain from acting in a manner which could damage the estate, or hinder a successful reorganization." <u>In re Marvel Entertainment Group, Inc.</u>, 140 F.3d 463, 471 (3rd Cir.1998) (internal quotation marks and citations omitted).

40. The decision to appoint a trustee in a Chapter 11 case is a factual determination in the discretion of the bankruptcy judge. <u>In re Worldcom, Inc.</u>, 2003 Bankr. LEXIS 2192, 16 (Bankr. S.D.N.Y. 2003), <u>citing</u> <u>Schuster v. Dragone (In re Dragone)</u>, 266 B.R. 268, 271 (D.Conn. 2001).

41. Subsection (a)(1) provides for the appointment of a Chapter 11 Trustee "for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management . . . ." 11 U.S.C. §1104(a)(1).

42. "Cause" under subsection 1104(a)(1) is not defined but instead, permits Courts to exercise discretion "consistent with a 'policy of flexibility' permeating the Bankruptcy Code's overall aim of protecting creditors while giving debtors a second chance." <u>In re Marvel Entertainment Group, Inc.</u>, 140 F.3d 463, 473 (3d Cir. 1998).

873716v6

43.    The Marvel Court recognized that "[t]he appointment of a trustee is the installation of a court officer charged with fiduciary duties." Id. at 474.

44.    Subsection (a)(2) emphasizes the court's discretion, allowing it to appoint a trustee when all parties' and the estates' interests are served. 11 U.S.C. §1104(a)(2) (providing for the appointment of a chapter 11 trustee "if such appointment is in the best interests of creditors. . .").

45.    When deciding whether relief under section 1104(a)(2) is appropriate, courts consider:

(a) The trustworthiness of the debtor;
(b) The debtor in possession's past and present performance and prospects for the debtor's rehabilitation;
(c) The confidence-or lack thereof- of the business community and of creditors in present management; and
(d) The benefits derived by the appointment of a trustee, balanced against the cost of appointment.

In re Ionosphere Clubs, Inc., 113 B.R. 164, 168 (Bankr. S.D.N.Y. 1990).

46.    In the present situation, the appointment of a trustee presents the best way to separate the Debtor's financial issues from the corporate governance and managerial strife that plague the Debtor. Moreover, the appointment of a trustee would likely result in a more swift and efficient resolution that will benefit both the shareholders and creditors of the Debtor.

47.    Based on the prior history of the Debtor, the irreconcilable differences between Ms. Pitts and Ms. Blakely, both of whom purport to be Debtor's president, and the significant deferred maintenance and unpaid tax and other municipal obligations, it is clear that the Debtor is unable to properly manage the Property and that the appointment of a Trustee is in the best interest of the creditors.

873716v6

48. The Debtor is also unable to manage the operations of the Property going forward. There are two factions, both of whom claim to be president of the Debtor and authorized to act on Debtor's behalf, but neither of whom has presented proof to support its claim. Thus, it's reasonable to believe that a corporate Debtor in the midst internal discord regarding its governance is incapable of managing itself and its assets to ensure that creditor and shareholder recoveries are maximized.

49. While Ms. Pitts and Ms. Blakely argue, the Property value depreciates as taxes, water charges and HPD violations continue to accrue against the Property.

50. The Property has approximately 333 open HPD violations and the sum of $319,996.23 is owed to the HPD arising out of violations, repairs, and inspections. Copies of the HPD Building Charge Report and the HPD Open Violation List for 1661-1669 Amsterdam Avenue are annexed hereto as **Exhibits 9 and 10** respectively.

51. Additionally, in approximately the last 12 months, there have been over 100 complaints made to the HPD with respect to the Property. A copy of the HPD Complaint History for 1661-1669 Amsterdam Avenue is annexed hereto as **Exhibit 11**.

52. Moreover, a search of the property tax records reveals that approximately $564,584.52 is owed in taxes and fees to the City of New York. A copy of the New York City Property Tax account statement for 477 W. 142nd Street is annexed hereto as **Exhibit 7**.

53. Finally, there is approximately $171,583.77 in outstanding water and sewer charges owed to the City of New York, as of January 27, 2016. A copy of the New York City account statement for 477 W. 142nd Street for Water and Sewer Charges is annexed hereto as **Exhibit 8**.

873716v6

54.   Ultimately, it is the shareholders, tenants, and creditors who are harmed here. The tenants are living in deplorable, substandard conditions, and the shareholders and creditors are at risk of the diminution in value of the Debtor's only asset. All of this while two individuals engage in a power struggle. It is clear that the Debtor, divided by internal strife, is incapable of managing the Property.

55.   Given this mismanagement, it is respectfully submitted that the appointment of an 1104 Trustee is warranted and is in the best interest of the estate. Indeed, creditors' interests would best be served by the appointment of an impartial party to conduct a judicially supervised liquidation that will ensure timely distribution to the correct creditors.

56.   Moreover, the appointment of an 1104 trustee effectively separates Debtor's financial issues from its shareholder and corporate governance issues.

57.   Lastly, a sale pursuant to section 363 and liquidation of the corporate assets in this case will prevent future serial filings done solely to delay a foreclosure sale.

58.   Creditor believes that the appointment of an 1104 Trustee is in the best interests of the estate and creditors, and will negotiate to provide a fixed carve-out for the fees and expenses of a Trustee in the event there is not a surplus of funds after a sale of the Property.

59.   Moreover, by retaining judicial supervision over this matter, there will be an assurance that the surplus funds will be properly distributed to creditors first and then to shareholders.

### III.

### CONCLUSION

60.   Notice of the relief requested in this Motion has been given to the Office of the U.S. Trustee, the Debtor, all counsel purporting to represent the interests of the Debtor through Ms. Pitts and Ms. Blakely, all persons and entities listed in the Debtor's creditor matrix as filed

11

with the Court, the respective creditors identified in Exhibits 7-9, and each party that has filed a notice of appearance and request for service herein, if any. The Creditor submits that the aforementioned notice of the relief requested herein is appropriate and sufficient under the circumstances of this case.

61.     No previous application for the relief sought herein has been made to this or any other Court.

WHEREFORE, for the foregoing reasons, the Creditor respectfully submits that this Court should issue and enter an order, pursuant to Section 1104(a) of the Bankruptcy Code appointing a Chapter 11 Trustee, and granting such other and further relief as is just and proper.

Dated: February 10, 2016

HARRIS BEACH PLLC
*Attorneys for 477 W. 142nd Funding LLC*

_____
David M. Capriotti, Esq.
333 West Washington Street, Suite 200
Syracuse, New York 13202
Telephone: (315) 423-7100
Facsimile: (315) 422-9331
dcapriotti@harrisbeach.com

and

Robert J. Chanis, Esq.
Marc D. Bianchi, Esq.
333 Earle Ovington Boulevard, Suite 901
Uniondale, New York 11553
Telephone: (516) 880-8484
Facsimile: (516) 880-8483
rchanis@harrisbeach.com
mbianchi@harrisbeach.com

873716v6