# Exhibit 2

| | |
|---|---|
| **NYC DEPARTMENT OF FINANCE**<br>**OFFICE OF THE CITY REGISTER**<br><br>This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. | <br>2007092001830001001E30AF |

## RECORDING AND ENDORSEMENT COVER PAGE     PAGE 1 OF 9

**Document ID:** 2007092001830001     Document Date: 09-20-2007     Preparation Date: 09-20-2007
Document Type: MORTGAGE
Document Page Count: 7

| **PRESENTER:** | **RETURN TO:** |
|---|---|
| GLADIATOR ABSTRACT GAU-4715-NYC<br>RETURN TO REALTY SKYLINE<br>1510 86TH STREET<br>BROOKLYN, NY 11228<br>718-234-5090<br>AANDRON@GLADIATORNY.COM | GROSS & GROSS LLP<br>371 MERRICK ROAD<br>SUITE 303<br>ROCKVILLE CENTRE, NY 11570 |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 2058 | 29 | Entire Lot | 477 WEST 142ND STREET |

**Property Type:** APARTMENT BUILDING

### CROSS REFERENCE DATA

CRFN_____ *or* Document ID_____ *or* _____ Year____ Reel ___ Page ____ *or* File Number_____

### PARTIES

| **MORTGAGOR/BORROWER:** | **MORTGAGEE/LENDER:** |
|---|---|
| 477 WEST 142ND STREET HOUSING DEVELOPMENT FUND CORPORATION, 477 WEST 142ND STREET<br>NEW YORK, NY 10031 | MADISON PARK INVESTORS LLC<br>320 EAST 81ST STREET<br>NEW YORK, NY 10028 |

x Additional Parties Listed on Continuation Page

### FEES AND TAXES

| Mortgage | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 650,000.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 650,000.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 3,250.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 7,312.50 | | $ | 0.00 |
| Spec (Additional): | $ | 1,625.00 | | | |
| TASF: | $ | 0.00 | | | |
| MTA: | $ | 1,950.00 | | | |
| NYCTA: | $ | 4,062.50 | | | |
| Additional MRT: | $ | 0.00 | | | |
| TOTAL: | $ | 18,200.00 | | | |
| Recording Fee: | $ | 72.00 | | | |
| Affidavit Fee: | $ | 0.00 | | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

Recorded/Filed    10-04-2007 16:36
City Register File No.(CRFN):
2007000507377

*Annette M Hill*
*City Register Official Signature*

| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER |  2007092001830001001C322F |
|---|---|

**RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION)   PAGE 2 OF 9**

**Document ID:** 2007092001830001  **Document Date:** 09-20-2007  **Preparation Date:** 09-20-2007
Document Type: MORTGAGE

**PARTIES**
**MORTGAGEE/LENDER:**
E.R. HOLDINGS, LLC
5600A BROADWAY
BRONX, NY 10463

Form 8014 * First Mortgage
Individual or Corporation.

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

This Mortgage, made the    20th day of September, 2007

Between the mortgagor,   477 WEST 142ND STREET HOUSING DEVELOPMENT FUND CORPORATION, a New York corporation having a place of business at 477 West 142nd Street, New York, NY 10031,

and the mortgagee,   MADISON PARK INVESTORS LLC, a New York limited liability company having an office at 320 East 81st Street, New York, NY 10028, as to a 20% interest, and E.R. HOLDINGS LLC, a New York limited liability company having an office at 5600A Broadway, Bronx, NY 10463, as to an 80% interest,

Witnesseth, that to secure the payment of an indebtedness in the sum of  Six Hundred Fifty Thousand and 00/100 -------------- ($650,000.00)---------------- Dollars

lawful money of the United States, to be paid

~~with interest thereon to be computed from the date hereof at the rate of xxxxxxxxxxxxxxxxxxxxper centum~~
~~per annum and to be paid on the xxxxxxxxxday of xxxxxxxxxxxxxxx20xx next ensuing and~~
~~xxxxxxxxxxxxthereafterxxx~~

according to a certain bond, note or obligation bearing even date herewith, the mortgagor hereby mortgages to the mortgagee

ALL that certain plot, piece. or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, County, City, and State of New York, designated on the Tax Map of the City of New York, for such Borough as Block 2058, Lot 29, as said Tax Map was on July 6, 1977, said premises being presently known as the street number 477 West 142nd Street.

TOGETHER with all right, title and interest of the mortgagor in and to the land lying in the streets and roads in front of and adjoining said premises;

TOGETHER with all fixtures, chattels and articles of personal property now or hereafter attached to or used in connection with said premises, including but not limited to furnaces, boilers, oil burners, radiators and piping, coal stokers, plumbing and bathroom fixtures, refrigeration, air conditioning and sprinkler systems, wash-tubs, sinks, gas and electric fixtures, stoves, ranges, awnings, screens, window shades, elevators, motors, dynamos, refrigerators, kitchen cabinets, incinerators, plants and shrubbery and all other equipment and machinery, appliances, fittings, and fixtures of every kind in or used in the operation of the buildings standing on said premises, together with any and all replacements thereof and additions thereto;

TOGETHER with all awards heretofore and hereafter made to the mortgagor for taking by eminent domain the whole or any part of said premises or any easement therein, including any awards for changes of grade of streets, which said awards are hereby assigned to the mortgagee, who is hereby authorized to collect and receive the proceeds of such awards and to give proper receipts and acquittances therefor, and to apply the same toward the payment of the mortgage debt, notwithstanding the fact that the amount owing thereon may not then be due and payable; and the said mortgagor hereby agrees, upon request, to make, execute and deliver any and all assignments and other instruments sufficient for the purpose of assigning said awards to the mortgagee, free, clear and discharged of any encumbrances of any kind or nature whatsoever.

AND the mortgagor covenants with the mortgagee as follows:

1. That the mortgagor will pay the indebtedness as hereinbefore provided.

2. That the mortgagor will keep the buildings on the premises insured against loss by fire for the benefit of the mortgagee; that he will assign and deliver the policies to the mortgagee; and that he will reimburse the mortgagee for any premiums paid for insurance made by the mortgagee on the mortgagor's default in so insuring the buildings or in so assigning and delivering the policies.

3. That no building on the premises shall be altered, removed or demolished without the consent of the mortgagee.

4. That the whole of said principal sum and interest shall become due at the option of the mortgagee; after default in the payment of any installment of principal or of interest for ten (10) days; or after default in the payment of any tax, water rate, sewer rent or assessment for thirty days after notice and demand; or after default after notice and demand either in assigning and delivering the policies insuring the buildings against loss by fire or in reimbursing the mortgagee for premiums paid on such insurance, as hereinbefore provided; or after default upon request in furnishing a statement of the amount due on the mortgage and whether any offsets or defenses exist against the mortgage debt, as hereinafter provided. An assessment which has been made payable in installments at the application of the mortgagor or lessee of the premises shall nevertheless, for the purpose of this paragraph, be deemed due and payable in its entirety on the day the first installment becomes due or payable or a lien.

5. That the holder of this mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver.

6. That the mortgagor will pay all taxes, assessments, sewer rents or water rates, and in default thereof, the mortgagee may pay the same.

7. That the mortgagor within five days upon request in person or within ten days upon request by mail will furnish a written statement duly acknowledged of the amount due on this mortgage and whether any offsets or defenses exist against the mortgage debt.

8. That notice and demand or request may be in writing and may be served in person or by mail.

9. That the mortgagor warrants the title to the premises.

10. That the fire insurance policies required by paragraph No. 2 above shall contain the usual extended coverage endorsement; that in addition thereto the mortgagor, within thirty days after notice and demand, will keep the premises insured against war risk and any other hazard that may reasonably be required by the mortgagee. All of the provisions of paragraphs No. 2 and No. 4 above relating to fire insurance and the provisions of Section 254 of the Real Property Law construing the same shall apply to the additional insurance required by this paragraph.

11. That in case of a foreclosure sale, said premises, or so much thereof as may be affected by this mortgage, may be sold in one parcel.

12. That if any action or proceeding be commenced (except an action to foreclose this mortgage or to collect the debt secured thereby), to which action or proceeding the mortgagee is made a party, or in which it becomes necessary to defend or uphold the lien of this mortgage, all sums paid by the mortgagee for the expense of any litigation to prosecute or defend the rights and lien created by this mortgage (including reasonable counsel fees), shall be paid by the mortgagor, together with interest thereon at the rate of six per cent per annum, and any such sum and the interest thereon shall be a lien on said premises, prior to any right, or title to, interest in or claim upon said premises attaching or accruing subsequent to the lien of this mortgage, and shall be deemed to be secured by this mortgage. In any action or proceeding to foreclose this mortgage, or to recover or collect the debt secured thereby, the provisions of law respecting the recovering of costs, disbursements and allowances shall prevail unaffected by this covenant.

13. That the mortgagor hereby assigns to the mortgagee the rents, issues and profits of the premises as further security for the payment of said indebtedness, and the mortgagor grants to the mortgagee the right to enter upon and to take possession of the premises for the purpose of collecting the same and to let the premises or any part thereof, and to apply the rents, issues and profits, after payment of all necessary charges and expenses, on account of said indebtedness. This assignment and grant shall continue in effect until this mortgage is paid. The mortgagee hereby waives the right to enter upon and to take possession of said premises for the purpose of collecting said rents, issues and profits, and the mortgagor shall be entitled to collect and receive said rents, issues and profits until default under any of the covenants, conditions or agreements contained in this mortgage, and agrees to use such rents, issues and profits in payment of principal and interest becoming due on this mortgage and in payment of taxes, assessments, sewer rents, water rates and carrying charges becoming due against said premises, but such right of the mortgagor may be revoked by the mortgagee upon any default, on five days' written notice. The mortgagor will not, without the written consent of the mortgagee, receive or collect rent from any tenant of said premises or any part thereof for a period of more than one month in advance, and in the event of any default under this mortgage will pay monthly in advance to the mortgagee, or to any receiver appointed to collect said rents, issues and profits, the fair and reasonable rental value for the use and occupation of said premises or of such part thereof as may be in the possession of the mortgagor, and upon default in any such payment will vacate and surrender the possession of said premises to the mortgagee or to such receiver, and in default thereof may be evicted by summary proceedings.

14. That the whole of said principal sum and the interest shall become due at the option of the mortgagee: (a) after failure to exhibit to the mortgagee, within ten days after demand, receipts showing payment of all taxes, water rates, sewer rents and assessments; or (b) after the actual or threatened alteration, demolition or removal of any building on the premises without the written consent of the mortgagee; or (c) after the assignment of the rents of the premises or any part thereof without the written consent of the mortgagee; or (d) if the buildings on said premises are not maintained in reasonably good repair; or (e) after failure to comply with any requirement or order or notice of violation of law or ordinance issued by any governmental department claiming jurisdiction over the premises within three months from the issuance thereof; or (f) if on application of the mortgagee two or more fire insurance companies lawfully doing business in the State of New York refuse to issue policies insuring the buildings on the premises; or (g) in the event of the removal, demolition or destruction in whole or in part of any of the fixtures, chattels or articles of personal property covered hereby, unless the same are promptly replaced by similar fixtures, chattels and articles of personal property at least equal in quality and condition to those replaced, free from chattel mortgages or other encumbrances thereon and free from any reservation of title thereto; or (h) after thirty days' notice to the mortgagor, in the event of the passage of any law deducting from the value of land for the purposes of taxation any lien thereon, or changing in any way the taxation of mortgages or debts secured thereby for state or local purposes; or (i) if the mortgagor fails to keep, observe and perform any of the other covenants, conditions or agreements contained in this mortgage.

15. That the mortgagor will, in compliance with Section 13 of the Lien Law, receive the advances secured hereby and will hold the right to receive such advances as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

*Strike out this clause 16 if inapplicable.*

16. That the execution of this mortgage has been duly authorized by the board of directors of the mortgagor.

17. This mortgage may not be changed or terminated orally. The covenants contained in this mortgage shall run with the land and bind the mortgagor, the heirs, personal representatives, successors and assigns of the mortgagor and all subsequent owners, encumbrancers, tenants and subtenants of the premises, and shall enure to the benefit of the mortgagee, the personal representatives, successors and assigns of the mortgagee and all subsequent holders of this mortgage. The word "mortgagor" shall be construed as if it read "mortgagors" and the word "mortgagee" shall be construed as if it read "mortgagees" whenever the sense of this mortgage so requires.

SEE RIDER ANNEXED HERETO

IN WITNESS WHEREOF, this mortgage has been duly executed by the mortgagor.

IN PRESENCE OF:

477 WEST 142ND STREET HOUSING
DEVELOPMENT FUND CORPORATION

By: _Shirley Pitts_
SHIRLEY PITTS    Pres.

wc.w142ndst..mtg

### RIDER TO MORTGAGE

17. The mortgagor or then owner of the premises shall have the right to prepay this mortgage, without penalty, on any payment date on or after the sixth monthly anniversary date hereof, provided that thirty (30) days' prior written notice is given to the holder as to such intention to prepay and further provided that accrued interest is paid to the date of prepayment.

18. In the event of the failure on the part of the mortgagor or then owner to pay the principal balance on the maturity date hereof, or in the event that the due date of the unpaid mortgage balance is accelerated by reason of an uncured default hereunder, then and in either of such events, effective as of the maturity date or accelerated maturity date, the interest rate payable hereunder shall increase to 24% per annum.

19. In the event of a default hereunder on the part of the then owner of the premises as a result of which a proceeding is instituted to foreclose this mortgage after expiration of the applicable grace period, the holder hereof shall be entitled to be reimbursed for reasonable attorneys' fees, which shall be added to the principal indebtedness then due hereunder and shall be secured by this mortgage. The foregoing shall be in addition to the right of the holder to assess, tax and recover all disbursements, allowances, additional allowances and costs provided by law. Regardless of whether a foreclosure proceeding is instituted, if a search is ordered and/or if an attorney is retained to institute such proceeding by reason of an uncured default, the then owner shall be required to reimburse the holder for such expenditure(s) with the following interest payment due hereunder.

20. In the event of a condemnation or a taking in lieu thereof, by purchase or otherwise, of all or a material part of the premises by any governmental or quasi-governmental authority or agency having jurisdiction, then the entire unpaid indebtedness including any additional monies advanced hereunder shall, at the option of the mortgagee, immediately become due and payable. The condemnation, or a taking in lieu thereof, by purchase or otherwise, of the whole or any part of the premises, shall not reduce the interest provided to be paid on the indebtedness secured hereby. To the extent that the interest rate payable hereunder exceeds the rate payable by the condemning authority the differential (from the date of title vesting to the date of payment of the indebtedness secured hereby) shall be deducted from the award payable to the then owner.

21. In the event of a fire or other casualty covered by insurance, the holder shall endorse loss drafts provided that the premises have been restored to their condition prior to the loss. If the cost of repairs and/or restoration ("Restoration") exceeds $50,000.00, the holder shall make the loss proceeds available for Restoration as work progresses, provided (a) sufficient funds remain in the possession of the holder to complete the Restoration and (b) the holder shall not be required to follow the foregoing procedure in the event any mechanics liens are filed against the premises.

22. If the holder advances any sums for insurance premiums or real estate taxes, water or sewer charges by reason of the failure of mortgagor to make timely payment thereof, then mortgagor shall repay all of such advances forthwith. Interest shall accrue on such advances at the rate of 24% per annum. Failure to repay any such advance, with interest as aforesaid, within ten (10) days after demand, shall entitle the holder to accelerate the due date hereof, effective immediately.

23. In the event of a sale, transfer of title or change of ownership of the mortgaged premises without the prior written consent of the holder, the unpaid principal balance, together with accrued interest thereon shall immediately become due and payable at the option of the holder.

24. [ ]  This mortgage covers real property principally improved or to be improved by one or more structures containing in the aggregate not more than six residential dwelling units, each having their own separate cooking facilities.

[x]   This mortgage does not cover real property improved as described above.

25  If the maturity date of the principal balance is accelerated by the holder by reason of an uncured default or by virtue of the provisions contained in paragraph "23 hereof and a tender of payment is made by or in behalf of the then owner in an amount necessary to satisfy this mortgage at any time prior to judicial confirmation of a foreclosure sale, such tender shall constitute an evasion of the prepayment penalty provided for herein and shall be treated as a prepayment hereunder. Any such tender must therefore include the prepayment penalty, if any, provided for herein. In the event of the foreclosure of this mortgage at a time when there is no prepayment privilege, an amount equal to 5% of the then principal balance shall be added to the amount due hereunder as an evasion of the prepayment penalty.

26. Any one of the following events shall constitute a default hereunder, which shall entitle the holder to accelerate the due date of the unpaid balance:

(a) The insolvency or bankruptcy of the mortgagor, or the making of an assignment for the benefit of creditors, or its consent to the appointment of a trustee or a receiver.

(b) The appointment of a trustee or receiver for the mortgagor, without its consent, if no discharge is effected within ninety (90) days thereafter.

(c)  The institution of bankruptcy, reorganization, insolvency or liquidation proceedings by or against the mortgagor, provided however that if such proceeding is involuntary, it is not dismissed within ninety (90) days after instituted.

27.  At the time of payment of the principal indebtedness, including interest thereon, the holder hereof shall execute and deliver an instrument of assignment or an instrument of satisfaction, as may be requested by the then owner, provided that

2

if an instrument of assignment is requested, it shall be without recourse.

28. The unpaid principal balance, together with accrued interest thereon, shall become immediately due and payable if the premises, or any portion thereof, shall become subject to a subordinate mortgage.

29. Mortgagor hereby irrevocably appoints mortgagee as mortgagor's attorney-in-fact to execute any documentation, including UCC Financing Statements, and to take any other steps in mortgagor's behalf and expense, in order to adequately secure this mortgage.

30. Mortgagor is simultaneously depositing with mortgagee, an escrow reserve in the amount of $97,500 as assurance that monthly payments due hereunder will be made in a timely manner. Sums shall be withdrawn monthly in payment of interest installments due hereunder. In the event of an uncured default hereunder, withdrawals may be made from the reserve fund to discharge obligations of mortgagor under the provisions hereof. Upon payment in full of the principal indebtedness, including interest and any other sums due to mortgagee hereunder, any balance in the interest reserve fund shall be returned to mortgagor.

31. All payments of principal and interest shall be made to the holders of this mortgage in the following percentages:

>	MADISON PARK INVESTORS LLC		20%
>
>	E.R. HOLDINGS LLC		80%

3

**TO BE USED ONLY WHEN THE ACKNOWLEDGEMENT IS MADE IN NEW YORK STATE**

STATE OF NEW YORK. COUNTY OF Nassaurk    SS:    STATE OF NEW YORK. COUNTY OF    SS:

On the 20th day of September in the year 2007 before me, the undersigned, personally appeared
SHIRLEY PITTS
personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument

On the    day of    in the year
before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument

_____    _____
(signature and office of individual taking acknowledgment)    (signature and office of individual taking acknowledgment)



HARRIS GOLDBERG
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN RICHMOND COUNTY
NO. 01GO6109044
COMMISSION EXPIRES 5/17/2008

(SEAL)

**TO BE USED ONLY WHEN THE ACKNOWLEDGEMENT IS MADE OUTSIDE NEW YORK STATE**

STATE (OR DISTRICT OF COLUMBIA, TERRITORY, OR FOREIGN COUNTRY) OF    SS:
On the    day of    in the year    before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the

_____  in  _____
(insert the City or other political subdivision)    (and insert the State or Country or other place the acknowledgment was taken)

_____
(signature and office of individual taking acknowledgment)

**Mortgage**

Title No. GAV4715NYC

477 WEST 142ND STREET HOUSING
DEVELOPMENT FUND CORPORATION

TO

MADISON PARK INVESTORS LLC, etc.
et ano.

SECTION
BLOCK    2058
LOT    29
COUNTY OR TOWN    New York
STREET ADDRESS
    477 W. 142nd Street
    New York, NY 10031

**RETURN BY MAIL TO:**

GROSS & GROSS LLP
371 MERRICK ROAD-SUITE 303
ROCKVILLE CENTRE, N.Y. 11570-5301
ATT: ELLIOT S. GROSS

Zip No.

RESERVE THIS SPACE FOR USE OF RECORDING OFFICE