# Exhibit 3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X

MADISON PARK INVESTORS LLC and
E.R. HOLDINGS LLC, both NEW YORK LIMITED
LIABILITY COMPANIES,

                                Plaintiffs,

      -against-

477 WEST 142ND STREET HOUSING
DEVELOPMENT FUND CORPORATION, NEW YORK
STATE DEPARTMENT OF TAXATION AND FINANCE,
NEW YORK CITY DEPARTMENT OF FINANCE,
ENVIRONMENTAL CONTROL BOARD OF THE CITY
OF NEW YORK, QUEEN MOTHER DR. DELOIS
BLAKELY, NEW FUTURE FOUNDATION, INC.
AND "JOHN DOE #1" THROUGH "JOHN DOE #100"
INCLUSIVE, THE TRUE NAME OF SAID
DEFENDANTS BEING UNKNOWN TO THE
PLAINTIFF, THE PARTIES BEING INTENDED:
BE THOSE PERSONS HAVING OR CLAIMING AN
INTEREST IN THE MORTGAGED PROPERTY BY
VIRTUE OF BEING TENANTS OR OCCUPANTS
OR JUDGMENT CREDITORS OR LIENORS OF ANY
TYPE OR NATURE IN ALL OR PART OF SAID
PREMISES,

                                Defendants.
-----------------------------------------------------------X

09600313

INDEX NO.:

SUMMONS

DATE FILED: FEBRUARY    , 2009

The basis of the venue is the location of the Premises

PREMISES:
477 WEST 142ND STREET
NEW YORK, NEW YORK
A/K/A 1661-1669 AMSTERDAM AVENUE
NEW YORK, NEW YORK

SECTION:    7
BLOCK:      2058
LOT:        29

FILED
FEB 03 2009
COUNTY CLERK'S OFFICE
NEW YORK

TO THE ABOVE-NAMED DEFENDANTS:

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York, and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:   Yonkers, New York
            January    17, 2009

Yours, etc.

By: _____
PATRICIA A. FRIEDERICH
NOVICK, EDELSTEIN, LUBELL, REISMAN,
WASSERMAN & LEVENTHAL, P.C.
ATTORNEYS FOR PLAINTIFF
733 YONKERS AVENUE
YONKERS, NEW YORK 10704
(914) 375-0100

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------X
MADISON PARK INVESTORS LLC and
E.R. HOLDINGS LLC, both NEW YORK LIMITED
LIABILITY COMPANIES,

                      Plaintiffs,

    -against-

477 WEST 142ND STREET HOUSING
DEVELOPMENT FUND CORPORATION, NEW YORK
STATE DEPARTMENT OF TAXATION AND FINANCE,
NEW YORK CITY DEPARTMENT OF FINANCE,
ENVIRONMENTAL CONTROL BOARD OF THE CITY
OF NEW YORK, QUEEN MOTHER DR. DELOIS
BLAKELY, NEW FUTURE FOUNDATION, INC.
AND "JOHN DOE #1" THROUGH "JOHN DOE #100"
INCLUSIVE, THE TRUE NAME OF SAID
DEFENDANTS BEING UNKNOWN TO THE
PLAINTIFF, THE PARTIES BEING INTENDED:
BE THOSE PERSONS HAVING OR CLAIMING AN
INTEREST IN THE MORTGAGED PROPERTY BY
VIRTUE OF BEING TENANTS OR OCCUPANTS
OR JUDGMENT CREDITORS OR LIENORS OF ANY
TYPE OR NATURE IN ALL OR PART OF SAID
PREMISES,

                      Defendants.
----------------------------------------------------------X

INDEX NO.:

COMPLAINT

DATE FILED: JANUARY   , 2009

09600313

PREMISES:
477 WEST 142ND STREET
NEW YORK, NEW YORK
A/K/A 1661-1669 AMSTERDAM
AVENUE
NEW YORK, NEW YORK

SECTION:   7
BLOCK:   2058
LOT:   29

(FILED FEB 03 2009 COUNTY CLERK'S OFFICE NEW YORK)

Plaintiff, complaining of Defendants, alleges:

    1.    On or about September 20, 2007, 477 WEST 142ND STREET HOUSING DEVELOPMENT FUND CORPORATION, then being the owner of the premises hereinafter described, as obligor, for the purpose of securing payment to MADISON PARK INVESTORS LLC and E.R. HOLDINGS, LLC, as obligee, executed and delivered a First Mortgage Note in the sum of Six Hundred Fifty Thousand ($650,000.00) DOLLARS, wherein the said obligor acknowledged an indebtedness to said obligee in the said amount, and as collateral security for the payment of said indebtedness, the said obligor duly executed the payment of said obligee a certain First Mortgage on the premises described in the schedule annexed hereto, together with the right, title and

interest, if any, of the said mortgagors in and to the land lying in the streets and roads in front of and adjoining said premises to the center line thereof.

2. Said mortgage was duly recorded in the Office of the City Register, County of New York on October 4, 2007 in CRFN 2007000507377.

3. Said Mortgage is payable with interest at the contract rate of fifteen (15%) per annum in monthly installments of interest only for the entire term of the loan.

4. This loan is a commercial loan on a multiple dwelling containing 8 residential units and 4 commercial units, and as such is not subject to the provisions of Section 1302 or 1303 of the RPAPL.

5. That Plaintiffs are the holder of said Notes and Mortgages being foreclosed herein.

6. That, upon information and belief, Defendant 477 West 142nd Street Housing Development Fund Corporation is a New York Corporation and the fee holder of the premises being foreclosed.

7. The State of New York Department of Taxation and Finance is made party defendant only with respect to a possible lien accruing subsequent to the date of the execution of the mortgage or mortgages described herein, due and owing from 477 West 142nd Street Housing Development Fund Corporation (or any prior owners) and/or any other owners in the chain of title for unpaid franchise tax and which lien(s) are subject, subordinate, and inferior to the lien of the mortgage or mortgages sought to be foreclosed herein.

8. The City of New York Department of Finance is made party defendant only with respect to a lien accruing subsequent to the date of the execution of the mortgage or mortgages described herein, due and owing from 477 West 142nd Street Housing Development Fund Corporation (or any prior owners) and/or any other owners in the chain of title for unpaid City business taxes and which lien(s) are subject, subordinate, and inferior to the lien of the mortgage

or mortgages sought to be foreclosed herein.

9. The Environmental Control Board of the City of New York is made party defendant only with respect to any judgments and/or liens accruing subsequent to the date of the execution of the mortgage or mortgages described herein, due and owing from 477 West 142nd Street Housing Development Fund Corporation (or any prior owners) and/or any other owners in the chain of title for unpaid ECB liens fines and/or judgments (building and/or sanitation) and which liens are subject, subordinate, and inferior to the lien of the mortgage or mortgages sought to be foreclosed herein, including, but not limited to:

| Violation No. | Docket Date | Amount |
|---|---|---|
| 0158933290 | 4/08 | $300.00 |
| 04D2408945 | 7/07 | $300.00 |
| 04DD74517N | 7/07 | $300.00 |
| 04D094370X | | |
| 040233995N | | $ 25.00 |
| 040354249M | | $ 25.00 |
| 0400543322 | | $ 25.00 |
| 0150931915 | | $300.00 |

See Exhibit "A" annexed hereto and made a part hereof.

10. That Defendants, Queen Mother Dr. DeLois Blakely and New Future Foundation, Inc. are named herein as party Defendants to foreclose whatever interest said Defendants have in the mortgage premises, as a result of lis pendens they have filed in connection with the action entitled *Dr. DeLois Blakely, Bishop Shirley Pitts and Margaret Callender v. New York City Corporation Counsel, et al.* (Index No. 07 CU 3951) and *Queen Mother Dr. DeLois Blakely v. Shirley Pitts* (Index No. 07/115368) and UCC filed under New Future Foundation, Inc. for interest in 2,000 shares of stock in 477 West 142nd Street HDFC.

11. That said Mortgage agreement provides among other things:

(a) That the mortgagor will pay the indebtedness as hereinbefore provided.

(b) The whole of said principal sum and interest shall become due at the option of the mortgagee: (i) after default in the payment of any installment of principal or interest for fifteen days; or (b) after default in the payment of any tax, water rate, sewer rent, assessment or vault license fee by the last day upon which same can be paid without penalty; or if the mortgagor fails to furnish the mortgagee with receipted tax bills or other proof of payment of the aforesaid items by no later than the dates on which such items must be paid so as not to constitute a default hereunder (unless such charges are paid by the holder of any prior mortgage).

(c) That the holder of this mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver without notice.

(d) That the mortgagor will pay all taxes, assessments, sewer rents or water rates, and in default thereof, the mortgagee may pay the same.

(e) That in case of a foreclosure sale, said premises, or so much thereof as may be affected by this mortgage, may be sold in one parcel.

(f) In the event of the failure on the part of the mortgagor or then owner to pay the principal balance on the maturity date hereof, or in the event that the due date of the unpaid mortgage balance is accelerated by reason of an uncured default hereunder, then and in either of such events, effective as of the maturity date or accelerated maturity date, the interest rate payable hereunder shall increase to 24% per annum.

(g) In the event of a default hereunder on the part of the then owner of the premises asa result of which a proceeding is instituted to foreclose this mortgage after expiration of the applicable grace period, the holder hereof shall be entitled to be reimbursed for reasonable attorneys' fees which shall be added to the principal indebtedness then due hereunder and shall be secured by this mortgage. The foregoing shall be in addition to the right of the holder to assess, tax and recover all disbursements, allowances, additional allowances and costs provided

by law. Regardless of whether a foreclosure proceeding is instituted, if a search is ordered and/or if an attorney is retained to institute such proceeding by reason of an uncured default, the then owner shall be required to reimburse the holder for such expenditure(s) with the following interest payment due hereunder.

(h) If the maturity date of the principal balance is accelerated by the holder by reason of an uncured default or by virtue of the provisions contained in paragraph ____ hereof and a tender of payment is made by or in behalf of the then owner in an amount necessary to satisfy this mortgage at any time prior to judicial confirmation of a foreclosure sale, such tender shall constitute an evasion of the prepayment penalty provided for herein and shall be treated as a prepayment hereunder. Any such tender must therefore include the prepayment penalty, if any, provided for herein. In the event of the foreclosure of this mortgage at a time when there is no prepayment privilege, an amount equal to 5% of the then principal balance shall be added to the amount due hereunder as an evasion of the prepayment penalty.

(i) The unpaid principal balance, together with accrued interest thereon, shall become immediately due and payable if the premises, or any portion thereof, shall become subject to a subordinate mortgage.

12. That the Defendants and each of them have failed to comply with the terms and conditions of said note and mortgage by failing and omitting to pay the monthly installment of interest which was due and payable under this mortgage as of November 1, 2008, and monthly thereafter and the mortgage has matured under the terms of the mortgage and the grace period for same having long expired, together with per diem interest from September 20, 2007 through September 30, 2007 and there are open real property taxes and water charges in violation of mortgage being foreclosed

13. Because of Defendants' defaults, Plaintiff has elected and does hereby declare the balance of the mortgage, now in the sum of Six Hundred Fifty Thousand ($650,000.00) Dollars with interest at the rate of 24% per annum from October 1, 2008 is now due and payable, no part of which has been paid. Additionally, the Defendant owes short term interest from September 20, 2007 through September 30, 2007.

14. That during the pendency of this action, the Plaintiff, in order to protect the lien of its mortgage, may be compelled to pay sums due on prior mortgages, if any, insurance premiums, tax assessments, water rates, sewer rents, and other expenses or charges affecting the premises described, and Plaintiff prays that any amounts so paid and expended by it during the pendency of this action may be added to its claim and repaid to it from the proceeds of the sale of said mortgaged premises, together with interest thereon from the date of making such expenditures, so that the same may be added to and secured by said not and mortgage.

15. That the Defendants, and each of them, have or claim to have some interest, lien or liens upon said mortgaged premises, or some part thereof, which interest or lien, if any, has accrued subsequent to the lien of Plaintiff's mortgage or was, in express terms, made subject thereto and no personal judgment is sought against any of them.

16. That no other action, at law or otherwise, has been instituted for the recovery of the sum of money secured by the said mortgage, or any part thereof.

17. That "JOHN DOE" #1 through "JOHN DOE" #100, inclusive, the true names of said Defendants being unknown, are made party Defendants herein to exclude them from any right, title, lien or interest which they may have in the subject premises by virtue of any claim, lien, lease or right of occupancy which may have in all or part of the subject premises and the said Defendants are made parties hereto for no other reason and no personal judgment is sought against any of them.

18. A description of the premises being foreclosed herein is annexed hereto and made a part of the record hereof and marked Exhibit "B".

19. Plaintiff duly notified Defendant of said default and of Plaintiff's election accelerate.

**WHEREFORE,** Plaintiff demands judgment that the Defendants, and each of them, and all persons claiming under them, or any of them, subsequent to the commencement of this action or to the filing of the Notice of Pendency hereof, may be barred and foreclosed of all right, claim, title, lien and equity of redemption to the mortgaged premises; that the premises may be sold pursuant to the terms of sale annexed hereto as Exhibit "C", according to the law, in separate parcels, subject to any state of facts shown on an accurate survey, the rights of tenants not a party to this action; covenants, easements and restrictions of record, the lien or liens of a prior mortgage or mortgages, if any, the lien of U.C.C. financing statements, if any; violations, zoning regulations and tenancies; and that the moneys arising from the sale of the premises may be brought into the Court, and that the Plaintiff be paid the amount due on said note and mortgage, with interest to the date of such payments, and the amounts, if any, advanced by Plaintiff for policies of fire insurance, for other expenses or charges affecting the premises, for taxes, assessments, water rates and sewer rents and the costs and expenses of sale, so far as the amount of such moneys shall be applicable thereto,, and that the Plaintiff have such other and further relief as to the Court may deem just and proper.

Dated: **Yonkers, New York**
**January 17, 2009**

Yours, etc.

_____
BY:  PATRICIA A. FRIEDERICH, ESQ.
**NOVICK, EDELSTEIN, LUBELL, REISMAN,
WASSERMAN & LEVENTHAL, P.C.
ATTORNEYS FOR PLAINTIFF
733 YONKERS AVENUE
YONKERS, NEW YORK 10704
(914) 375-0100**

**Certified in accordance with the Court Rules**

By: _____
**PATRICIA A. FRIEDERICH, ESQ.**

INDEX NO.:          YEAR:   2009
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MADISON PARK INVESTORS LLC and
E.R. HOLDINGS LLC, both NEW YORK LIMITED
LIABILITY COMPANIES,

                Plaintiff,

-against-

477 WEST 142ND STREET HOUSING DEVELOPMENT
FUND CORPORATION, et al.,

                Defendants.

## SUMMONS AND COMPLAINT

NOVICK, EDELSTEIN, LUBELL
REISMAN, WASSERMAN & LEVENTHAL, P.C.
*Attorney for* Plaintiff
*Office and Post Office Address, Telephone*
733 Yonkers Avenue
Yonkers, New York 10704
(914) 375-0100

To

Attorney(s) for

Service of a copy of the within

        is hereby admitted.

Dated,

Attorney(s) for

---

NOTICE OF ENTRY
Sir:-Please take notice that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on                    , 2009

Dated:
      Yours, etc.
NOVICK, EDELSTEIN, LUBELL
REISMAN, WASSERMAN & LEVENTHAL, P.C.
*Attorney for*
*Office and Post Office Address*
733 Yonkers Avenue
Yonkers, NY 10704

To:

Attorney(s) for

Notice of Settlement

Sir:-Please take notice that an order
of which the within is a true copy will be presented
for settlement to the Hon.
on the            day of                    2009
at           M.

Dated,
      Yours, etc.
NOVICK, EDELSTEIN, LUBELL
REISMAN, WASSERMAN & LEVENTHAL, P.C.
*Attorney for*
*Office and Post Office Address*
733 Yonkers Avenue
Yonkers, NY 10704

To

Attorney(s) for