# Exhibit 6

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

EA
6/11/15
JS

PRESENT: SHLOMO S. HAGLER, J.S.C.
_____
Justice

PART 17

Index Number : 600313/2009
MADISON PARK INVESTORS
vs.
477 WESL 142ND STREET
SEQUENCE NUMBER : 007
CONFIRM/REJECT REFEREE REPORT

INDEX NO. _____

MOTION DATE _____

MOTION SEQ. NO. _____

The following papers, numbered 1 to ____, were read on this motion to/for _____

| Notice of Motion/Order to Show Cause — Affidavits — Exhibits | No(s). _____ |
| Answering Affidavits — Exhibits | No(s). _____ |
| Replying Affidavits | No(s). _____ |

Upon the foregoing papers, it is ordered that this motion is *granted without opposition in accordance with the attached Judgment.*

**FILED**

JUN 26 2015

COUNTY CLERK'S OFFICE
NEW YORK

RECEIVED

JUN 11 2015

GENERAL CLERK'S OFFICE
NYS SUPREME COURT - CIVIL

Dated: 6/10/15

_____, J.S.C.
SHLOMO HAGLER J.S.C.

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S): _____

1. CHECK ONE: ......................................................... ☒ CASE DISPOSED    ☐ NON-FINAL DISPOSITION
2. CHECK AS APPROPRIATE: ......................... MOTION IS: ☒ GRANTED    ☐ DENIED    ☐ GRANTED IN PART    ☐ OTHER
3. CHECK IF APPROPRIATE: ....................................... ☐ SETTLE ORDER    ☐ SUBMIT ORDER
                                                                  ☐ DO NOT POST    ☐ FIDUCIARY APPOINTMENT    ☐ REFERENCE

At Part 44 /7 of the Supreme Court of the State of New York, County of New York, at the Courthouse thereof, 60 Center Street, New York, New York, on the 1ᵗʰ day of June 2015

PRESENT: SHLOMO S. HAGLER, J.S.C. 

~~HON. MILTON A. TINGLING~~

JUSTICE

-----------------------------------------------------------------x

MADISON PARK INVESTORS LLC and E.R. HOLDINGS LLC, both NEW YORK LIMITED LIABILITY COMPANIES,

                 Plaintiff,

-against-

477 WEST 142ⁿᵈ STREET HOUSING DEVELOPMENT FUND CORPORATION, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY DEPARTMENT OF FINANCE, ENVIRONMENTAL CONTROL BOARD OF THE CITY OF NEW YORK, QUEEN MOTHER DR. DELOIS BLAKELY, NEW FUTURE FOUNDATION, INC., and GARY JAMES,

                 Defendants.

-----------------------------------------------------------------x

Index No. 600313/2009

**JUDGMENT OF FORECLOSURE AND SALE**

Foreclosure of:
477 West 142ⁿᵈ Street
New York, New York
a/k/a
1661-1669 Amsterdam Ave.
New York, New York

Section: 7
Block: 2058
Lot: 29

**(Commercial Mortgage; not subject to CPLR § 3408)**

Upon the summons and complaint duly filed with the New York County Clerk on February 3, 2009, the notice of pendency duly filed in the Office of the New York County Clerk on February 3, 2009, as extended by order of this Court dated January 11, 2012 and entered on February 1, 2012, and re-filed on January 26, 2015, the Order Granting Summary Judgment, Appointing Referee to Compute and Other Relief dated October 29, 2013 and entered on

792991.1

November 21, 2013, together with the memorandum decision dated December 14, 2013 upon which such order is based, appointing C. Sidney Lester, Esq. as referee to compute; and upon the referee's oath and report dated April 20, 2015 and filed herewith, from which report it appears that the sum of $1,653,938.32 was due to plaintiff as of February 28, 2015 (exclusive of counsel fees), and that interest continues to accrue thereafter at the per diem rate of $427.39, and that the mortgaged premises should be offered for sale as a single parcel; and upon the reading and filing of the notice of motion dated April 23, 2015, together with the affirmation of regularity of Robert J. Chanis dated April 23, 2015 submitted in support thereof, with the proofs of service attached thereto, all of which were previously filed herein, from which it appears that all of the defendants herein have been duly served with the summons and complaint within this State and that the legally required number of days have elapsed since defendants were so served, and that no defendant herein is an infant, incompetent, absentee or in military service; and that all defendants defaulted in appearance except that (i) 477 West 142nd Street Housing Development Fund Corporation, Queen Mother Dr. Delois Blakely and Gary James each submitted answers which were stricken pursuant to the Order Granting Summary Judgment, Appointing Referee to Compute, and Other Relief dated October 24, 2013 and entered herein on November 21, 2013, (ii) New York State Department of Taxation and Finance and New Future Foundation, Inc. each submitted a notice of appearance; and all defendants entitled thereto have been given notice hereof; and upon and all other papers and proceedings heretofore filed and had herein; and this motion having come on to be heard and due deliberation having been had thereon, it is

NOW, upon the motion of Harris Beach PLLC, attorneys for plaintiff, it is

ORDERED, that plaintiff's motion is granted in all respects; and it is further

ORDERED, that the aforesaid referee's report is in all respects ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the mortgaged premises described in the complaint, and as hereinafter described, be offered for sale as a single parcel, subject to any state of facts that an accurate survey would disclose, all covenants, easements, rights of way, reservations and restrictions of record which are prior to the lien of plaintiff's mortgage, any violations of record, the existing condition of the premises at the time of sale whether or not an inspection of the premises would disclose such condition, building and zoning ordinances and regulations applicable to the premises, at public auction on a Wednesday at 2:00 p.m. in Room 130 of the New York County Courthouse, 60 Centre Street, New York, New York, by and under the direction of C. Sidney Lester, Esq., who is hereby appointed referee for that purpose; and it is further

ORDERED, ADJUDGED AND DECREED, that said referee give public notice of the time and place of such sale according to RPAPL § 231 and the practice of this Court, namely, in the __New York Law Journal__ ; the plaintiff or its nominee or any other party to this action may become the purchaser at such sale; that said referee execute a deed of the property sold to the purchaser upon such purchaser's compliance with the terms of sale; that in case the plaintiff, or its nominee, shall become the purchaser at the said sale, neither plaintiff nor its nominee shall be required to make any deposit thereon; that in the event a party other than the Plaintiff, or its nominee, becomes the purchaser at such sale, such purchaser shall be required to tender a deposit of ten (10%) of the purchase price in certified funds and the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale; and it is further

792991.1                                                                                        - 3 -

ORDERED, ADJUDGED and DECREED, that said referee, upon receiving the proceeds of the sale, shall forthwith pay therefrom, in accordance with their priority according to law, the taxes, assessments, sewer rents or water rates which are or may become liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

ORDERED, ADJUDGED and DECREED, that said referee then deposit the balance of said proceeds of sale in his own name as Referee in a FDIC insured bank, and shall thereafter make the following payments and his checks drawn for that purpose shall be paid by said depository:

1.  First, to the referee, the statutory fees of the referee in the sum not exceeding $500.00;

2.  Second, to the referee or the plaintiff, whoever has incurred same, the expenses of the sale and advertising expenses as shown on the bills presented to and certified by the referee to be correct, which bills shall be annexed to the referee's report of sale;

3.  Third, to the plaintiff, the aggregate of the following sums: (i) the sum of $655.00 to be determined by the Clerk and hereby adjudged to the plaintiff for its costs and disbursements in this action, as taxed by the Clerk of this Court; (ii) an allowance of $300.00 pursuant to CPLR 8303(a)(1), which is hereby awarded to the plaintiff in addition to costs; (iii) the sum of ONE MILLION SIX HUNDRED FIFTY THREE THOUSAND NINE HUNDRED THIRTY EIGHT AND 32/100 DOLLARS ($1,653,938.32)

792991.1

- 4 -

reported in the report of the referee to be due to the plaintiff, with contract interest at a *per diem* rate of $427.39 after February 28, 2015, the date so calculated to in said referee's report, to the date of entry of this judgment, with legal interest thereafter; (iv) $0.00 as and for plaintiff's legal fees as plaintiff has waived any right to such fees; and (v) any advances which plaintiff has made for taxes, fire insurance, principal and interest to any prior mortgagees, or to maintain the premises pending the consummation of this foreclosure sale not previously included in the computation and upon presentation of receipts for said expenditures to the referee; and

4. If the referee intends to apply for a further allowance for his fees, he may leave upon deposit such amount as will cover such additional allowance, to await the further order of this Court thereon after application duly made upon due notice to those parties entitled thereof.

ORDERED, ADJUDGED AND DECREED, that if the plaintiff or its nominee is the purchaser of the mortgaged premises at the sale, the referee shall not require the plaintiff or its nominee to make any deposit thereon or to pay in cash the entire amount bid at such sale, but shall execute and deliver to plaintiff or its nominee or assignee a deed to the premises sold upon the payment to the referee of the amount of his fee, and upon payment of the expenses of sale and the amounts of the aforesaid taxes, assessments and water/sewer charges and interest or penalties thereon unless said sale be made subject thereto, or in lieu of payment of the last

mentioned amounts upon filing with the referee receipts of the proper persons or authorities, showing the payment thereof; that the balance of the amounts bid, after deducting therefrom the aforesaid amounts paid by the plaintiff for referee's fees, advertising expenses and taxes, assessments and water/sewer charges, shall be allowed to the plaintiff and applied by the referee upon the amounts due to the plaintiff as adjudged herein; that if after so applying the balance bid there shall be a surplus over and above the amounts due to the plaintiff, the plaintiff or its nominee or assignee shall pay to the referee on delivery to it or its nominee or assignee of the referee's deed, the amount of such surplus; that the referee on receiving the amount from plaintiff shall forthwith deposit the balance; and it is further

ORDERED, ADJUDGED AND DECREED, that the referee make his report of sale and of his subsequent proceedings and file it with the Clerk of the Court of New York County within thirty (30) days after completing the sale and executing the proper conveyance to the purchaser; that he take the receipts for all amounts paid by him and file the same with the said report; that he deposit any surplus monies arising from said sale with the Clerk of the Court of New York County within five (5) days after the same shall be received and be ascertainable, to the credit of this action and subject to the further order of this Court; and that if the proceeds of such sale or sales are insufficient to satisfy the full amount of the expenses of sale, taxes, assessments and water/sewer charges with interest or penalties thereon, costs adjudged to the plaintiff and the mortgage debt owed to plaintiff,; and it is further

ORDERED, ADJUDGED AND DECREED, that the purchaser at said sale or its assignee or its assignees be let into possession on production of the referee's deed; and it is further

ORDERED, ADJUDGED AND DECREED, that each and all of the defendants in this action, and persons claiming under any or all of them after the filing of the notice of pendency in

this action, are hereby forever barred and foreclosed from all right, title and interest and equity of redemption in and to the said mortgaged premises so sold, and each and every part thereof, including all personal property covered by said mortgage; and it is further

ORDERED, ADJUDGED and DECREED, that said premises is to be sold in one parcel in "as is" physical order and condition, subject to: any state of facts that an inspection of the premises would disclose; any state of facts that an accurate survey of the premises would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or persons in possession of the subject premises; prior liens of record, if any, except those liens addressed in Section 1354 of the Real Property Actions and Proceedings Law; any rights of any defendants pursuant to CPLR § 317, CPLR § 2003 and CPLR § 5015; transfer taxes to be paid by any foreclosure sale purchaser; any equity of redemption of the UNITED STATES OF AMERICA to redeem the premises within one year from the date of sale.

ORDERED, that 477 W 142nd Funding LLC is hereby substituted in place and in stead of named plaintiffs herein on the ground that the note and mortgage that are the subject of this action have been assigned to 477 W 142nd Funding LLC and that the caption be amended to read as follows:

"----------------------------------------------------------------x

477 W 142ND FUNDING LLC,

                                                   Plaintiff,

-against-

477 WEST 142nd STREET HOUSING DEVELOPMENT
FUND CORPORATION, NEW YORK STATE DEPARTMENT
OF TAXATION AND FINANCE, NEW YORK CITY
DEPARTMENT OF FINANCE, ENVIRONMENTAL CONTROL
BOARD OF THE CITY OF NEW YORK, QUEEN MOTHER
DR. DELOIS BLAKELY, NEW FUTURE FOUNDATION, INC.,
and GARY JAMES,

                                                  Defendants.
----------------------------------------------------------------x"

A description of the mortgaged premises to be sold as hereinabove directed is annexed hereto as Schedule A. Said mortgaged premises are commonly known as 477 West 142nd Street, New York, New York, a/k/a 1661-1669 Amsterdam Avenue, New York, New York.

                                                  E N T E R

                                     _____

                                     ~~Hon. Milton A. Tingling~~
                                     Justice of the Supreme Court
                                     [SHLOMO S. HAGLER stamp]

**FILED**

JUN 26 2015

COUNTY CLERK'S OFFICE
NEW YORK

*Milton A. Tingling*
Clerk of the court

792991.1                                                     - 8 -

## SCHEDULE A

## LEGAL DESCRIPTION

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, County, City, and State of New York, designated on the Tax Map of the City of New York, for such Borough as Block 2058, Lot 29, as said Tax Map was on July 6, 1977, said premises being presently known as the street number 477 West 142nd Street.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------x
MADISON PARK INVESTORS LLC and E.R. HOLDINGS LLC, both NEW YORK LIMITED LIABILITY COMPANIES,

        Plaintiff,    Index No. 600313/2009

               **BILL OF COSTS**

  -against-

477 WEST 142nd STREET HOUSING DEVELOPMENT FUND CORPORATION, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY DEPARTMENT OF FINANCE, ENVIRONMENTAL CONTROL BOARD OF THE CITY OF NEW YORK, QUEEN MOTHER DR. DELOIS BLAKELY, NEW FUTURE FOUNDATION, INC., and GARY JAMES,

        Defendants.
-----------------------------------------------------------------------x

**COSTS:**
Cost before note of issue CPLR §8201 .................................................................... $200.00

TOTAL COSTS                           $200.00

**DISBURSEMENTS:**
| | |
|---|---|
| Referee's fees CPLR §8003(a) | ~~$250.00~~ 50.00 |
| Summons & Complaint CPLR §8301(d) | ~~135.00~~ 235.00 |
| Notice of Pendency | 35.00 |
| Motion Expenses CPLR §8301(b) | 135.00 |

TOTAL DISBURSEMENTS          ~~$555.00~~ 455
**TOTAL COSTS AND DISBURSEMENTS:**  $ ~~$755.00~~ $655.00

---

Costs adjusted at $
this _____ day of _____, 2015

       I HEREBY CERTIFY THAT I HAVE   Clerk
       ADJUSTED THIS BILL OF COSTS AT
       $ 655.00

          JUN 26 2015

792999.1

       _[signature]_
       CLERK

State of New York, County of Nassau S.S.: Attorney's Affirmation

The undersigned, an attorney admitted to practice in the courts of this State affirms, under penalties of perjury; that he is a member of the Law Firm of Harris Beach PLLC, the attorneys of record for the plaintiff in the above-entitled action; that the foregoing disbursements have been necessarily made and are reasonable in amount; that copies of documents or papers as charged herein were actually and necessarily obtained for use; and that there has been no previous application for the relief requested herein.

Dated: Uniondale, New York
       April 23, 2015

_____
Harris Beach PLLC
By: Robert J. Chanis, Esq.
333 Earle Ovington Boulevard, Suite 901
Uniondale, New York 11553
(516) 880-8491


FILED
JUN 26 2015
COUNTY CLERK'S OFFICE
NEW YORK

792999.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No. 600313/09

---

MADISON PARK INVESTORS LLC and E.R. HOLDINGS LLC, both NEW YORK LIMITED LIABILITY COMPANIES,

Plaintiff,

-against-

477 WEST 142ND STREET HOUSING DEVELOPMENT FUND CORPORATION, *et al.*,

Defendants.

---

### JUDGMENT OF FORECLOSURE AND SALE

---

**HARRIS BEACH PLLC**
The OMNI
333 Earle Ovington Blvd., Suite 901
Uniondale, New York 11553
Tel.: (516) 880-8484  Fax: (516) 880-8483

---

To:
Attorney(s) for

*Certified Pursuant to Rule 130-1.1-a*

Robert J. Chanis, Attorney

Service of a copy of the within
Dated:

is hereby admitted

..................................................
Attorney(s) for

---

### *PLEASE TAKE NOTICE*

☐ Notice of Entry

*that the within is a (certified) true copy of a entered in the office of the clerk of the within named Court on                    , 2013*

☐ Notice of Settlement
Dated:

*that an Order of which the within is a true copy will be presented for settlement to the Honorable                    , one of the judges of the within named Court,*
at           on           2010, at    m.

---

HARRIS BEACH PLLC
ATTORNEYS AT LAW
THE OMNI
333 EARLE OVINGTON BLVD., SUITE 901
UNIONDALE, NEW YORK 11553
516-880-8484

**FILED**
JUN 26 2015
AT 3:50 PM
N.Y., CO. CLK'S OFFICE