UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

477 WEST 142ND STREET HOUSING
DEVELOPMENT FUND CORPORATION,

Debtor.

Case No. 15-12178 (SHL)

Chapter 11

## REPLY IN FURTHER SUPPORT OF
## MOTION TO APPOINT SECTION 1104 TRUSTEE

477 W. 142nd Funding LLC ("Creditor"), by its attorneys, Harris Beach PLLC, respectfully submits this Reply in Further Support of the Creditor's Motion for the Appointment of an 1104 Trustee ("Trustee Motion") and respectfully states as follows:

### I.

### RECENT EVENTS AND PROCEEDINGS[1]

1. On January 22, 2016, the Court entered a scheduling order (*ECF Doc. No. 16*), whereby Delois Blakely was to file papers by February 11, 2016 in response to Shirley Pitts' motion to dismiss.

2. On February 10, 2016, Creditor filed the Trustee Motion with a return date of March 3, 2016 (*ECF Doc No. 20*).

3. On February 24, 2016, Ms. Blakely filed a cross-motion seeking, *inter alia*, to remove Ms. Pitts as president of the Debtor, confirm Ms. Blakely as president, and direct Ms. Pitts to turn over all Debtor's records.

4. On March 3, 2016, a hearing was held on the Trustee Motion and the status of the matter. Counsel for Ms. Blakely represented to the Court that Ms. Blakely had scheduled a

---

[1] In the interest of brevity, Creditor relies upon the facts set forth in its moving papers as supplemented hereby.

special shareholder meeting for March 8, 2016 for the purpose of electing new board members for the Debtor ("March 8 election").

5.   The Trustee Motion was held in abeyance pending the March 8 election and a status conference was scheduled for March 10, 2016 to advise the Court of the election results.

6.   At the March 10 status conference, counsel for Ms. Blakely and counsel for Ms. Pitts advised the Court that there was an ongoing dispute regarding shareholder eligibility to vote. Both counsel advised the Court that two separate elections had been held on March 8 with different outcomes: Ms. Pitts was elected president in one election and Ms. Blakely was elected president in the other.

7.   On March 14, 2016, Charles DeBerry, a putative shareholder of the Debtor, filed an affidavit in opposition in which he announced that he had been elected the Debtor's president (ECF Doc No. 29).

8.   Mr. DeBerry, however, is not even a shareholder of the Debtor - - - admitting as much in the foreclosure action. The transcript of the State Court proceedings held on August 5, 2015 is attached hereto as Exhibit A.

9.   In a colloquy with Justice Shlomo Hagler (Ex. A, pp. 6-7, lines 22-14), Mr. DeBerry confirmed that he was not a shareholder:

> THE COURT:  Let me ask, who else is here?  What's your name, please?
>
> MR. DEBERRY: My name is Charles DeBerry.
>
> THE COURT:  And what's your connection to the property?
>
> MR. DEBERRY:  I've been a resident for 25 years.  My uncle was a shareholder.  I have applied to be the shareholder after his - - after he died. I am the administrator - -

2

888398v2

> THE COURT:  You're not even a shareholder.  You have no standing.  You're telling me you're not even a shareholder.
>
> MR. DEBERRY:  I'm an heir of the shareholder.
>
> THE COURT:  An heir doesn't matter. The corporation has to transfer the shares to your name.  Did the corporation transfer the shares to your name?
>
> MR. DEBERRY:  They have not.
>
> THE COURT:  So you have no standing.

10. Mr. DeBerry provides no evidence that Debtor has transferred or otherwise issued shares to him.

11. Moreover, Mr. DeBerry has not produced any evidence that he is entitled to the shares as a beneficiary of his uncle's estate or otherwise.

12. Notwithstanding this lack of evidence, Mr. DeBerry states that Ms. Blakely, Ms. Pitts and Ms. Margaret Callendar "agreed to accept me as Shareholder of debtor Corporation and a President of the Board of said Corporation."

13. The authority of Ms. Blakely, Ms. Pitts and Ms. Callendar to casually "accept" Mr. DeBerry as a shareholder and president of Debtor is unclear as neither Ms. Blakely, Ms. Callendar nor Ms. Pitts has been able to produce Debtor's by-laws or other governing documents.

14. Indeed, Ms. Pitts claimed in her papers (ECF Doc. No. 15) that she and Ms. Callendar were the only two shareholders in good standing and entitled to vote.

888398v2

## II.

## ARGUMENT

A.   **Appointment of a Chapter 11 Trustee Remains Appropriate and Necessary in the Instant Action**

15.   It is well-settled that "[t]he decision to appoint a chapter 11 trustee is a factual determination entrusted to the sound discretion of the bankruptcy judge."  In re Adelphia Communications Corp., 336 B.R. 610, 656 [Bankr SDNY 2006] *aff'd*, 342 B.R. 122 [SDNY 2006]; *see also*, In re Worldcom, Inc., 2003 Bankr. LEXIS 2192, 16 (Bankr. S.D.N.Y. 2003).

16.   While the party seeking the appointment of a chapter 11 trustee bears the burden of showing "cause" for the appointment of a trustee, once such showing is made, the court is *required* to appoint a chapter 11 trustee.  In re Ashley River Consulting, LLC, 14-13407 (MG), 2015 WL 1540941, at *9 (Bankr. S.D.N.Y. Mar. 31, 2015); *see also* In re Sharon Steel Corp., 871 F.2d 1217, 1226 (3d Cir. 1989).

17.   "Cause" under subsection 1104(a)(1) is not defined but instead, permits Courts to exercise discretion "consistent with a 'policy of flexibility' permeating the Bankruptcy Code's overall aim of protecting creditors while giving debtors a second chance."  In re Marvel Entertainment Group, Inc., 140 F.3d 463, 473 (3d Cir. 1998).

18.   As the Honorable Martin Glenn opined:

> Beginning with section 1104(a)(1), the appointment of a chapter 11 trustee is authorized upon the showing of cause—inclusive of fraud, dishonesty, incompetence or gross mismanagement of debtor's affairs by current management.  The list of wrongs constituting 'cause' that warrants the appointment of a trustee is not exhaustive; some other factors relevant to the appointment of a trustee under § 1104(a)(1) include: conflicts of interest, … misuse of assets and funds, inadequate record keeping and reporting, various instances of conduct found to establish fraud or dishonesty; and lack of credibility and creditor confidence.

<u>In re Ashley River Consulting, LLC</u>, 14-13407 (MG), 2015 WL 1540941, at *9 (Bankr. S.D.N.Y. Mar. 31, 2015).

19. The appointment of a Chapter 11 Trustee in this action is both appropriate and necessary. The gross mismanagement of the Debtor has been painfully obvious. Moreover, given Debtor's conduct during these proceedings, there is no reason to believe that the management of the Debtor will improve.

20. The dispute between Ms. Pitts and Ms. Blakely provides evidence of Debtor's gross mismanagement. Ms. Blakely claims Ms. Pitts and Margaret Callendar breached their fiduciary duty by failing to pay real property taxes and water charges, failing to hold annual elections of the board, failing to manage corporate assets, and waste, including self-dealing and misappropriation.

21. Ms. Blakely is certainly correct in that the property taxes have not been paid since 2009. Past due taxes and other charges are now approximately $577,540.00. See Exhibit B attached hereto (New York City Department of Finance property tax print-out).

22. Ms. Blakely is also correct that the building has been mismanaged. Indeed, Debtor has simply abdicated the management of the property, ceding that responsibility to New York City acting through its Department of Housing Preservation and Development ("HPD"). HPD has been arranging and paying for fuel oil deliveries, repairs and other maintenance and filing liens against the property for those services. A listing of those charges is attached as Exhibit C (HPD building charges report).

23. Ms. Pitts, on the other hand, alleges that Ms. Blakely has not paid rent in over twenty years and is not eligible to vote in shareholder elections.

24. Ms. Pitts may be correct that Ms. Blakely is ineligible, but no one can produce Debtor's by-laws to confirm her position.

5

15-12178-shl    Doc 30    Filed 03/15/16    Entered 03/15/16 16:16:05    Main Document
Pg 6 of 7


25. Creditor has been patient in these proceedings, which were filed on August 5, 2015. Creditor waited until February 10, 2016 to file the Trustee Motion.

26. Since August 5, 2015, in addition to accruing taxes and HPD charges, interest of $91,351.68 has accrued on the Creditor's foreclosure judgment.

27. Mr. DeBerry's, and presumably Ms. Blakely's and Ms. Pitts', current plan is to sell a vacant cooperative unit and rent the commercial space. The marketability of the unit and commercial space is not addressed. Mr. DeBerry also fails to address the fact that Debtor is not the record owner of the property. A search of ACRIS shows that Debtor conveyed the property to James Gaskins who subsequently conveyed the property to Solomon and Roth Holding Inc. Copies of the recorded deeds are attached as Exhibit D.

28. The fact that the resolution of the record ownership issue is not mentioned is further evidence that the Debtor remains woefully equipped to properly manage the property.

29. Something has to be done. Creditor maintains that the appointment of a neutral Section 1104(a) trustee is the best way to maximize the value to the estate and stop the devaluation of the property and the depletion of any possible shareholder equity resulting from Debtor's mismanagement.

### B. An 1104 Trustee is a Fiduciary of the Court

30. The papers filed by counsel for Ms. Pitts in opposition to the Trustee Motion are little more than inflammatory allegations aimed at creating discord and portraying Creditor as having ulterior motives. The notion that Creditor seeks to steal the equity in the property or steal the property itself is completely unfounded. Creditor simply wants to be paid in full.

31. Creditor's foreclosure judgment continues to accrue interest at a 9.00% rate, and tax, water, sewer, and HPD liens continue to accrue against the Property every day, while no real evidence has been produced that management of the property has any chance of improving.

32. An independent trustee presents the best course of action for the swift, efficient and equitable administration of the Debtor's estate.

33. It is, therefore, respectfully submitted that the appointment of a Section 1104(a) Trustee is warranted and is in the best interest of the estate.

## III.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Creditor respectfully submits that this Court should issue and enter an order, pursuant to Section 1104(a) of the Bankruptcy Code, appointing a Chapter 11 Trustee and granting such other and further relief as is just and proper.

Dated: March 15, 2016

        HARRIS BEACH PLLC
        *Attorneys for 477 W. 142nd Funding LLC*

        By: _/s/ Eric Lindenman_____
           Eric Lindenman, Esq.
           100 Wall Street
           New York, New York 10005
           Telephone: (212) 313-5495
           Facsimile: (212) 687-0659
           elindenman@harrisbeach.com

888398v2