UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                    Chapter 11

477 WEST 142ND STREET HOUSING                      Case No.: 15-12178 (SHL)
DEV. FUND CORP.,

              Debtor.
---------------------------------------------------------------x

**ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF
CLAIM OR INTEREST FOR (A) PRE-PETITION CLAIMS, (B) CHAPTER 11
ADMINISTRATIVE CLAIMS, AND (C) APPROVING THE FORM AND MANNER OF
<u>NOTICE THEREOF</u>**

Upon the application (the "Application") of Gregory Messer, Esq., the Chapter 11 Trustee (the "Trustee") of 477 West 142nd Street Housing Dev. Fund Corp., the debtor (the "Debtor"), for an Order, pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3003(c)(3), fixing a deadline and establishing procedures for filing proofs of claim for (a) pre-petition claims or interests (b) Chapter 11 administrative claims, and (c) approving the form and manner of service thereof, and it appearing that the relief requested is in the best interest of the Debtor's estate and creditors, and that adequate notice has been given and that no further notice is necessary; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

**ORDERED**, that except as otherwise provided herein, all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as referenced in sections 101(5), 503 and 507 of the Bankruptcy Code, against the Debtor, which arose (a) prior to the filing of the Chapter 11 petition on August 5, 2015 (the "Filing Date") ("Pre-Petition Claim"), or (b) between the period August 5, 2015 through and including March 20, 2016 (or which may be accorded Chapter 11

administrative status) ("Administrative Claim"), shall file a proof of claim or interest in writing so that it is received on or before **July 25, 2016** (the "Bar Date"); and it is further;

    **ORDERED**, that the following procedures for the filing of proofs of claim shall apply:

(a)    Proofs of claim must conform substantially to Official Bankruptcy Form No. 410;

(b)    Attorneys (with full access accounts) and employees of institutional creditors (with limited access account) shall file proofs of claim electronically on the Court's Case Management/Electronic Case file ("CM/ECF") system. Those without accounts to the CM/ECF system shall file their proofs of claim by mailing or delivering the original proof of claim to United States Bankruptcy Court, Southern District of New York, One Bowling Green, Room 534, New York, New York 10004-1408;

(c)    Proofs of claim shall be deemed timely filed only when <u>received</u> by the Clerk of the Court on or before the Bar Date;

(d)    Proofs of claim shall (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation why the documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency;

(e)    Proofs of claim must specify the name and case number of the Debtor; and it is further;

(f)    If the Administrative Claim is being asserted by a professional whose retention was authorized by the Court in the Debtor's case, the proof of Administrative Claim must be accompanied by an application for allowance of compensation and reimbursement of expenses in a form permissible by this Court and the Fee Guidelines promulgated by the Office of the United States Trustee; and it is further

    **ORDERED,** that irrespective of any claim being listed in the Debtor's schedules or any amendments thereto, and even if such claim is not described therein as "disputed," "contingent," or "unliquidated," <u>all creditors shall affirmatively file a proof of claim</u>, otherwise such person or entity shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution; and it is further

    **ORDERED**, that the following persons or entities need not file a proof of claim on or prior to the Bar Date:

  (a)  Any person or entity that has already properly filed a proof of claim against the Debtor in this case with the Clerk of the Bankruptcy Court for the Southern District of New York utilizing a claim form which substantially conforms to Official Form 410;

  (b)  Any holder of a claim that has already been allowed in this case by order of the Court;

  (c)  Any holder of a claim for which a different deadline for filing a proof of claim in this case has already been fixed by this Court;

  (d)  any holder of a claim that has been paid or otherwise satisfied in full by the Debtor;

and it is further

**ORDERED,** that the Bar Date, which also applies to Chapter 11 Administrative Claims shall <u>not</u>, however, apply to:

  (a)  The Trustee and any professional retained by the Trustee upon order of the Court, for the payment of fees and the reimbursement of expenses;

  (b)  Any person or entity whose Chapter 11 Administrative Claim has been paid in full by the Trustee or the Debtor; and

  (c)  Any person or entity holding a Chapter 11 Administrative Claim for which a specific deadline has previously been fixed by the Court and such party will be bound by the prior deadline set by this Court;

and it is further

**ORDERED**, that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the Order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the Bar Date, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an Order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such date as the Court may fix in the applicable Order authorizing such rejection; and it is further

**ORDERED,** that any person or entity asserting an Administrative Claim that is an estate professional (the "Chapter 11 Professional") whose retention was authorized by the Court, <u>must</u> file an application for payment that complies with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules of this Court, and the Fee Guidelines promulgated by the Office of the United States Trustee by no later than the Bar Date. Any Chapter 11 Professional who fails to timely file its application may be barred from asserting its Administrative Claim; and it is further

**ORDERED,** that any person or entity that is asserting an Administrative Claim and fails to comply with this Order by timely filing a proof of Administrative Claim in appropriate form, by the Bar Date, shall be barred from participating in any distribution in this case in connection with such asserted Administrative Claim; and it is further

**ORDERED**, that holders of equity security interests in the Debtor need not file proofs of interest with respect to the ownership of such interests, but if any such holder has a claim against the Debtor (including a claim relating to an equity interest or the purchase or sale of the equity interest), a proof of claim shall be filed on or prior to the Bar Date; and it is further

**ORDERED**, that if the Debtor or the Trustee amends or supplements the Schedules after the date of this Order, the Debtor or the Trustee shall give notice of any such amendment or supplement to the holders of claims affected thereby, and holders of such claims shall have thirty (30) days from the date of such notice to file proofs of claim and shall be given notice of that deadline; and it is further

**ORDERED**, that nothing in this Order shall prejudice the right of the Trustee or any other party in interest to dispute or assert offsets or defenses to any claim listed in the Schedules; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 3003(c)(2), a holder of a claim, whether a Pre-Petition Claim or Administrative Claim, that fails to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution; and it is further

**ORDERED**, that notice of the Bar Date (the "Bar Order Notice") substantially in the form annexed hereto is approved and shall be deemed adequate and sufficient if served by first-class mail at least 35 days prior to the Bar Date on:

(a) the United States Trustee;

(b) counsel to each official committee;

(c) all persons or entities that have requested notice of the proceedings in this case;

(d) all persons or entities that have filed claims in this case;

(e) all creditors and other known holders of claims against the Debtor as of the date of this Order, including all persons or entities listed on the Debtor's Schedules, as holding claims;

(f) all parties to executory contracts and unexpired leases of the Debtor;

(g) all parties to litigation with the Debtor;

(h) the Internal Revenue Service for the district in which the case is pending; and, if required by Bankruptcy rule 2002(j), the Securities and Exchange Commission and any other required governmental units;

(i) all individuals and/or entities that the Debtor may have advised the Trustee may have Administrative Claims;

(j) all individuals and/or entities that have contacted the Trustee or his counsel and have claimed to have an Administrative Claim;

(k) all individuals and/or entities known or believed to hold an Administrative Claim;

(l) counsel for the Debtor;

(m) the respective taxing authorities; and

(n) such additional persons and entities as deemed appropriate by the Trustee; and it is further

**ORDERED**, that the Trustee is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED**, that entry of this Order is without prejudice to the rights of the Trustee to seek a further Order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file proofs of claim or interest or be barred from doing so.

Dated: June 15, 2016
      New York, New York

*/s/ Sean H. Lane*
Honorable Sean H. Lane
United States Bankruptcy Judge

LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue
Wantagh, New York 11793
Ph. 516.826.6500
Adam P. Wofse, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                          Chapter 11

477 WEST 142ND STREET HOUSING                                   Case No.: 15-12178 (SHL)
DEV. FUND CORP.,

                Debtor.
-------------------------------------------------------------x

## NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF CLAIM
## ON OR BEFORE JULY 25, 2016

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST 477 West 142nd Street Housing Dev. Fund Corp.**

      The United States Bankruptcy Court for the Southern District of New York has entered an Order establishing **July 25, 2016** (the **"Bar Date"**) as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units) to file a proof of claim against 477 West 142nd Street Housing Dev. Fund Corp., the debtor (the **"Debtor"**) in the above-captioned bankruptcy case.

      The Bar Date and the procedures set forth herein for the filing of proofs of claim apply to (a) all claims against the Debtor that arose prior to August 5, 2015 (the **"Filing Date"**) (**"Pre-Petition Claims"**), the date on which the Debtor commenced a case under chapter 11 of 11 U.S.C. §§101 *et seq.* (the **"Bankruptcy Code"**), or (b) Chapter 11 administrative claims between the period of August 5, 2015 through and including March 20, 2016[1] (or which may be accorded Chapter 11 administrative status) (**"Administrative Claims"**), except for the holders of

---

[1] As set forth in the Application, March 20, 2016 is one day prior to the entry of the Court's Order approving the appointment of the Trustee.

the claims listed in Section 4 below that are specifically excluded from the Bar Date filing requirement.

**1.    WHO MUST FILE A PROOF OF CLAIM**

You MUST file a proof of claim to vote on a Chapter 11 plan filed by the Trustee (and any other plan proponent) or to share in distributions from the Debtor's bankruptcy estate if you have a Pre-Petition Claim or Administrative Claim, and it is not one of the types of claims described in Section 4.  Claims based on acts or omissions of the Debtor that occurred before the Filing Date must be filed on or prior to the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain prior to the Filing Date.

Irrespective of whether a claim is listed in the Debtor's schedules or any amendments thereof, and even if such claim is not described therein as "disputed," "contingent," or "unliquidated," each claimant must affirmatively file a proof of claim by the Bar Date in order to vote and/or participate in any distribution in this case.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or  (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

Claims for post-petition expenses are specifically described in Sections 503 and 507 of the Bankruptcy Code. Among other things, 11 U.S.C. §§ 503 and 507 provide that certain types of claims are entitled to post-petition expense priority, including, without limitation:

2

     i.    the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the bankruptcy case;

    ii.    certain taxes and penalties related thereto;

   iii.    compensation and reimbursement of certain professionals or officers;

   iv.    the actual, necessary expenses incurred by (a) certain creditors, (b) a creditor, an indenture trustee, an equity security holder, or a committee representing any such entities, in making a substantial contribution to a debtor's chapter 11 case, (c) a custodian, (d) members of certain committees if incurred in the performance of the duties of such committees; or

    v.    compensation for services rendered by an indenture trustee. Claims based on acts or omissions of the Debtor that occurred during the Chapter 11 Administrative Period must be filed on or prior to the Chapter 11 Administrative Claims Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain during the Chapter 11 Administrative Period.

**2.**     **WHAT TO FILE**

Your filed proof of claim must conform substantially to Official Form No. 410. A copy of a blank proof of claim form for a Pre-Petition Claim is annexed hereto as "Exhibit 1". A copy of a blank proof of claim form for an Administrative Claim is annexed hereto as "Exhibit 2". Additional proof of claim forms may be obtained at www.uscourts.gov/forms/bankruptcy-forms.

The proof of claim form must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency. You must attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary), or a written explanation why the documents are not available.

Your proof of claim form shall not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name

3

of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

If you assert an Administrative Claim and are a professional whose retention was authorized by the Court in the Debtor's case, the proof of Administrative Claim must be accompanied by an application for allowance of compensation and reimbursement of expenses in a form permissible by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of this Court and the Fee Guidelines promulgated by the Office of the United States Trustee by the Bar Date.

3. **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be electronically filed and/or received **on or before July 25, 2016**.

Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) shall file proofs of claim electronically on the Court's Case Management/Electronic Case File (**"CM/ECF"**) system. Those without accounts to the CM/ECF system shall file their proofs of claim by mailing or delivering the original proof of claim to the Court at the address provided below:

> United States Bankruptcy Court
> Southern District of New York
> One Bowling Green
> Room 534
> New York, New York 10004-1408

A proof of claim will be deemed timely filed only when <u>received</u> by the Bankruptcy Court on or before the Bar Date. A proof of claim may not be delivered by facsimile, telecopy or electronic mail transmission.

4. **WHO NEED NOT FILE A PROOF OF CLAIM**

You do **not** need to file a proof of claim on or prior to the Bar Date if you are:

4

(a) A person or entity that has already properly filed a proof of claim against the Debtor in this case with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form 410;

(b) A holder of a claim that has already been allowed in this case by order of the Court;

(c) A holder of a claim for which a different deadline for filing a proof of claim in this case has already been fixed by this Court;

(d) A holder of a claim that has been paid or otherwise satisfied in full by the Debtor;

With respect to Administrative Claims, the Bar Date shall not apply to:

(a) The Trustee and any professional retained by the Trustee upon order of the Court, for the payment of fees and the reimbursement of expenses;

(b) Any person or entity whose Chapter 11 Administrative Claim has been paid in full by the Trustee or the Debtor; and

(c) Any person or entity holding a Chapter 11 Administrative Claim for which a specific deadline has previously been fixed by the Court and such party will be bound by the prior deadline set by this Court;

If you are a holder of an equity interest in the Debtor, you need not file a proof of interest with respect to the ownership of such equity interest at this time. But, if you assert a claim against the Debtor, including a claim relating to your equity interest or the purchase or sale of that interest you must file a proof of claim on or prior to the Bar Date in accordance with the procedures set forth in this Notice.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtor or Debtor's estate but may not have an unpaid claim against the Debtor and/or Debtor's estate. The fact that you have received this Notice does not mean that you have a claim, or that the Trustee, the Debtor or the Court believes that you have a claim against the Debtor's estate.

5

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before June 15, 2016, the date of the entry of the Bar Order, you must file a proof of claim based upon such rejection on or before the Bar Date, and any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the order is dated after the date of entry of the Bar Order, must file a proof of claim with respect to such claim by the date fixed by the Court in the applicable order authorizing rejection of the subject contract or lease.

6. **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF A CLAIM NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THIS CASE, AND PARTICIPATING IN ANY DISTRIBUTION MADE IN THE CHAPTER 11 CASE ON ACCOUNT OF THAT CLAIM.

7. **THE DEBTOR'S SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtor in the Debtor's Schedules. Claimants are cautioned that even if you agree with the nature, amount and status of your claim as listed in the Debtor's Schedules, and even if your claim is not described as "disputed," "contingent," or "unliquidated," you must still affirmatively file a proof of claim by the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtor's Schedules are available for inspection on the Court's website at http://www.nysb.uscourts.gov.  A login and password to the Court's Public Access to Electronic Court Records (**"PACER"**) are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.  Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m. Monday through Friday at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 534, New York, New York 10004-1408.  Copies of the Debtor's limited Schedules as filed by the Debtor may also be obtained by written request to the Trustee's counsel at the address and telephone number set forth below.

**If you are unsure about any of these matters, including whether you should file a proof of claim, you may wish to consult an attorney.**

Dated: June 15, 2016                                    **BY ORDER OF THE COURT**
New York, New York


LaMonica Herbst & Maniscalco, LLP
Attorneys for the Trustee

By  _____
    Adam P. Wofse, Esq.
    A Partner of the Firm
    3305 Jerusalem Avenue, Suite 201
    Wantagh, New York 11793
    (516) 826-6500

**Fill in this information to identify the case:**

Debtor 1 _____

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: _____ District of _____

Case number _____

Official Form 410

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| **Part 1:** | **Identify the Claim** |
| --- | --- |

**1. Who is the current creditor?**

_____
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

_____
Name

_____
Number        Street

_____
City                State            ZIP Code

Contact phone _____

Contact email _____

**Where should payments to the creditor be sent?** (if different)

_____
Name

_____
Number        Street

_____
City                State            ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☐ No
☐ Yes. Claim number on court claims registry (if known) _____     Filed on _____
                                                                                                   MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                                        **Proof of Claim**                                                page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

6. **Do you have any number you use to identify the debtor?**
   - ❏ No
   - ❏ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

7. **How much is the claim?**    $_____.  **Does this amount include interest or other charges?**
   - ❏ No
   - ❏ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

   Limit disclosing information that is entitled to privacy, such as health care information.

   _____

9. **Is all or part of the claim secured?**
   - ❏ No
   - ❏ Yes.    The claim is secured by a lien on property.

       **Nature of property:**
       - ❏ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
       - ❏ Motor vehicle
       - ❏ Other. Describe: _____

       **Basis for perfection:** _____
       Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

       **Value of property**:    $_____
       **Amount of the claim that is secured:**    $_____

       **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

       **Amount necessary to cure any default as of the date of the petition:**    $_____

       **Annual Interest Rate** (when case was filed) _____%
       - ❏ Fixed
       - ❏ Variable

10. **Is this claim based on a lease?**
    - ❏ No
    - ❏ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

11. **Is this claim subject to a right of setoff?**
    - ❏ No
    - ❏ Yes. Identify the property: _____

Official Form 410    **Proof of Claim**    page 2

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ❑ No<br>❑ Yes. *Check one:* | **Amount entitled to priority** |
| | ❑ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ❑ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ❑ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ❑ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ❑ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ❑ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

❑  I am the creditor.

❑  I am the creditor's attorney or authorized agent.

❑  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

❑  I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                           MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name      _____
               First name            Middle name            Last name

Title       _____

Company _____
               Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   _____
               Number      Street

             _____
              City                                                         State      ZIP Code

Contact phone _____      Email _____

| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | CHAPTER 11<br>ADMINISTRATIVE CLAIM |
|---|---|
| In re (Name of Debtor): 477 WEST 142ND STREET HOUSING DEV. FUND CORP. | Case Number: 15-12178 (SHL) |

**NOTE: This Administrative Claim** *is to be used solely in connection with a request for payment of an administrative expense arising after the commencement of the Debtor's case or those claims which may be accorded Chapter 11 administrative status (including claims pursuant to section 503(b)(9) of the United States Bankruptcy Code).*

| Name of Creditor: | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>**Court Claim Number:** _____<br>(if known) |
|---|---|
| Name and Address where notices should be sent:<br><br>Telephone Number: | Filed on: _____<br><br>Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:<br>_____ | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

1. BASIS FOR CLAIM:
   - ☐ Goods sold
   - ☐ Services performed
   - ☐ Money loaned
   - ☐ Personal injury/wrongful death
   - ☐ Taxes
   - ☐ Other (Describe briefly):

   - ☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
   - ☐ Wages, salaries, and compensations (Fill out below)
     Your social security number (last four digits only)_____
     Unpaid compensations for services performed
     from _____ to _____
          (date)                (date)

2. DATE DEBT WAS INCURRED:

3. IF COURT JUDGMENT, DATE OBTAINED:

4. Total amount of Administrative Claim: _____
If all or part of your claim is secured or entitled to priority, also complete Items 5 and 6 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or charges.

5. Brief Description of Claim (Attach any additional information):

6. **CREDITS:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **DOCUMENTS**: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security agreements. You may also attach a summary.

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

| Date: _____ Signature: _____<br><br>The person filing this proof of claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | **FOR COURT USE ONLY** |
|---|---|

*Penalty for presenting fraudulent claim*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§152 and 3571.

# INSTRUCTIONS FOR FILING CHAPTER 11 ADMINISTRATIVE CLAIM

*The instructions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to the general rules.*

## DEFINITIONS

**Debtor**
The person, corporation or other entity that has filed bankruptcy is called the debtor. 477 West 142nd Street Housing Dev. Fund. Corp. is referred to as the Debtor.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Creditor**
A creditor is any person, corporation, or other entity to whom the Debtor owes a debt.

**Administrative Expense Claim**
Any right to payment constituting a cost or expense of administration of the Debtor's case allowed under sections 503(b) and 507(a)(2) of the Bankruptcy Code, including, without limitation, any actual and necessary costs and expenses of operating the Debtor's estate, any actual and necessary costs and expenses of operating the Debtor's business, and any fees or charges assessed against the estate of the Debtor under section 1930 of Chapter 123 of title 28 of the United States Code.

**Administrative Bar Date**
Pursuant to an Order of the Bankruptcy Court dated _____, all Administrative Claims must be filed on or before _____.

The Administrative Bar Date shall not apply to:
a. any person or entity holding a claim that arose prior to the Petition Date, but only with respect to such pre-Petition Date claim or claims;

b. the Trustee and any professional retained by the Trustee upon order of the Court, for the payment of fees and the reimbursement of expenses;

c. any person or entity whose Chapter 11 Administrative Claim has been paid in full by the Debtor or the Trustee; and

d. any person or entity holding an Chapter 11 Administrative Claim for which a specific deadline has previously been fixed by the Court.

## ITEMS TO BE COMPLETED IN CHAPTER 11 ADMINISTRATIVE CLAIM FORM (IF NOT ALREADY FILLED IN)

**Name of Debtor and Case Number**
Fill in the name of the specific Debtor and the Debtor's bankruptcy case number against which the Administrative Claim is being asserted.

**Information about Creditor**
Complete the section giving the name, address and telephone number of the creditor to whom the Debtor owes money or property, and the Debtor's account number(s), if any. If anyone else has already filed an Administrative Claim relating to this debt, if you never received notices from the bankruptcy court about these cases, if your address differs from that to which the court sent notice, or if this Administrative Claim form replaces or changes an Administrative Claim previously filed, check the appropriate box on the form.

**1. Basis for Claim:**
Check the type of debt for which the Administrative Claim form is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the Debtor, fill in the last four digits of your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**
Fill in the date when the Debtor first owed the debt.

**3. If Court Judgment, Date Obtained:**
Fill in the date when the Judgment was signed or entered.

**4. Total Amount of Administrative Claim:**
Fill in the total amount of the entire claim. If interest or other charges in addition to the principal amount are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Brief Description on Claim:**
Describe the Administrative Claim.

**6. Credits:**
By signing the Administrative Claim form, you are stating under oath that in calculating the amount of your claim you have given the Debtor credit for all payments received from the Debtor.

**7. Documents:**
You must attach to this Administrative Claim form copies of all documents that show the Debtor owes the amount claimed or, if the documents are voluminous, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.