ZACHARY CARTER
Corporation Counsel, City of New York
Attorney for City of New York
Of Counsel: Hugh H. Shull III (HS-0236)
100 Church Street, Room 5-233
New York, New York 10007
(212) 356-2138

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:

477 WEST 142nd STREET HOUSING DEV.
FUND CORP.

              Debtor.
------------------------------------------------------X

Chapter 11

15-12178-shl

## OBJECTION TO MOTION REQUESTING ENFORCEMENT
## OF PREVIOUS ORDER TO SUBMIT A REFUND TO PROPER PARTY

      The City of New York (the "City"), by its attorney ZACHARY CARTER, Corporation Counsel of the City of New York, as and for its objection to the Motion Requesting Enforcement of Previous Order to Submit a Refund to Proper Party filed on May 24, 2018 and entered on the docket on May 29, 2018 by Floryta Velazquez, Community Advocate Director for CYSCFBO (the "Motion"), respectfully states:

      1.     Ms. Velazquez lacks standing to seek enforcement of the Court's May 17, 2017 Order or to seek to have a refund paid to the "proper party" based thereon. Movant asserts that she was contacted by Mr. Sheik Bey and Queen Mother Pits (sic), to help in this situation. Although it is unclear who she is representing, she is not legal counsel.

      2.     Occupants or former shareholders of the property at 477 West 142nd Street, New York, New York, block 2058, Lot 29 (the "Property"), and community advocates allegedly acting on their behalf, are not proper parties to seek a refund of taxes or charges paid

by the new owner upon sale of the Property by the Chapter 11 Trustee pursuant to the confirmed Plan of Reorganization. The buyer and the Chapter 11 Trustee, as authorized representative of the estate, are both represented by legal counsel. The Debtor, as a corporation, must itself appear by properly retained counsel.

       3.      The Objection misapprehends the Court's May 17, 2017 Order. Therein the Court pursuant to the Chapter 11 Trustee's Motion vacated fraudulent deeds to James Gaskins, and subsequently from Gaskins to Solomon and Roth Holding Inc. (S&R"), and liens and claims against them. This included certain City Department of Housing Preservation and Development ("HPD") judgments against S&R which were particularly named in the Chapter 11 Trustee's Motion and the May 17, 2017 Order. HPD filed certain claims in this bankruptcy case for housing violation judgments, but only those wherein the Debtor was respondent, not for ones wherein S&R was respondent, and the May 17, 2017 order specifically vacated the judgments against S&R. They were not paid as part of the closing of the bankruptcy sale of the Property.

       4. Prior to the entry of the May 17, 2017 Order, undersigned counsel for the City confirmed with Chapter 11 Trustee's counsel that the motion and proposed order did not seek to affect real estate taxes and charges, such as emergency repair liens and alternative enforcement program charges (for which the City expends funds to repair emergency violations, provide fuel to the Property and pay Con Ed bills, etc), and water charges, which are the equivalent of real property tax liens by statute.

       5.      The real property taxes and related charges are in rem claims, they are against the Property and arise no matter who owns the Property, and are legally distinct from judgment liens or claims "against either Gaskins or S&R" [see May 17, 2017 Order, page 3, paragraph 5] which might have resulted in judgments liens against them or their property as in

personam respondents. Since it is clear by the May 17, 2017 Order that Gaskins and S&R never owned the Property (and a corrected deed has been recorded against the Property), in personam judgments against Gaskins or S&R are not liens against the Property.

6. Ms. Velazquez has also filed a document called Additional Evidence For Motion Requesting enforcement of Previous Order to Submit a Refund to Proper Party, recorded on June 7, 2015. Annexed are lists of Environmental Control Board ("ECB") violations for Department of Buildings violations for which S&R and Gaskins were respondents, and copies of requests to vacate defaults entered by the City Office of Administrative Trials and Hearings ("OATH") for Environmental Control Board ("ECB") violations entered against Gaskins and S&R as respondents. Therein Sheik Bey claims to be acting at the request of the Chapter 11 Trustee.

7. The ECB violations are the equivalent of judgments, and are only judgment liens against property owned by the named respondent. Neither Gaskins nor S&R owned the Property and these docketed violations against Gaskins and S&R are not liens against the Property. Non-owners are often named as respondents for violations, such as contractors or parties performing work, and Gaskins and S&R held themselves out as responsible parties. The movant and Mr. Bey don't seem to be alleging that there weren't violations at the Property. The need to correct violations is to the benefit of occupants of the Property. Regardless, the listed violations were not paid as part of the sale of the Property. They are neither claims against the Debtor or its estate nor liens against the Property.

8. Tellingly, just as HPD filed no claims for judgments against Gaskins or S&R in the case, OATH only filed a claim (Claim No. 3-1 on the Claims Register, for

3

approximately $111,000) for ECB violations where the Debtor was the named respondent for the ECB violation.

9. On December 4, 2017 the Court entered an order confirming the plan (the "Confirmation Order"). The last paragraph of the Confirmation Order provides that, "notwithstanding any other provision of the Plan or this confirmation order, all valid liens of the City of New York shall be paid at closing of the sale or transfer of the Property, regardless of whether or not a proof of claim with respect to such lien is filed." In point of fact the City's Department of Finance ("DOF") filed pre- and post-petition secured claims, as did HPD. No objections to such claims were filed and the deadline to object was the effective date, i.e., the closing date of the sale, which was February 1, 2018.

10. Notwithstanding the provision that all valid City liens be paid at closing, the buyer's counsel requested that it be given 30 days to escrow the taxes, emergency repair liens ("ERPs", which are defined as Tax Liens in the City's Administrative Code, have the same first priority status and real property taxes and go on the tax bill) and water and sewer charges to give an expeditor time to review the charges. The Chapter 11 Trustee's counsel confirmed to buyer's counsel that the May 17, 2017 order did not relate to taxes and charges on the real property tax bill. The buyer escrowed over $1 million with the title company to cover the tax liens (which consisted of the amounts in the proofs of claim, interest, and additional charges that had accrued since the claims were file) and water charges for 30 days. When that deadline came and went, buyer's counsel asked the City for further extensions. After an additional couple of weeks of informal extensions, on March 16, 2018, the title company paid the then outstanding taxes and charges.

4

11. The Motion claims several reasons for a refund, or that charges should have been removed. Among these are that the Property was landmarked and therefore should have had a 10 year exemption. The Motion cites no law or case to buttress this assertion. While there can be certain tax abatements or exemptions for costs related to rehabilitation of landmarked buildings, there's no evidence that such costs were incurred or work performed, and properties with violations are not entitled to such exemptions.

12. The Motion annexes an in rem foreclosure judgment from 2007 and states that the City owned the Property since then. In fact the City never took title under that judgment and the Property was redeemed. The Motion also states that the Property was entitled to certain exemptions as owned by an HDFC.

13. The taxes and charges were all validly placed on the Property and were valid lines at the time paid. To the extent the new owner believes the taxes were incorrect or the Property should have had certain exemptions, there is an administrative process in place to seek corrections and credits or refunds. It does not appear that movant represents the new owner, nor that she nor Mr. Bey represent the Chapter 11 Trustee. If the new owner believes the amounts it paid were incorrect, it has legal counsel, and can initiate an administrative process with Finance to remedy any issues it has.

14. Notwithstanding the foregoing, it is my understanding that, based on inquiries by the undersigned, Finance, despite the fact that the ordinary administrative review process was not initiated by the owner or appropriate party, is reviewing the tax and exemption status for the Property for the period of time after the vacated deeds to Gaskins with respect to the HPD Division of Alternative Management Program ("DAMP") exemption for HDFC properties. This may result in a change in the previously applied taxes and possibly a credit

based on the paid taxes. The City submits this Court is not the appropriate place to seek a refund, nor is the Movant an interested party with respect thereto.

14. The Movant has no standing to bring the Motion. Any refund in any event would not redound to the benefit of the HDFC or the shareholders.

15. Based on the foregoing, the Motion should be denied.

Dated:   New York, New York
         June 8, 2018

                                  ZACHARY CARTER
                                  100 Church Street, Room 5-233
                                  New York, New York 10007
                                  By:   /s/ Hugh Shull
                                         Hugh H. Shull III (HS-0236)
                                         Assistant Corporation Counsel