| | |
|---|---|
| **LaMonica Herbst & Maniscalco, LLP**<br>3305 Jerusalem Avenue, Suite 201<br>Wantagh, New York 11793<br>(516) 826-6500<br>Adam P. Wofse, Esq. | Hearing Date:  December 9, 2021 at 10:00 a.m.<br>Objections Due:  December 2, 2021 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                                                     Chapter 11

477 WEST 142ND STREET HOUSING                 Case No.: 15-12178 (SHL)
DEV. FUND CORP.,

                                              Debtor.
-------------------------------------------------------------x

## NOTICE OF HEARING IN CONNECTION WITH CHAPTER 11 TRUSTEE'S MOTION SEEKING ENTRY OF FINAL DECREE

**PLEASE TAKE NOTICE,** that on December 9, 2021 at 10:00 a.m., or as soon thereafter as counsel may be heard, a telephonic hearing (the "Hearing") will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, Southern District of New York, One Bowling Green, New York, New York 10004-1408, Courtroom 701, on the annexed motion (the "Motion") of Gregory Messer, Esq., the Chapter 11 Trustee (the "Trustee") of 477 West 142nd Street Housing Dev. Fund Corp., the debtor (the "Debtor"), by his counsel, LaMonica Herbst & Maniscalco, LLP, seeking entry of a final decree, and granting such other, further and different relief as the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that pursuant to General Order M-543 (available on the Court's Website at http://www.nysb.uscourts.gov/news/general-order-m-543-court-operations-under-exigentcircumstances-created-covid-19), the Hearing will be conducted telephonically pending further order of the Bankruptcy Court. Unless the Bankruptcy Court provides otherwise, parties wishing to participate in the Hearing telephonically must register with Court Solutions LLC. Information on how to register with Court Solutions LLC can be found in

1

General Order M-543. All attorneys, witnesses and parties wishing to appear at, or attend, the Hearing must also refer to the Court's guidelines for telephonic appearances, which is available on the Court's Website at https://www.nysb.uscourts.gov/content/judge-lisa-g-beckerman.

**PLEASE TAKE FURTHER NOTICE,** that objections, if any, to the relief requested in the Motion must be in writing, conform with the Bankruptcy Code and the Bankruptcy Rules, state with particularity the grounds thereof and be filed with the Court, with a courtesy copy to the Chambers of the Honorable Sean H. Lane, United States Bankruptcy Judge, and served upon, to as to be received by, LaMonica Herbst & Maniscalco, LLP, 3305 Jerusalem Avenue, Wantagh, New York 11793, attorneys for the Debtor, Attn: Adam P. Wofse, Esq., no later than December 2, 2021 as follows: (a) through the Court's electronic filing system, which may be accessed through the internet at the Court's website at www.nysb.uscourts.gov, in portable document format (PDF) using Adobe Exchange Software for conversion; or (b) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a compact disc in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope. An objection filed by a party with no legal representation shall comply with subsection (b) as set forth in this paragraph.

Dated: November 12, 2021
     Wantagh, New York                    **LaMonica Herbst & Maniscalco, LLP**
                                          Attorneys for the Trustee

                                By:    */s/ Adam P. Wofse*
                                        Adam P. Wofse, Esq.
                                         A Partner of the Firm
                                         3305 Jerusalem Avenue, Suite 201
                                         Wantagh, New York 11793
                                         (516) 826-6500

**LaMonica Herbst & Maniscalco, LLP**  
3305 Jerusalem Avenue, Suite 201  
*Counsel for the Trustee*  
3305 Jerusalem Avenue, Suite 201  
Wantagh, New York 11793  
(516) 826-6500  
Adam P. Wofse, Esq.

Hearing Date:  December 9, 2021 at 10:00 a.m.  
Objections Due:  December 2, 2021

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-------------------------------------------------------------x  
In re:

477 WEST 142ND STREET HOUSING  
DEV. FUND CORP.,

        Confirmed Debtor.  
-------------------------------------------------------------x

Chapter 11

Case No.: 15-12178 (SHL)

## MOTION FOR ENTRY OF A FINAL DECREE

    Gregory Messer, as chapter 11 trustee (the "Trustee") of 477 West 142nd Street Housing Dev. Fund Corp., the above-captioned debtor and post-confirmation debtor (the "Debtor"), by and through his attorneys, LaMonica Herbst & Maniscalco, LLP, hereby files this motion (the "Motion"), pursuant to section 350(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of a final decree (the "Final Decree"), a proposed copy of which is annexed hereto as Exhibit "A", closing the above-referenced chapter 11 case. In support of this Motion, the Trustee respectfully states as follows:

### BACKGROUND

    1.    On August 5, 2015, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court (the "Court" or "Bankruptcy Court").

    2.    At such time, the Debtor continued in possession of its property as a debtor in possession.

3. By Order of the Court dated March 17, 2016 [Docket No. 34], the Court appointed a chapter 11 trustee in this case.

4. By Order of the Court dated March 21, 2016 [Docket No. 37], the Court approved the appointment of Gregory Messer as Trustee.

5. 447 W. 142nd Funding LLC, the Debtor's pre-petition lender (the "Lender") proposed and filed a plan and revised amended plan (the "Plan") [Docket No. 133] in this case.

6. The Lender's Plan, among other things, provided for (a) the Lender to pay all allowed claims in this case, and (b) the Trustee to transfer ownership of the Debtor's estate's real property located at 447 West 142nd Street, New York, New York (the "Property") to the Lender or its designee.

7. By Order of the Court dated December 4, 2017 [Docket No. 156], the Court confirmed the Lender's Plan.

8. The closing (the "Closing") on the transfer of the Property to Amsterdam Key Associates LLC, as designee of the Lender (the "Purchaser"), occurred on February 2, 2018.

9. At and/or subsequent to the Closing, the Trustee paid all allowed claims (including taxes) in the case.

10. The Plan has been substantially consummated. Further, the Trustee has fully discharged and satisfied all of his obligations under the Plan.

11. Presently, however, the main case remains open. There are three (3) meritless appeals (the "Appeals"), relating to two adversary proceedings (the "Adversary Proceedings"), pending before the District Court for the Southern District of New York (the "District Court")[1].

---

[1] The two Adversary Proceedings are: 19-01126-shl and 20-01004-shl, respectively. In those Adversary Proceedings, there are the following Appeals pending in the District Court: (a) 20-cv-7458 (the "First Appeal"), (b) 20-cv-7459 (the "Second Appeal"), and (c) 20-cv-6771 (the "Third Appeal"). The First Appeal is by Delois Blakely ("Blakely") from an Order of the Bankruptcy Court granting summary judgment ("Summary Judgment") to the

2

Each of the Appeals was filed by Blakely in an attempt to collaterally attack other prior final and nonappealable Orders of the Court entered in the Adversary Proceedings. The Appeals are pending before the District Court. The disposition of the Appeals, and the pending Adversary Proceedings themselves, are not obstacles to closing the main case, and this Court may enter the Final Decree.

**Payment of U.S. Trustee Fees**

12. All requisite U.S. Trustee quarterly fees payable in this chapter 11 case have been paid. The Trustee, along with the Lender, seeks to close the chapter 11 case before the end of the fourth quarter to avoid incurring further unnecessary and burdensome fees. The Trustee, through counsel, has previewed the Final Decree with the U.S. Trustee, and the U.S. Trustee has indicated that it has no objection to the Trustee seeking to close this chapter 11 case. Further, the Trustee, through counsel, has communicated with counsel for the Lender, which also supports the entry of the Final Decree, so as to avoid the accrual of and continued payments for such U.S. Trustee fees. The Trustee will pay all outstanding U.S. Trustee quarterly fees due through the date of entry of the Final Decree within fifteen (15) days of entry of the Final Decree and simultaneously provide the U.S. Trustee with an appropriate certification listing all disbursements not previously reported through the date of the Final Decree.

13. For the reasons above and authority set forth herein, the Trustee submits that the chapter 11 case has been "fully administered" within the meaning of section 350(a) of the

---

Purchaser, declaring, among other things, that Blakely and her codefendant (collectively, the "Defendants") have no rights with respect to the Property. The Second Appeal is by Blakely from an Order of the Bankruptcy Court which dismissed the complaint (the "Complaint") of Blakely against the Purchaser. The Third Appeal is by Blakely of an Order of the Bankruptcy Court denying Blakely's motion seeking to reargue the prior memorandum decisions granted in the Adversary Proceedings, namely, granting Summary Judgment to the Purchaser and dismissing the Complaint, respectively.

3

Bankruptcy Code, and respectfully requests that the Court enter the proposed Final Decree to close this chapter 11 case.

## JURISDICTION

14. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

15. The statutory predicates for the relief requested herein are Section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022.

## RELIEF REQUESTED

16. By this Motion, pursuant to section 350(a) of the Bankruptcy Code, and Bankruptcy Rule 3022, the Trustee seeks entry of a Final Decree closing this chapter 11 case. A proposed form of Final Decree granting the relief requested in the Motion is annexed hereto as Exhibit "A".

## BASIS FOR RELIEF REQUESTED

17. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered . . . the court shall close the case." 11 U.S.C. § 350(a); *see also* FED. R. BANKR. P. 3022 ("After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case").

18. While the Bankruptcy Code and Bankruptcy Rules do not define the phrase "fully administered" for the purposes of these provisions, courts routinely refer to the Advisory Committee's Note on Bankruptcy Rule 3022 to determine whether a case has been fully administered and should be closed. *See In re Pulp Finish 1 Co.*, No. 12-13774 (SMB), 2014 WL 201482, at *11 (Bankr. S.D.N.Y. Jan. 16, 2014); *In re Kliegl Bros. Univ. Elec. Stage Lighting*

4

*Co., Inc.*, 238 B.R. 532, 541 (Bankr. E.D.N.Y. 1999); *In re JMP-Newcor Int'l, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998); *see also Schwartz v. Aquatic Dev. Group, Inc. (In re Aquatic Dev. Grp., Inc.)*, 352 F.3d 671, 678 (2d Cir. 2003) (affirming the bankruptcy court's determination that, based on the Advisory Committee's Note to Rule 3022, the bankruptcy court could have entered a final decree if the debtor had made a timely application).

19. Pursuant to the Advisory Committee's Note, factors that the court should consider in determining whether the estate has been fully administered include:

(1) whether the order confirming the plan has become final,

(2) whether deposits required by the Plan have been distributed,

(3) whether property proposed by the Plan to be transferred has been transferred,

(4) whether the debtor or the successors of the debtor under the Plan has assumed the business or the management of the property dealt with by the plan,

(5) whether payments under the Plan have commenced, and

(6) whether all applications, contested matters, and adversary proceedings have been finally resolved.

FED. R. BANKR. P. 3022, Advisory Committee's Note.

20. The Advisory Committee's Note further indicates that

> Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed . . . the court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future. A final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to §350(b) of the Code.

FED. R. BANKR. P. 3022, Advisory Committee's Note.

21. Indeed, Bankruptcy Rule 3022 was amended in order to:

5

> Set forth a flexible Rule to permit the court to determine that an estate is fully administered and should be closed even though payments or other activities involving the debtor and its creditors might continue . . . As is evident by the Committee note, the Advisory Committee interprets "fully administered" *very loosely and encourages courts to use substantially more discretion in deciding whether to close a [c]hapter 11 case th[a]n Code ¶ 350 and the Rule literally read.*

*In re Gould*, 437 B.R. 34, 37-38 (Bankr. D. Conn. 2010) (quoting FED. R. BANKR. P. 3022 ed. Cmt.) (emphasis added).

22. The aforementioned factors (the "Advisory Factors") serve as a guide, and a court may issue a final decree without all factors being present. *See In re Union Home & Indus., Inc.*, 375 B.R. 912, 917 (B.A.P. 10th Cir. 2007). Courts, including the United States Court of Appeals for the Second Circuit, have found that the closure of a chapter 11 case and entry of a final decree is appropriate, even if everything required under the chapter 11 plan has not occurred, so long as the estate has been fully administered and the plan has been consummated. *See, e.g., Aquatic Dev. Group, Inc.*, 352 F.3d at 678 ("Notwithstanding the adversary proceeding that was pending and the fact that . . . unsecured creditors had not received from the bankruptcy estate all the payments that the estate was required to make under the reorganization plan . . . the Bankruptcy Court could have ordered dismissal and closure at that time").

23. Furthermore, courts have specifically found that the pendency of adversary proceedings against a debtor should not delay the closing of a debtor's bankruptcy case. *See McClelland v. Grubb & Ellis Consulting Servs. Co.* (*In re McClelland*), 377 B.R. 446, 453 (Bankr. S.D.N.Y. 2007), *aff'd*, 460 B.R. 397 (Bankr. S.D.N.Y. 2011) (recognizing that "[i]f the estate is otherwise fully administered, [an] . . . adversary proceeding . . . should not delay closing of the case"); *JMP-Newcor Int'l, Inc.*, 225 B.R. at 465 (finding that remaining matters such as certain plan disbursements and an adversary proceeding do not "warrant keeping [a] case

6

open.”); *Union Home & Indus.*, 375 B.R. at 918 ("The continuation of an adversary proceeding . . . is insufficient by itself to keep a case from being considered 'fully administered'").

24. While not all related adversary proceedings have been finally resolved, this should not hinder the closing of this chapter 11 case (Advisory Factor 6). *See McClelland*, 377 B.R. at 453; *JMP-Newcor Int'l, Inc.*, 225 B.R. at 465. Adversary proceedings are independent of the main case and continue to completion notwithstanding the closing of the bankruptcy case (citing In re Higgins, 161 B.R. 993, n. 4 (W.D. Mo. 1993).

25. Here, each of the above Advisory Factors have been satisfied, except for the two pending Adversary Proceedings and the Appeals. Most importantly, the Trustee has satisfied all obligations under the Plan and paid all claims thereunder (which is "beyond" substantial consummation).

26. Indeed, the Trustee submits that it is unnecessary to resolve the pending Adversary Proceedings and Appeals, as the Plan has been fully administered and all claims paid thereunder. Resolution of the matters at issue in the Adversary Proceedings and the Appeals will not (and cannot now) delay implementation of the Plan. As aforesaid, the Plan has been fully administered. Rather, the matters at issue in the Adversary Proceedings are ancillary to the administration of the chapter 11 case, and should not serve as a bar to closure when all other Advisory Factors weigh in favor of a entry of the Final Decree.

27. Moreover, because entry of the Final Decree in a chapter 11 case is largely administrative, closing the chapter 11 case will not have any substantive impact on creditors or other parties in interest in the pending Adversary Proceedings.

28. The Trustee submits that the estate is "fully administered" within the meaning of the Advisory Committee's Note, and that its chapter 11 case should be closed.

7

**Entry of a Final Decree is Warranted to Avoid the Further Imposition of U.S. Trustee Fees**

29. Finally, as discussed above, the Trustee has continued to pay the quarterly fees which have accrued to the U.S. Trustee (as the Lender has been responsible for and paid all administrative claims and costs in this case with funds on deposit with the Trustee). The Trustee submits that it is equitable for the Court to enter the Final Decree at this time so that the Lender may cease incurring additional such U.S. Trustee fees.[2] Unless and until the Court enters the Final Decree closing the chapter 11 case, the Trustee will continue to incur on behalf of the Debtor—and the Lender must continue paying—U.S. Trustee fees. Accordingly, allowing the chapter 11 case to be closed will spare this expense. Moreover, the U.S. Trustee has indicated that it does not oppose the relief requested in the Motion, subject to the Trustee making payment of all outstanding U.S. Trustee quarterly fees due through the date of entry of the Final Decree within fifteen (15) days of entry of the Final Decree and simultaneously providing the U.S. Trustee with an appropriate declaration listing all disbursements not previously reported through the date of the Final Decree.

30. No prior request for relief requested in this Motion has been made.

## CONCLUSION

31. The Trustee respectfully requests entry of the Final Decree because the estate has been "fully administered" in accordance with section 350 of the Bankruptcy Code and Bankruptcy Rule 3022, as interpreted by the Advisory Factors, as the Trustee has substantially consummated and fully administered the Plan and paid all claims thereunder. Accordingly, there is no longer any reason to keep the Debtor's main case open (notwithstanding the pending

---

[2] The Trustee is holding a small balance of funds, as of the date hereof, in the approximate amount of $500.00, as and for payment for minimum U.S. Trustee fees at the rate of $250.00, which have accrued for the fourth quarter of 2021, and a reserve of $250.00 for the first quarter 2022 in the event the case has not yet been closed by the end of 2021.

8

Adversary Proceedings), and continuing to keep the case open beyond September 30, 2021 will result in the incurrence of additional and unnecessary U.S. Trustee's fees, absent the requested relief from this Court. For the reasons set forth above, the Trustee respectfully requests that this Court grant the Motion and enter the Final Decree to close this case.

**WHEREFORE,** the Trustee respectfully requests that the Court enter the Final Decree, substantially in the form annexed hereto as Exhibit "A" (a) granting the Motion; (b) closing this case; and (c) granting such other and further relief as the Court deems just and proper.

Dated:   Wantagh, New York
         November 12, 2021

                                        LaMonica Herbst & Maniscalco, LLP


                              By:       */s/ Adam P. Wofse*
                                        Adam P. Wofse, Esq.
                                        *Counsel for the Trustee*
                                        3305 Jerusalem Avenue
                                        Wantagh, New York 11793
                                        (516) 826-6500

9