UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

In re:

477 WEST 142ND STREET HOUSING
DEV. FUND CORP.,

Debtor

Chapter 11

Case No.: 15-12178 (SHL)

**AFFIDAVIT IN OPPOSITION**
OF *CHAPTER 11 TRUSTEE'S*
*MOTION SEEKING ENTRY*
*OF FINAL DECREE*

-------------------------------------------------------------------------X

**QUEEN MOTHER DR. DELOIS BLAKELY'S AFFIDAVIT IN OPPOSITION OF
CHAPTER 11 TRUSTEE'S MOTION SEEKING  ENTRY OF FINAL DECREE
PURSUANT TO 11 U.S.C. 1129(b)(2) AND OTHER CITED AUTHORITIES**

**PLEASE TAKE NOTICE,** that,  Queen Mother Dr. Delois Blakely, will appear  and

enter into the records of this court on December 9, 2021, to vehemently oppose the

improvident relief sought by Chapter 11 Trustee, GREGORY MESSER, ESQ,  which

sound in and cloaks the  appearance of  wanton injustice, nepotism and creation of distrust

in the Federal Justice System contrary to Public Policy, and for other reasons as outlined in

the affidavit in support and for the preservation of  equitable fairness, justice, and

Plaintiff's Due process Rights protected in the United States Constitution.

**Dated: New York, New York**
**November 30,  2021**

By _Delois Blakely_
**Queen Mother Dr. Delois Blakely**
**477 West 142nd Street**
**Suite #2**
**New York, NY 10031**
**(212) 368-3739**

FILED
U.S. BANKRUPTCY COURT
S.D. OF N.Y.
2021 DEC -2  A II: 00

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

In re:

477 WEST 142ND STREET HOUSING
DEV. FUND CORP.,

Debtor

Plaintiff,

-----------------------------------------------------------------X

Chapter 11

Case No.: 15-12178 (SHL)

**AFFIDAVIT IN SUPPORT**

## PURSUANT TO 11 U.S.C. 1129(b)(2) AND OTHER CITED AUTHORITIES

STATE OF NEW YORK):

COUNTY OF NEW YORK):

Queen Mother Dr. Delois Blakely, now respectfully appears to say as follows:

1.    The affiant, Queen Mother Dr. Delois Blakely, has maintained and remains a

       shareholder with protected financial and proprietary interest in the Debtor/

       Bankruptcy entity, to wit, 477 WEST 142ND STREET HOUSING DEV. FUND

       CORP, since the year 1982, as such is fully familiar with the causes of action

       herein.

2.    My opposition to the relief sought by CHAPTER 11 TRUSTEE as due to the

       following:

3.  I respectfully make this affidavit in opposition and rejection of certain publicly filed documents, including, but not limited to, *TRUSTEE'S DEED CONVEYANCE MADE TO AMSTERDAM KEY ASSOCIATES BY GREGORY MESSER, ESQ. FILED ON 02/13/2018;; ASSIGNMENTS OF LEASES & RENTS MADE AMONG AMSTERDAM KEY ASSOCIATES LLC AND ZUMCK REALTY CORP AND FILED ON 02/13/2018; MORTGAGE BEARING FACE VALUE OF $450,000 MADE AMONG , AMSTERDAM KEY ASSOCIATES LLC AND ZUMCK REALTY CORP AND FILED ON 02/13/2018;* as said documents are inimical to affiant's protected property & other rights, and in preservation of the affiant's substantive unalienable due process and property rights from hostile termination and unlawful placement into servitude.

4.  GREGORY MESSER ESQ, HAS ACTED IN BAD FAITH & GREED BY CAPRICIOUSLY CONVEYING TITLE TO THE PROPERTY IN THIS ACTION TO AN UNKNOWN ENTITY, *AMSTERDAM KEY ASSOCIATES LLC,* RECENTLY CREATED ON JANUARY 17, 2018; AND HAS ALREADY FLUNG THE SHAREHOLDERS & TENANTS INTO FURTHER MORTGAGE DEBT.

5.  GREGORY MESSER ESQ, HAS ACTED IN BAD FAITH & GREED BY CAPRICIOUSLY SANCTIONING A NEW FALSE MORTGAGE OF $450,000, ALTHOUGH THE ORIGINAL MORTGAGE DEBT WAS ROLLED OVER

4

INTO THIS NEW ENTITY THEREBY MAKING IT IMPOSSIBLE FOR IT EVER
BE PAID OFF.

6. GREGORY MESSER ESQ, HAS ACTED IN BAD FAITH & GREED BY
CAPRICIOUSLY SANCTIONING AND ALLOWING THE FALSE SALE OF
THE DEBTOR'S PROPERTY TO *AMSTERDAM KEY ASSOCIATES LLC*, AN
ENTITY HE WAS AWARE WILL NOT MAKE PROVISIONS FOR THE FULL
PAYMENT OF THE ORIGINAL MORTGAGE CLAIMS, BUT INSTEAD, have
encouraged them to roll it over in perpetuity.

7. GREGORY MESSER ESQ, HAS ACTED IN BAD FAITH & GREED BY
CAPRICIOUSLY rejecting the reorganization plans of qualified and capable
sponsors who have available financial resources to PAY OFF ALL ORIGINAL
"CREDITOR CLAIMS" BY 477 WEST FUNDING LLC, and work with
shareholders towards a beneficial reorganization, but instead wantonly selected
*AMSTERDAM KEY ASSOCIATES LLC*, and who in bad faith artificially rolled over
the alleged mortgage debt and placed shareholders and tenants into inimical
servitude for the rest of their natural life.

8. WE RESPECTFULLY INFORM THE COURT that WE HAVE A STANDBY
SPONSOR who has agreed to pay off the entire claims of ALL VERIFIED
CREDITORS and amicable restitution plan for all shareholders and tenants.

9.   WHEREFORE, the affiant respectfully asks the court to void nunc pro tunc and  all

bargains and engagements between TRUSTEE,  GREGORY MESSER, ESQ AND

AMSTERDAM KEY ASSOCIATES LLC, INCLUDING, BUT NOT LIMITED TO

THE NEW DEED, MORTGAGE, & ASSIGNMENT OF LEASES, in preservation

of her Constitutional rights as a shareholder.

10.   **CONTINUING OBJECTIONS TO *AMENDED DISCLOSURE STATEMENT***

***& AMENDED PLAN OF REORGANIZATION PROPOSED BY 477 W. 142ND***

***FUNDING LLC***

11.   The affiant respectfully asserts to this Court  that the Amended Disclosure statement

and amended plan of reorganization proposed by 477 W. 142nd Funding LLC

MUST be rejected for failure to comply the thirteen requirements found in  11

U.S.C. 1129(a)(1)-(13) (2000).

12.   The said plan of reorganization IS NOT FAIR AND EQUITABLE pursuant to 11

U.S.C. 1129(b)(2); and the decision found in *Bank of Am. Natl. Trust & Savings*

*Assoc. v. 203 North LaSalle Street P'ship,* 526 U.S. 434,444 (1999) ("LaSalle").

13.   THE CONTENTS OF THE PLAN ARE DECEPTIVE & MISLEADING in that it

appears that  the alleged Creditor  477 W. 142nd Funding LLC, has hatched a subtle

plot to succeed itself through the front known as "NEWCO".

6

14.  MR. KEVIN J NASH, intentionally refused to DECLARE ON THE RECORD the
     business relationship between "NEWCO" & 477 W. 142nd Funding LLC, and as
     such acted in Bad Faith in violation of section 1129(a)(5)(A) of bankruptcy code
     and (ii) the section 1129(a)(3)

15.  MR. KEVIN J NASH, has intentionally deceived the court by creating the false
     appearance that all pending claims against the debtor WAS PROJECTED TO
     AGGREGATE NO MORE THAN $2.8 MILLION, but intentionally excluded its
     own original claims and how that will be resolved.

16.  INSTEAD, he disingenuously sneaked into the **1st paragraph** of his Amended
     disclosure that, "T*he sale shall be free and clear of all claims, liens taxes and
     encumbrances (except for the mortgage debt which shall be assumed by Newco)*"

17.  I, as a shareholder respectfully assert to the court that this artifice by KEVIN NASH
     will irreparably destroy my equitable rights and imperil my property rights.

18.  If we are to go by the original claim filed by NASH'S ALTER EGO, 477 W. 142nd
     Funding LLC, then the total debt burden on the shareholders will be in excess of
     $4.6 MILLION , and as such the court should DENY this plan as it seems suddenly
     477 W. 142nd Funding LLC, IS OPPOSING THE AUCTION OF THE PROPERTY
     FOR obvious nefarious reasons.

19.  QUEEN MOTHER DRDELOIS BLAKELY HEREBY REJECTS THE BOGUS
     PLAN.

7

20. **THIS COURT IS NOT LIMITED BY THE ROOKER-FELDMAN
    DOCTRINE**

21. **CASE LAW IN SUPPORT**

22. It is well settled that final judgments in state courts are not necessarily preclusive in
    United States bankruptcy courts,

23. IN FACT, the rule has long stood that "[a] *state court judgment entered in a case
    that falls within the federal courts' exclusive jurisdiction is subject to collateral
    attack in the federal courts.*"   Gonzales v. Parks (In re Gonzales), 830 F.2d 1033,
    1036 (9th Cir.1987).

24. By statute, a post-petition state judgment is not binding on the bankruptcy court to
    establish the amount of a debt for bankruptcy purposes.   See 11 U.S.C. § 109(e);
    Slack v. Wilshire Ins. Co. (In re Slack), 187 F.3d 1070, 1073 (9th Cir.1999), as
    amended 1999 WL 694990 (Sept. 9, 1999).

25. The United States Supreme Court explained in *Kalb v. Feuerstein*, 308 U.S. 433,
    438-39, 60 S.Ct. 343, 84 L.Ed. 370 (1940): *It is generally true that a judgment by a
    court of competent jurisdiction bears a presumption of regularity and is not
    thereafter subject to collateral attack.   But Congress, because its power over the
    subject of bankruptcy is plenary, may by specific bankruptcy legislation create an
    exception to that principle and render judicial acts taken with respect to the person*

8

*or property of a debtor whom the bankruptcy law protects nullities and vulnerable*

*collaterally.*"

26. State law rights arising in core bankruptcy proceedings are functionally equivalent to

congressionally created rights, because Congress has the power to modify State law

rights in bankruptcy proceedings.

27. Unlike the States, Congress may impair the obligation of contracts through the

bankruptcy clause.

28. Indeed, the very purpose of bankruptcy is to modify the rights of debtors and

creditors, and the bankruptcy code authorizes the bankruptcy court to abrogate or

modify State-created obligations in many ways. SEE U.S. Const., Art. I, § 8.

29. U.S. Const., Art. I, § 8. "The Constitution grants Congress exclusive power to

regulate bankruptcy and under this power Congress can limit that jurisdiction which

courts, State or Federal, can exercise over the person and property of a debtor who

duly invokes the bankruptcy law." Kalb, 308 U.S. at 439, 60 S.Ct. 343.

30.     In furtherance of this charge, jurisdiction and authority over bankruptcies has been

vested, from the beginning of the Republic, in the federal district courts.    See, e.g.,

Bankruptcy Act of 1800, § 2, 2 Stat. 19, 21; Bankruptcy Act of 1841, § 6, 5 Stat.

440, 445; Bankruptcy Act of 1867, § 1, 14 Stat. 517, 517; Bankruptcy Act of 1898,

§ 2, 30 Stat. 544, 545.

9

31.    IT IS WELL SETTLED THAT, District courts have "original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a)

32.    By the plain wording of the statute, Congress has expressed its intent that bankruptcy matters be handled exclusively in a federal forum.    See MSR Exploration, Ltd. v. Meridian Oil, Inc., 74 F.3d 910, 913 (9th Cir.1996).

33.    " 'Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate.' " *Celotex Corp. v. Edwards*, 514 U.S. 300, 308, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995) (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir.1984)).

34.    By virtue of the power vested in them by Congress, the federal courts have the final authority to determine the scope and applicability of the automatic stay

35.    The States cannot, in the exercise of control over local laws and practice, vest State courts with power to violate the supreme law of the land." Kalb, 308 U.S. at 439, 60 S.Ct. 343

36.    the Rooker-Feldman doctrine is not implicated by collateral challenges to the automatic stay in bankruptcy. 11 U.S.C. §§ 544, 547, 548, 549.

37.    **RELIEF REQUESTED**

38.    **WHEREFORE,** the affiant, Queen Mother Dr. Delois Blakely, respectfully requests that the *AMENDED DISCLOSURE STATEMENT & AMENDED PLAN OF*

10

*REORGANIZATION PROPOSED BY 477 W. 142ND FUNDING LLC* ; *TRUSTEE'S*

*DEED CONVEYANCE MADE TO AMSTERDAM KEY ASSOCIATES BY GREGORY*

*MESSER, ESQ. FILED ON 02/13/2018;; ASSIGNMENTS OF LEASES & RENTS MADE AMONG*

*AMSTERDAM KEY ASSOCIATES LLC AND ZUMCK REALTY CORP AND FILED ON*

*02/13/2018; MORTGAGE BEARING FACE VALUE OF $450,000 MADE AMONG ,*

*AMSTERDAM KEY ASSOCIATES LLC AND ZUMCK REALTY CORP AND FILED ON*

*02/13/2018; AND OTHER INCIDENTS THERETO* BE DENIED AND REJECTED

39.  It is well settled in New York State that a borrower's right of equity  redemption

*cannot be waived or abandoned by any stipulation of the parties, even if such*

*stipulation is embodied in the mortgage* [Mooney v. Byrne, 163 N.Y. 86, 57 N.E.

163 (1900),]

40.  I humbly request in good faith and with clean hands that this request be granted

together with other relief this court deems fair and reasonable in keeping with equity

and Justice.

**Dated: New York, New York**
     **November 30,  2021**

Queen mother
By  Delois Blakely
**Queen Mother Dr. Delois Blakely**

**NEW YORK NOTARY PUBLIC**
Sworn before me this
1  day of DEC, 20 21
Notary Public, State of NY

**MY COMMISSION EXPIRES**

BADIYAH AMIR
Notary Public, State of New York
No. 01AM6174527
Qualified in New York County
Commission Expires Sept. 24, 20 23

## SERVICE LIST

HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
ONE BOWLING GREEN
NY, NY 10004

ADAM P. WOFSE, ESQ
A PARTNER OF THE FIRM
3305 JERUSALEM AVENUE
SUITE 201
WANTAGH, NY 11793

KEVIN J. NASH ESQ
GOLDBERG WEPRIN FINKLE GOLDSTEIN LLP
1501 BROADWAY,
22ND FLOOR
NY,NY 10036

BRIAN S. MASUMOTO
OFFICE OF THE UNTIED STATES TRUSTEE
U.S. FEDERAL OFFICE  BUILDING
201 VARICK STREET
SUITE 1006
NY,NY 10014.

JEFFREY ZWICK & ASSOCIATES, PC
266 BROADWAY,
SUITE 403
BROOKLYN, NY 11211

AMSTERDAM KEY ASSOCIATES LLC
311 ROEBLING STREET
BROOKLYN, NY 11211

ZUMCK REALTY CORP.
199 LEE AVENUE, SUITE 508
BROOKLYN, NY 11211

**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
Adam P. Wofse, Esq.

Hearing Date:   December 9, 2021 at 10:00 a.m.
Objections Due:   December 2, 2021

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                                                Chapter 11

477 WEST 142ND STREET HOUSING                        Case No.: 15-12178 (SHL)
DEV. FUND CORP.,

                                    Debtor.
-------------------------------------------------------x

## NOTICE OF HEARING IN CONNECTION WITH CHAPTER 11 TRUSTEE'S MOTION SEEKING ENTRY OF FINAL DECREE

      **PLEASE TAKE NOTICE,** that on December 9, 2021 at 10:00 a.m., or as soon thereafter

as counsel may be heard, a telephonic hearing (the "Hearing") will be held before the Honorable

Sean H. Lane, United States Bankruptcy Judge, Southern District of New York, One Bowling

Green, New York, New York 10004-1408, Courtroom 701, on the annexed motion (the "Motion")

of Gregory Messer, Esq., the Chapter 11 Trustee (the "Trustee") of 477 West 142nd Street Housing

Dev. Fund Corp., the debtor (the "Debtor"), by his counsel, LaMonica Herbst & Maniscalco, LLP,

seeking entry of a final decree, and granting such other, further and different relief as the Court

deems just and proper.

      **PLEASE TAKE FURTHER NOTICE** that pursuant to General Order M-543 (available

on the Court's Website at http://www.nysb.uscourts.gov/news/general-order-m-543-court-

operations-under-exigentcircumstances-created-covid-19), the Hearing will be conducted

telephonically pending further order of the Bankruptcy Court. Unless the Bankruptcy Court

provides otherwise, parties wishing to participate in the Hearing telephonically must register with

Court Solutions LLC. Information on how to register with Court Solutions LLC can be found in

General Order M-543. All attorneys, witnesses and parties wishing to appear at, or attend, the Hearing must also refer to the Court's guidelines for telephonic appearances, which is available on the Court's Website at https://www.nysb.uscourts.gov/content/judge-lisa-g-beckerman.

**PLEASE TAKE FURTHER NOTICE,** that objections, if any, to the relief requested in the Motion must be in writing, conform with the Bankruptcy Code and the Bankruptcy Rules, state with particularity the grounds thereof and be filed with the Court, with a courtesy copy to the Chambers of the Honorable Sean H. Lane, United States Bankruptcy Judge, and served upon, to as to be received by, LaMonica Herbst & Maniscalco, LLP, 3305 Jerusalem Avenue, Wantagh, New York 11793, attorneys for the Debtor, Attn: Adam P. Wofse, Esq., no later than December 2, 2021 as follows: (a) through the Court's electronic filing system, which may be accessed through the internet at the Court's website at www.nysb.uscourts.gov, in portable document format (PDF) using Adobe Exchange Software for conversion; or (b) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a compact disc in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope. An objection filed by a party with no legal representation shall comply with subsection (b) as set forth in this paragraph.

Dated: November 12, 2021
      Wantagh, New York            **LaMonica Herbst & Maniscalco, LLP**
                                  Attorneys for the Trustee

                        By:    */s/ Adam P. Wofse*
                                Adam P. Wofse, Esq.
                                A Partner of the Firm
                                3305 Jerusalem Avenue, Suite 201
                                Wantagh, New York 11793
                                (516) 826-6500

LaMonica Herbst & Maniscalco, LLP                 Hearing Date:  December 9, 2021 at 10:00 a.m.
3305 Jerusalem Avenue, Suite 201                  Objections Due:  December 2, 2021
*Counsel for the Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
Adam P. Wofse, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                        Chapter 11

477 WEST 142ND STREET HOUSING                                 Case No.: 15-12178 (SHL)
DEV. FUND CORP.,

                    Confirmed Debtor.
-----------------------------------------------------------x

## <u>MOTION FOR ENTRY OF A FINAL DECREE</u>

Gregory Messer, as chapter 11 trustee (the "Trustee") of 477 West 142nd Street Housing

Dev. Fund Corp., the above-captioned debtor and post-confirmation debtor (the "Debtor"), by and

through his attorneys, LaMonica Herbst & Maniscalco, LLP, hereby files this motion (the

"Motion"), pursuant to section 350(a) of chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code"), and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), for entry of a final decree (the "Final Decree"), a proposed copy of which is

annexed hereto as <u>Exhibit "A"</u>, closing the above-referenced chapter 11 case. In support of this

Motion, the Trustee respectfully states as follows:

### <u>BACKGROUND</u>

1.      On August 5, 2015, the Debtor filed a voluntary petition for relief under chapter

11 of the Bankruptcy Code in this Court (the "Court" or "Bankruptcy Court").

2.      At such time, the Debtor continued in possession of its property as a debtor in

possession.

3.     By Order of the Court dated March 17, 2016 [Docket No. 34], the Court appointed a chapter 11 trustee in this case.

4.     By Order of the Court dated March 21, 2016 [Docket No. 37], the Court approved the appointment of Gregory Messer as Trustee.

5.     447 W. 142nd Funding LLC, the Debtor's pre-petition lender (the "Lender") proposed and filed a plan and revised amended plan (the "Plan") [Docket No. 133] in this case.

6.     The Lender's Plan, among other things, provided for (a) the Lender to pay all allowed claims in this case, and (b) the Trustee to transfer ownership of the Debtor's estate's real property located at 447 West 142nd Street, New York, New York (the "Property") to the Lender or its designee.

7.     By Order of the Court dated December 4, 2017 [Docket No. 156], the Court confirmed the Lender's Plan.

8.     The closing (the "Closing") on the transfer of the Property to Amsterdam Key Associates LLC, as designee of the Lender (the "Purchaser"), occurred on February 2, 2018.

9.     At and/or subsequent to the Closing, the Trustee paid all allowed claims (including taxes) in the case.

10.     The Plan has been substantially consummated.  Further, the Trustee has fully discharged and satisfied all of his obligations under the Plan.

11.     Presently, however, the main case remains open.  There are three (3) meritless appeals (the "Appeals"), relating to two adversary proceedings (the "Adversary Proceedings"), pending before the District Court for the Southern District of New York (the "District Court")[1].

---

[1]  The two Adversary Proceedings are:  19-01126-shl and 20-01004-shl, respectively.  In those Adversary Proceedings, there are the following Appeals pending in the District Court: (a) 20-cv-7458 (the "First Appeal"), (b) 20-cv-7459 (the "Second Appeal"), and (c) 20-cv-6771 (the "Third Appeal").  The First Appeal is by Delois Blakely ("Blakely") from an Order of the Bankruptcy Court granting summary judgment ("Summary Judgment") to the

Each of the Appeals was filed by Blakely in an attempt to collaterally attack other prior final and nonappealable Orders of the Court entered in the Adversary Proceedings. The Appeals are pending before the District Court. The disposition of the Appeals, and the pending Adversary Proceedings themselves, are not obstacles to closing the main case, and this Court may enter the Final Decree.

**Payment of U.S. Trustee Fees**

12.    All requisite U.S. Trustee quarterly fees payable in this chapter 11 case have been paid. The Trustee, along with the Lender, seeks to close the chapter 11 case before the end of the fourth quarter to avoid incurring further unnecessary and burdensome fees. The Trustee, through counsel, has previewed the Final Decree with the U.S. Trustee, and the U.S. Trustee has indicated that it has no objection to the Trustee seeking to close this chapter 11 case. Further, the Trustee, through counsel, has communicated with counsel for the Lender, which also supports the entry of the Final Decree, so as to avoid the accrual of and continued payments for such U.S. Trustee fees. The Trustee will pay all outstanding U.S. Trustee quarterly fees due through the date of entry of the Final Decree within fifteen (15) days of entry of the Final Decree and simultaneously provide the U.S. Trustee with an appropriate certification listing all disbursements not previously reported through the date of the Final Decree.

13.    For the reasons above and authority set forth herein, the Trustee submits that the chapter 11 case has been "fully administered" within the meaning of section 350(a) of the

---

Purchaser, declaring, among other things, that Blakely and her codefendant (collectively, the "Defendants") have no rights with respect to the Property. The Second Appeal is by Blakely from an Order of the Bankruptcy Court which dismissed the complaint (the "Complaint") of Blakely against the Purchaser. The Third Appeal is by Blakely of an Order of the Bankruptcy Court denying Blakely's motion seeking to reargue the prior memorandum decisions granted in the Adversary Proceedings, namely, granting Summary Judgment to the Purchaser and dismissing the Complaint, respectively.

Bankruptcy Code, and respectfully requests that the Court enter the proposed Final Decree to close this chapter 11 case.

## JURISDICTION

14.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

15.    The statutory predicates for the relief requested herein are Section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022.

## RELIEF REQUESTED

16.    By this Motion, pursuant to section 350(a) of the Bankruptcy Code, and Bankruptcy Rule 3022, the Trustee seeks entry of a Final Decree closing this chapter 11 case. A proposed form of Final Decree granting the relief requested in the Motion is annexed hereto as Exhibit "A".

## BASIS FOR RELIEF REQUESTED

17.    Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered . . . the court shall close the case." 11 U.S.C. § 350(a); *see also* FED. R. BANKR. P. 3022 ("After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case").

18.    While the Bankruptcy Code and Bankruptcy Rules do not define the phrase "fully administered" for the purposes of these provisions, courts routinely refer to the Advisory Committee's Note on Bankruptcy Rule 3022 to determine whether a case has been fully administered and should be closed. *See In re Pulp Finish 1 Co.*, No. 12-13774 (SMB), 2014 WL 201482, at *11 (Bankr. S.D.N.Y. Jan. 16, 2014); *In re Kliegl Bros. Univ. Elec. Stage Lighting*

4

*Co., Inc.*, 238 B.R. 532, 541 (Bankr. E.D.N.Y. 1999); *In re JMP-Newcor Int'l, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998); *see also Schwartz v. Aquatic Dev. Group, Inc. (In re Aquatic Dev. Grp., Inc.)*, 352 F.3d 671, 678 (2d Cir. 2003) (affirming the bankruptcy court's determination that, based on the Advisory Committee's Note to Rule 3022, the bankruptcy court could have entered a final decree if the debtor had made a timely application).

19.    Pursuant to the Advisory Committee's Note, factors that the court should consider in determining whether the estate has been fully administered include:

(1) whether the order confirming the plan has become final,

(2) whether deposits required by the Plan have been distributed,

(3) whether property proposed by the Plan to be transferred has been transferred,

(4) whether the debtor or the successors of the debtor under the Plan has assumed the business or the management of the property dealt with by the plan,

(5) whether payments under the Plan have commenced, and

(6) whether all applications, contested matters, and adversary proceedings have been finally resolved.

FED. R. BANKR. P. 3022, Advisory Committee's Note.

20.    The Advisory Committee's Note further indicates that

> Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed . . . the court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future. A final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to §350(b) of the Code.

FED. R. BANKR. P. 3022, Advisory Committee's Note.

21.    Indeed, Bankruptcy Rule 3022 was amended in order to:

5

> Set forth a flexible Rule to permit the court to determine that an estate is
> fully administered and should be closed even though payments or other
> activities involving the debtor and its creditors might continue . . . As is
> evident by the Committee note, the Advisory Committee interprets "fully
> administered" *very loosely and encourages courts to use substantially
> more discretion in deciding whether to close a [c]hapter 11 case th[a]n
> Code ¶ 350 and the Rule literally read.*

*In re Gould*, 437 B.R. 34, 37-38 (Bankr. D. Conn. 2010) (quoting FED. R. BANKR. P. 3022 ed. Cmt.) (emphasis added).

22.    The aforementioned factors (the "Advisory Factors") serve as a guide, and a court may issue a final decree without all factors being present. *See In re Union Home & Indus., Inc.*, 375 B.R. 912, 917 (B.A.P. 10th Cir. 2007).    Courts, including the United States Court of Appeals for the Second Circuit, have found that the closure of a chapter 11 case and entry of a final decree is appropriate, even if everything required under the chapter 11 plan has not occurred, so long as the estate has been fully administered and the plan has been consummated. *See, e.g., Aquatic Dev. Group, Inc.*, 352 F.3d at 678 ("Notwithstanding the adversary proceeding that was pending and the fact that . . . unsecured creditors had not received from the bankruptcy estate all the payments that the estate was required to make under the reorganization plan . . . the Bankruptcy Court could have ordered dismissal and closure at that time").

23.    Furthermore, courts have specifically found that the pendency of adversary proceedings against a debtor should not delay the closing of a debtor's bankruptcy case. *See McClelland v. Grubb & Ellis Consulting Servs. Co. (In re McClelland)*, 377 B.R. 446, 453 (Bankr. S.D.N.Y. 2007), *aff'd*, 460 B.R. 397 (Bankr. S.D.N.Y. 2011) (recognizing that "[i]f the estate is otherwise fully administered, [an] . . . adversary proceeding . . . should not delay closing of the case"); *JMP-Newcor Int'l, Inc.*, 225 B.R. at 465 (finding that remaining matters such as certain plan disbursements and an adversary proceeding do not "warrant keeping [a] case

6

open."); *Union Home & Indus.*, 375 B.R. at 918 ("The continuation of an adversary proceeding . . . is insufficient by itself to keep a case from being considered 'fully administered'").

24.    While not all related adversary proceedings have been finally resolved, this should not hinder the closing of this chapter 11 case (Advisory Factor 6). *See McClelland*, 377 B.R. at 453; *JMP-Newcor Int'l, Inc.*, 225 B.R. at 465.  Adversary proceedings are independent of the main case and continue to completion notwithstanding the closing of the bankruptcy case (citing In re Higgins, 161 B.R. 993, n. 4 (W.D. Mo. 1993).

25.    Here, each of the above Advisory Factors have been satisfied, except for the two pending Adversary Proceedings and the Appeals.  Most importantly, the Trustee has satisfied all obligations under the Plan and paid all claims thereunder (which is "beyond" substantial consummation).

26.    Indeed, the Trustee submits that it is unnecessary to resolve the pending Adversary Proceedings and Appeals, as the Plan has been fully administered and all claims paid thereunder.  Resolution of the matters at issue in the Adversary Proceedings and the Appeals will not (and cannot now) delay implementation of the Plan.  As aforesaid, the Plan has been fully administered.  Rather, the matters at issue in the Adversary Proceedings are ancillary to the administration of the chapter 11 case, and should not serve as a bar to closure when all other Advisory Factors weigh in favor of a entry of the Final Decree.

27.    Moreover, because entry of the Final Decree in a chapter 11 case is largely administrative, closing the chapter 11 case will not have any substantive impact on creditors or other parties in interest in the pending Adversary Proceedings.

28.    The Trustee submits that the estate is "fully administered" within the meaning of the Advisory Committee's Note, and that its chapter 11 case should be closed.

**Entry of a Final Decree is Warranted to Avoid the Further Imposition of U.S. Trustee Fees**

29.    Finally, as discussed above, the Trustee has continued to pay the quarterly fees which have accrued to the U.S. Trustee (as the Lender has been responsible for and paid all administrative claims and costs in this case with funds on deposit with the Trustee).  The Trustee submits that it is equitable for the Court to enter the Final Decree at this time so that the Lender may cease incurring additional such U.S. Trustee fees.[2]  Unless and until the Court enters the Final Decree closing the chapter 11 case, the Trustee will continue to incur on behalf of the Debtor—and the Lender must continue paying—U.S. Trustee fees.  Accordingly, allowing the chapter 11 case to be closed will spare this expense.  Moreover, the U.S. Trustee has indicated that it does not oppose the relief requested in the Motion, subject to the Trustee making payment of all outstanding U.S. Trustee quarterly fees due through the date of entry of the Final Decree within fifteen (15) days of entry of the Final Decree and simultaneously providing the U.S. Trustee with an appropriate declaration listing all disbursements not previously reported through the date of the Final Decree.

30.    No prior request for relief requested in this Motion has been made.

### CONCLUSION

31.    The Trustee respectfully requests entry of the Final Decree because the estate has been "fully administered" in accordance with section 350 of the Bankruptcy Code and Bankruptcy Rule 3022, as interpreted by the Advisory Factors, as the Trustee has substantially consummated and fully administered the Plan and paid all claims thereunder.  Accordingly, there is no longer any reason to keep the Debtor's main case open (notwithstanding the pending

---

[2] The Trustee is holding a small balance of funds, as of the date hereof, in the approximate amount of $500.00, as and for payment for minimum U.S. Trustee fees at the rate of $250.00, which have accrued for the fourth quarter of 2021, and a reserve of $250.00 for the first quarter 2022 in the event the case has not yet been closed by the end of 2021.

Adversary Proceedings), and continuing to keep the case open beyond September 30, 2021 will result in the incurrence of additional and unnecessary U.S. Trustee's fees, absent the requested relief from this Court. For the reasons set forth above, the Trustee respectfully requests that this Court grant the Motion and enter the Final Decree to close this case.

WHEREFORE, the Trustee respectfully requests that the Court enter the Final Decree, substantially in the form annexed hereto as Exhibit "A" (a) granting the Motion; (b) closing this case; and (c) granting such other and further relief as the Court deems just and proper.

Dated:    Wantagh, New York
          November 12, 2021

                                  LaMonica Herbst & Maniscalco, LLP


                          By:    /s/ Adam P. Wofse
                                 Adam P. Wofse, Esq.
                                 Counsel for the Trustee
                                 3305 Jerusalem Avenue
                                 Wantagh, New York 11793
                                 (516) 826-6500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                                    Chapter 11

477 WEST 142ND STREET HOUSING                             Case No.: 15-12178 (SHL)
DEV. FUND CORP.,

              Confirmed Debtor.
-----------------------------------------------------------x

## FINAL DECREE

Upon the Order of this Court confirming the Creditor's Revised Amended Plan of Reorganization (the "Plan") in the above-captioned case of 477 West 142nd Street Housing Development Funding Corporation (the "Debtor"), entered on December 4, 2017 (the "Confirmation Order") [Docket No. 156]; and upon the motion (the "Motion") of Gregory Messer, the trustee (the "Trustee") of the Debtor and Debtor's estate, through his counsel, LaMonica Herbst & Maniscalco, LLP, seeking and in support of the entry of the Final Decree, in accordance with Bankruptcy Rule 3022, demonstrating that to date, all funds in this estate have been distributed in accordance with the confirmed Plan, and the estate and Plan having been duly and fully administered; and after due deliberation and consideration of all the facts and circumstances herein, and no additional notice being necessary or required, it is hereby

**ORDERED AND DECREED THAT:**

1.    The Motion is granted.

2.    In accordance with the Plan, the Trustee, as the disbursing agent under the Plan, was authorized to make distributions under the Plan and, to date, the obligations under the Plan have been satisfied, and the estate has been fully administered.

3.    All of the distributions to date having been made by the Trustee, in accordance with the Orders of the Court, the Plan, and the Confirmation Order, and no further matters are pending

before this Court in the main case, and, accordingly, this case is hereby closed.

4.    Notwithstanding the foregoing, the entry of this Final Decree is without prejudice to the rights of any party in interest to seek to reopen this chapter 11 case for cause shown including in connection with the matters for which the Court has retained jurisdiction under the Plan.

5.    The Trustee shall reserve sufficient funds to pay the Office of the United States Trustee the amount of any quarterly fees due pursuant to 28 U.S.C. § 1930 and any applicable interest due pursuant to 31 U.S.C. § 3717, which fees and interest, if any, shall be paid within fifteen (15) days of the entry of this Order of Final Decree (the "Order"). Within five (5) days after the entry of the Order, the Debtor shall provide to the United States Trustee an affidavit indicating cash disbursements for the 4th quarter of 2021 (and for any additional quarter, if applicable, through the date that the Order has been entered).

6.    The Trustee is hereby discharged of his obligations in this case.

7.    The Trustee is authorized to take all actions necessary to the relief granted in this Final Decree.


No Objection


/s/ Brian S. Masumoto
United States Trustee


Dated:  December ___, 2021
         New York, New York


_____
SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE