UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                                                              Chapter 11
INI-CHINWA, PRO SE SHAREHOLDER
477 WEST 142ND STREET HOUSING                                  Case No. 15-12178
DEV. FUND CORPORATION
                                        Debtor.
-----------------------------------------------------------x

### Re: OBJECTIONS RELATING TO NOTICE OF HEARING IN CONNECTION WITH CHAPTER 11 TRUSTEE'S MOTION SEEKING ENTRY OF FINAL DECREE ON BEHALF INI-CHIWA THOMAS

Honorable Judge Lane,

This letter is a brief synopsis of the objections relating to the notice to seek a final decree in the matter of the above listed chapter 11 bankruptcy filing. It is written on behalf of Ini-Chinwa Thomas who is severely disabled and is therefore unable to speak on her own behalf. However, as a shareholder and forty-year resident of 477W 142nd Street, Ms. Thomas would be severely adversely affected were she to be evicted from the dwelling that- having been properly equipped- has effectively served as her private medical treatment facility for the past four decades. Ms. Thomas has for the entirety of her life received 24 hour medical care provided by a variety of healthcare professionals. To this point, they have had the ability to reside in Thomas' five bedroom residential unit when necessary to adequately care for her. Ms. Thomas can neither speak in her own defense nor is she able to afford the services of a licensed attorney. We are currently seeking legal counsel for her because  the pro bono counsel that she once had is now deceased.Therefore, this brief has been written for her by a layperson who is unskilled in the profession of legal writing and the rules of civil procedure. Thus, this writer prays that the court does not penalize Ms. Thomas for any improper, unorthodox or subpar methods by which the following objections are presented. We are doing the best that we possibly can in the face of a complex fraud that has resulted in Amsterdam Key Associates and Zmuck Realty unjustly enriching themselves by illegally using multiple fraudulent mortgages to successfully strip Ini-Chinwa Thomas of nearly $5 million of equity that she was entitled to as a forty-year shareholder of the 477 WEST 142ND STREET HOUSING DEV. FUND CORPORATION.

Please find listed below a chronological order listing of each objection as they appear in the court's official notification of the proceeding to seek a final decree. Also find attached to this document an exhaustive packet of exhibits which further support our position regarding this bankruptcy proceeding.

FILED
U.S. BANKRUPTCY COURT
2021 DEC -2 P 1:06
S.D. OF N.Y.

**Objection #1**                    **Debtor Voluntary Petition Filing**

We object to court's asserted no.1 which states that,

> "On August 5, 2015, the debtor filed a voluntary petition for relief under chapter 11 of the
> Bankruptcy Code in this Court (the "Court" or "Bankruptcy Court")

Ini Chinwa Thomas did not in fact file a voluntary petition for chapter 11 Bankruptcy relief on August 5,
2015. The petition was filed by Ms. Shirley Pitts who was not authorized to do so without the permission
of the HDFC board in accordance with the HDFC policy and bylaws. She did not have permission.
Furthermore, it appears that Ms. Pitts colluded with a real estate investment group and their criminal
associates to initiate a $650,000 Mortgage also without the permission of the HDFC board and against its
charter and bylaws.

See page 11 of the attached reference document: Point 1: The Lack of Corporate Authority to File
Bankruptcy Petition which states,

> "Persons allowed to put their corporation into bankruptcy, must present
> credentials to the bankruptcy court showing their authority. Price v. Gurney, 324 U.S.
> 100, 106."


**Objection #2**                    **Meritless Appeals**

We object to the court's assertion no 11. states that,

> "Presently, however, the main case remains open. There are three (3) meritless appeals
> (the "Appeals"), relating to two adversary proceedings (the "Adversary Proceedings"),
> pending before the District Court for the Southern District of New York (the "District Court")[1]

The attached New York Post newspaper article entitled, "Galls in His Court," evidences that the
"attorney of record" involved with the 1st illegal $650,000 mortgage was not a licensed attorney.
He was in fact a con man posing as an Attorney who also got paid nearly $200,000 for doing so.

Also see paragraph one of page two of the attached motion provides evidence that the appeals
indeed had merit as a party to the fraud had a previous criminal record for fraud and did
physically run out of the NY Supreme court to avoid arrest. The motion states,

> "To escape arrest, Pitts admitted to the Lack of Corporate Authority and to Fraud Committed
> by Fake Lawyer and serial felon Nathaniel McLeon who represented the HDFC at the 2007
> mortgage Closing with Ken Bey, McLeon's criminal partner and Pitts' lover. McLeon was
> simultaneously convicted with fraud in Queens for impersonating a lawyer and grand larceny
> n 2011."

**Objection #2**                    **Jurisdiction**

We object to the court's assertion no 14. states that,

> *"This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)."*

See page five of the attached motion regarding jurisdiction which states,

> *"The bankruptcy court is without jurisdiction to entertain a bankruptcy petition filed on behalf of a corporation (organized under state law) by shareholders who, under the local law, are without authority to institute such proceedings. Price v. Gurney, 324 U.S. 100 (1945), P. 324 U. S. 106."*

Sworn to under penalty of perjury

Dated: December 2, 2021

Nadine Desinor,
Power of Attorney for
INI-CHINWA, PRO SE SHAREHOLDER
477 WEST 142ND STREET HOUSING
DEV. FUND CORPORATION &
NEW FUTURE FOUNDATION INC.
*Note: we are currently in search of a pro bono lawyer* to represent Ini-Chinwa

METRO

# Gall's in his court

By William J. Gorta

August 2, 2010 | 4:00am

This phony lawyer has some real gall.

Nathaniel McLeon, 66, who's awaiting trial in Brooklyn and Queens on charges of impersonating a lawyer, has allegedly been doing it for years in Manhattan — and just recently showed up in a courtroom there with a client, The Post has learned.

"He's a serial lawyer," said his adversary — an actual attorney — in the Manhattan Supreme Court case, Lauren Raysor. "He's making a mockery of the legal system."

McLeon, who pleaded guilty to grand larceny and practicing law without a license in Manhattan in 1993, showed up on July 16 at 60 Centre St., where he was "representing" a tenant board that's been fighting with a shareholder for control of a Harlem building.

The shareholder, Queen Mother Dr. Delois Blakely, was angry with the board for taking out a $650,000 loan on the low-income building — a loan McLeon arranged while "acting" as their attorney in 2007, court papers say.

It was unclear what happened to the cash.

McLeon's July appearance came to an abrupt end when Raysor asked him whether he was the same Nathaniel McLeon who was charged with posing as a lawyer and scamming clients in Brooklyn and Queens.

McLeon admitted he was — "then he skedaddled," Raysor said.

Judge Milton Tingling has since thrown out every lawsuit, motion and response McLeon filed in the court fight.

McLeon had a court date in Queens three days later — as a defendant. He's charged with bilking an estate there out of more than $250,000 by posing as a lawyer to "help" the executor sell assets.

He's also expected to stand trial in Brooklyn in September on charges he tried to pose as a lawyer and sell a Bedford-Stuyvesant property he didn't have the rights to.

McLeon's lawyer, Lawrence Fredella, said his client has pleaded not guilty in both cases. Fredella portrayed the disappearing Queens trust fund as an innocent mistake, saying the money was accidentally put in the wrong place and would be repaid.

*Additional reporting by Edmund DeMarche*

*william.gorta@nypost.com*



RECOMMENDED  1/5

SECOND CIRCUIT    DKT NO. 20-CV-6771  SDNY JUDGE VALERIE CAPRONI
COURT OF APPEALS              ORAL ARGUMENT 30 MIN REQUESTED

LOWER COURT
UNITED STATES BANKRUPTCY COURT,      SDNY JUDGE SEAN H. LANE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                  Chapter 11
477 West 142nd Street Housing Development
Fund Corp.,                          Case No. 15-12178 (SHL)
Debtor.
-----------------------------------------------------------------x
Queen Mother Dr. Delois Blakely,        20-CV -6771 (VEC)
Appellant,
Amsterdam Key Associates LLC,
Appellee.
-----------------------------------------------------------------x
Queen Mother Dr. Delois Blakely,        20-CV-7458 (VEC)
Appellant,
Amsterdam Key Associates LLC,
Appellee.
-----------------------------------------------------------------x
Queen Mother Dr. Delois Blakely,        20-CV-7459 (VEC)
Appellant,
Amsterdam Key Associates LLC,
Appellee.
-----------------------------------------------------------------x

### APPELLANT'S REPLY BRIEF FOR CONSOLIDATED APPEAL AND DEMAND DISMISSAL FOR LACK OF FEDERAL JURISDICTION AND REMAND FOR VIOLATIONS

DISMISSAL FOR LACK OF CORPORATE AUTHORITY BY 477 WEST 142ND STREET HOUSING DEVELOPMENT FUND CORPORATION TO (i) FILE BANKRUPTCY PETITION AND (ii) ENTER 2007 MORTGAGE NOTE

Appellants: Shareholders Ini-Chinwa Thomas and Queen Mother Dr. Delois Blakely
Both Appearing Pro Se Shareholders of 477 West 142nd HDFC
477 West 142nd Street, Apt 2
New York, New York 10030
(212) 368 3739

PAGE

TABLE OF CONTENTS                                                        I

TABLE OF AUTHORITIES ...........................................................II

PRELIMINARY STATEMENT .................................................... 1

OVERVIEW AND SUMMARY OF ARGUMENT ......................3

JURISDICTIONAL STATEMENT .............................................. 5

STANDARD OF REVIEW...........................................................6

STATEMENT OF THE CASE ...................................................... 6

LEGAL ARGUMENT ................................................................11

Point I - The Lack of Corporate Authority to File Bankruptcy Petition.......11

Point II - Remand to lower court for Violations Endangering Ini
    including removing floor joists without a building permit and
    denying Ini's Section 8 renewal for Apt. #2 beginning in
    2009.......................................................................... 17

CONCLUSION ......................................................................... 19

CERTIFICATE OF WORD COUNT.........................................20

I

TABLE OF AUTHORITIES

PAGE

Cases

*Bennett v. Spear*, 520 U.S. 154, 162, 167-68 (1997)............................................15

*New Haven Radio, Inc. v. Meister (In re Martin-Trigona)*, 760 F.2d 1334, 1341
    (2d Cir. 1985) .................................................................................................. 16

Price v. Gurney, 324 U.S. 100 (1945) ...................................................................15

*Royal Indemnity Co. v. American Bond & Mortgage Co.*, 289 U.S. 165, 171, 53 S.Ct.
    551, 554, 77 L.Ed. 1100 (1933) ..................................................................... 15

*Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) .....................................................15

Leprovost v Pitts 2015 NY Slip Op 50102(U) Decided on February 6, 2015 Civil Court
    Of The City Of New York, New York County Kraus, J. Published by New York State
    Law Reporting Bureau pursuant to Judiciary Law § 431. ............................... 10


Statutes

U.S. Constitution, Amendment XIV, Section 1-5 Due Process and Equal
    Protection...................................................................................1, 3, 6, 17-19

American With Disabilities Act of 1990, Pub. L. NO 101-336, 104 Stat. 328
    (1990) .......................................................................................1, 3, 6, 17-19

Bankruptcy Code, Title 11, U.S. Code §§ 101-1532..................................... 11, 13


Authorities

Collier on Bankruptcy ¶ 301.04-[7][b] (Alan N. Resnick & Henry J. Sommer, eds.,
    15th ed. rev. 2008) ......................................................................................... 11

Hon. Joe Lee 2 *Bankruptcy Service, Lawyers Edition* § 13:16 .................................... 15

15A William Meade Fletcher, *Fletcher Cyclopedia of the Law of Corporations*
    § 7631.39 (rev. ed. 2008) ............................................................................. 14


State & Municipal Pubic Filings of Bylaws and Minutes and other Corporate filings
477 West 142nd Housing Development Corporation ("HDFC")
  Federal Filings, Minutes filed by AttorneyTracy Lee Bransford, Dkt Docs 8-11....... 4, 12
  NYS Filings
        HDFC NY State EIN is 13-0336224. ................................................................. 7
        HDFC File Reference (EFT) is EF00163201309 .................................................7
        HPD File Reference PV806F0000332807-HPD. .............................................. 7

HPD Violation Reference Number is BIN# 1061246 ......................................... 7

Consumer Financial Protection Bureau Mortgage Fraud Claim #170707-
2228038 was filed on July 7, 2017 by Shareholder New Future Foundation
Mortgage Fraud Filing Receipt 2017 ....................................................8, 17

Section 8 Case # XXXXXXX.(Privacy Witheld by Rules not o Print.................. 8

For the benefit of SDNY Judge Valerie Caproni, Chain of Lack of Corporate Authrity
and Fraud cited as Admissions and Authority below:

In re: 477 West 142nd Street Housing Development Fund Corporation, SDNY
Bankruptcy Court, Index NO. 15-12178 (SHL) 477 W. 142nd Funding LLC
Disclosure Statement, Doc. #139, October 4, 2017, Amended Disclosure Statement
(Short Title "477 Funding Disclosure Statement ").......................................9-10,

Amsterdam Key Associates LLC with Zumck Realty Corp., Consideration, Extension
and Modfication Agreement for 477 West 142nd Street, Block 2058, Lot 29, Filed
with New York County Clerk 02-18-2018, (Short Title "Zumck Agreement") with
Mortgage Schedule ............................................................................................. 8

Madison Park Investors LLC and E.R. Holdings LLC, both New York Limited Liability
Companies v. 477 West 142nd Street Housing Development Fund Corporation, New
York State Department of Taxation and Finance, New York City Department of
Finance, Environmental Control Board of the City of New York, Queen Mother Dr.
Delois Blakely, New Future Foundation, Inc. and John Doe #1 through John Doe
#100 Inclusive, the True Name of Said Defendants being Unknown to the Plaintiff,
the Parties Being Intended: Be those poersosns having or claiming an interest in the
mortgaged Property by Virtue of Being Tenants or Occupants or Judgement Creditors
or Lienors of an type or Nature in all or Part of Said Premises, NYS Supreme Court,
NY County, Index# 600313/2009 (Short Title "Madison Park v 477 HDFC")

HDFC Attorney Edward Filemyr Affirmation in Support of Cross-Motion to
Amend HDFC Answer Dated January 25, 2011
Motion Exhibit I - HDFC Bylaws ........................................................13, 25

Substitution of 477 W. 142nd Funding LLC for Madison Park Investors LLC and E.R. Holdings LLC See below:

477 W. 142nd Funding LLC v. 477 West 142nd Street Housing Development Fund
    Corporation, New York State Department of Taxation and Finance, New York City
    Department of Finance, Environmental Control Board of the City of New York,
    Queen Mother Dr. Delois Blakely, New Future Foundation, Inc. and Gary James,
    NYS Supreme Court, NY County, Index# 600313/2009, (Short Title "477 Funding v
    477 HDFC")
        Michael B. Ershowsky, Esq. Reply Affirmation dated August 23, 2018
        Exhibit G -  Judge Tingling Summary Judgement Order Dismissing
            HDFC Answer ................................................................................. 10

## PRELIMINARY STATEMENT

In deference to Shareholder Ini-Chinwa Thomas' tragic medical condition and substantial Constitutional Due Process, Equal Protection and Statutory American with Disabilities Act Violations, as well as, United States Supreme Court decisions on lack of corporate authority rising to lack of federal jurisdiction, SDNY Judge Valerie Caproni may not create federal jurisdiction for an insufficient bankruptcy petition ("Petition") that lacked corporate authority that was signed in 2015 by a former President/Director whose term expired in 2011, and same Director who, without corporate authority, executed alone and in secret the underlying 2007 bankruptcy Mortgage Note debt.

Judge Caproni has one mandated action to immediately (i) dismiss the entire bankruptcy proceeding and sale for lack of federal jurisdication and (ii) remand for trial the violations of Constitutional, Civil Rights and American Disability Act that protect and shield profoundly handicapped Shareholder Ini-Chinwa Thomas as a true act of justice in 2021 Black History Month rendered by the Court for a profoundly handicapped young Black Woman confined to a bed.

The duly filed 477 West 142nd Street Housing Development Fund Corporation ("HDFC') Bylaws ("Bylaws") determined authority to conduct business. Article IV, Directors Sections 1-3 determined a board of four directors, each with a one year term, with authority to administer the affairs of the Corporation after meeting. Under Article IX, Fiscal Management Section 9 expressly required the underlying Mortgage note to have two authorizing officer/director signatures.

1

On January 25, 2011, in Judge Tingling's NYS Supreme Court, the HDFC Bylaws were served on Madison Park Investors LLC ("Madison Park") and E.R. Holdings LLC ("E.R. Holdings") the original lenders of an alleged 2007 Mortgage Note signed only by Shirley Pitts ("Pitts"). To escape arrest, Pitts admitted to the Lack of Corporate Authority and to Fraud Committed by Fake Lawyer and serial felon Nathaniel McLeon who represented the HDFC at the 2007 Mortgage Closing with Ken Bey, McLeon's criminal partner and Pitts' lover. McLeon was simultaneously convicted with fraud in Queens for impersonating a lawyer and grand larceny in 2011.

NY Supreme Court Judge Tingling disregarded Pitts' fraud admission and on January 2, 2015 became New York County Clerk only after Tingling struck the HDFC answer on November 21, 2013 so Tingling could award the building to 477 W. 142nd Funding LLC ("477 Funding") successor to Madison Park and E.R. Holding's void Mortgage Note.

But Judge Caproni, it was SDNY Bankruptcy Court Judge Sean H. Lane, himself, who recognized in October 6, 2015, the lack of authority and Bench Ordered the HDFC to secure attorney representation. Judge Lane recognized there was NO FEDERAL JURISDICTION to hear the HDFC Petition that evidenced Pitts' director/officer lone signature. Pitts' Director term ordered by Judge Tingling in 2010 expired in 2011. Pitts was also removed in 2007 by the HDFC Shareholders for signing in secret the 2007 Mortgage Note, the underlying debt with criminal partners Nathaniel McLeon and Bey.

2

477 Funding's Bankruptcy Disclosure Statement (Doc 139) states (i) the bare bones Petition was signed by Pitts alone, and (ii) the underlying 2007 HDFC mortgage was signed by Pitts alone. No HDFC Board Meeting or Minutes exist for both.

Again for Judge Valerie Caproni's benefit, on January 25, 2011, Pitts admited by HDFC attorney Filemyr to 477 Funding's predecessors, Madison Park and E.R. Holdings, that Pitts lacked authority for signing the 2007 HDFC note and that Convicted Criminal McLeon and Bey stole the HDFC loan proceeds by a Closing check made out to McLeon.

Appellants, Pro Se Shareholders Ini-Chinwa Thomas ("Ini") and Queen Mother Dr. Delois Blakely ("Queen Mother"), with shareholder standing to object to jurisdiction, submit this Reply Brief to (a) demand immediate dismissal of the bankruptcy petition for lack of federal jurisdiction and (b) remand for trial the violation and damages for discrimination, violence, and admitted Void Mortgage and fraud against Ini and Queen Mother from violations of Constitutional Due Process, Equal Protection and the American with Disabilities Act.

## OVERVIEW AND SUMMARY OF ARGUMENT

The U.S. Supreme Court ruled that a federal bankruptcy court cannot create jurisdiction when the underlying state law, incorporation and bylaw documents, require corporate authority conditions properly established for the filing by a corporaton of a bankruptcy petition.

Brian Shoichi Masumoto on behalf of United States Trustee in Bankruptcy Court moved on September 1, 2015 to dismiss at the outset the August 5, 2015 bankruptcy petition. It is very simple, Trustee Gregory Messer FAILED to conduct due diligence for

3

corporate authority of the HDFC Petition. Queen Mother repeatedly told Trustee Messer of the lone signature fraud both in the instant HDFC Petition and underlying mortgate note. Trustee Messer and his law firm collected over a $500,000 for a VOID petition.

Ini and Queen Mother believe that Trustee Messer and his law firm should keep the blood money as damages for Amsterdam, 477 Funding, Madison Park and E.R. Holding's Mortgage fraud.

But that doesn't change Judge Caproni's duty to dismiss the bankruptcy ab initio.

On October 6, 2015, SDNY Bankruptcy Judge Sean H. Lane recognized the HDFC required attorney representation and a duly elected Board of Directors. Pursuant to Judge Lane's Bench order, the HDFC reconstituted its Board of Directors and hired Attorney Tracy Leigh Bransford who filed proof in federal court of the Shareholder meeting, minutes and election.

The federally filed HDFC October 2015 minutes reveal that Pitts was removed in 2007 as HDFC Director after secretly signing the mortgage note. Any further Directorship expired in 2011 from the HDFC election brought on by 1993 Convicted Serial Fraud Lawyer Nathaniel McLeon's HDFC motions before Judge Tingling in NY Supreme Court. Judge Tingling ignored the HDFC attorney's filing on Pitts behalf that evidenced Pitts' admission to the lack of corporate authority to sign the 2007 Mortgage Note and McLeon and Bey fraud.

The matter is simple, the bankruptcy court action is both VOID for lack of corporate authority to (i) enter the underlying 2007 mortgage note and (ii) file the 2015 voluntary bankruptcy petition.

4

Again for Judge Caproni's benefit, on January 25, 2011, Pitts admitted by her HDFC attorney Filemyr, the mortgage fraud of the mortgage lenders and their agents' the serial felon lawyer Nathaniel McLeon, and Ken Bey. Thus, the NY Supreme Court Cases brought to enforce the 2007 Mortgage Debt, are VOID as well, for lack of HDFC authority to enter the 2007 debt.

Amsterdam's arguments are without merit and are fraudulent. The Petition lacked HDFC authority to be filed. Amsterdam could argue Amsterdam failed to conduct due diligence of public state files, the New York Post Articles, and read HDFC papers served on Madison Park and E.R. Holdings in Judge Tingling's Court that evidenced HDFC bylaws and reveal the fraudulent mortgage note. 477 Funding as Successor to Madison Park and E.R. Holdings admitted to the lack of corporate authority both in the debt execution and Petition filing in 477 Funding's Bankruptcy Disclosure Statement.

In other words, Judge Caproni, Amsterdam had knowledge of the void Mortgage Note prior to the SDNY Bankruptcy sale that was conducted without jurisdiction.

However there still remains the Amsterdam violations and exposure to peril of Shareholder Ini. The Court should act swiftly to save the young girl's life because there would be an inference of impropriety and discrimination by the Court's failure to act.

## JURISDICTIONAL STATEMENT

District Court may have jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(l), but shall have to dismiss the bankruptcy petition in its entirety for lack of federal jurisdiction caused by lack of authority of former HDFC President Pitts, who filed

5

the Petition in contravention to New York State laws, HDFC bylaws and Mortgage Note
fraud.

## STANDARD OF REVIEW

The bankruptcy court is without jurisdiction to entertain a bankruptcy petition
filed on behalf of a corporation (organized under state law) by shareholders who, under
the local law, are without authority to institute such proceedings. Price v. Gurney, 324
U.S. 100 (1945), P. 324 U. S. 106. Under the Bankruptcy Act, the power of the
bankruptcy court over the debtor and its property prior to the approval of the petition,
cannot be created. Id above, P. 324 U. S. 106, 142 F.2d 404 reversed. Certiorari, 33 U. S.
696, to review the reversal of an order of the bankruptcy court dismissing a petition under
the Bankruptcy Act, Page 324 U. S. 101.

Stockholders have standing to challenge corporate authority. Royal Indemnity Co.
v. American Bond & Mortgage Co., 289 U.S. 165, 171, 53 S.Ct. 551, 554, 77 L.Ed. 1100
(1933).

Violations of refusing to sign Section 8 renewals and destroying the building to
forcefully evict Ini and Queen Mother are substantial Constitutional violations of Due
Process, Equal Protection and the Americans with Disability Act.

## STATEMENT OF THE CASE

Ini is in iminent danger, yet the Court fails to act. HPD Violations committed
without a building permit by Amsterdam, include the removal of floor joists under Ini's
bed. The building is in jeopardy of collapsing. The HPD Violations are publicly noticed
and internet posted.  The denial of Ini and Queen Mother's Section 8 since 2009 was

discriminatory. Amsterdam and Managing Agent Bey's open act of violence and

attempted murder against a profoundly handicapped young black woman confined to the

bed directly over the damaged joists constitutes crimes against humanity. Yet the Court

failed to act for reasons unknown.

### (A) PITTS, FORMER DIRECTOR FILED THE BANKRUPTCY PETITION

These consolidated appeals arise in the context of the HDFC Chapter 11 action

(Case No. 15-12178 (SHL)). The Petition was filed on August 5, 2015 with Pitts lone

signature. No evidence of corporate authority exists. No Board Meeting was held to

authorize the Petition filing. Pitts was no longer a HDFC Director.

### (B) HDFC CREATION WITH STATE AND MUNICIPAL PUBLIC FILINGS

In 1982, Shareholders Ini and Queen Mother duly filed with Commissioner of the

New York State Division of Housing and Community Renewal (i) an executed copy of

the proposed HDFC Certificate of Incorporation which demonstrated to the satisfaction

of the Commissioner that the HDFC complies with the not-for-profit corporation law and

Section 573 of the PHFL and (ii) a copy of the HDFC Bylaws.

The HDFC Bylaws, Article IV, Section 1-3 described the HDFC Board authority

to do business at Meetings and term length of Directors. Article IX, Section 9, notes that

the President or Vice President and either, Secretary or Treasurer shall execute all notes

on behalf of the corporation.

Appropriate Public Filing References were established: The HDFC NY State EIN

is 13-0336224; HDFC File Reference (EFT) is EF00163201309; HPD File Reference

PV806F0000332807-HPD; and HPD Violation Reference Number is BIN# 1061246. A

Consumer Financial Protection Bureau Mortgage Fraud Claim #170707-2228038 was

filed on July 7, 2017 by Shareholder New Future Foundation. The NYC Corporation

Counsel and Manhattan District Attorney have open cases of mortgage fraud. Ini and

Queen Mother's has Section 8 Case # XXXXXXX.

### (C) SOLE DIRECTOR/OFFICER SECRETLY SIGNED MORTGAGE NOTE

On January 25, 2011, Pitts by HDFC Attorney Filemyr (i) served the HDFC

Bylaws on Madison Park and E.R. Holdings and (ii) admitted to the 2007 mortgage note

fraud addressed below.

In 2007, Pitts alone and in secret, executed, without corporate authority:

a Mortgage made by 477 West 142nd Street Housing Development Fund
Corporationto Madison Park Investors LLC as to a 20% interest and E.R.
Holdings LLC as to an 80% interest, in the principal amount of $650,000.00,
dated *09/20/2007* and recorded on *10104/2007* in the Office of the City Register
of the City of New York, Kings County, at CRFN: 2007000507377; Mortgage
Tax Paid: $15,200.00.

The 2007 Mortgage was assigned by Assignment of Mortgage made by E. R.
Holdings LLC and Madison Park Investors LLC to 477 W. 142nd Funding LLC
("477 Funding") dated *03/23/2015* and recorded on *04/14/2015* in the Office of
the City Register of the City of New York, Kings County, at CRFN:
2015000123482. Upon which there remains the unpaid principal balance of
$650,000.00.

Note Bene: Judge Tingling was New York County Clerk on January 1, 2015 and
had absolute knowledge of the mortgage fraud and lack of corporate authority.

The 2007 Mortgage was further assigned by Assignment of Mortgage made by
477W. 142nd Funding LLC to ZUMCK Realty Corp., dated *2/1/2018,* to be duly
recorded in the Office of the City Register of the City of New York, Kings
County. A Gap Mortgage made by Amsterdam Key Associates LLC to ZUMCK
Realty Corp. in the principal amount of $450,000.00 dated *2/1/2018* and to be
duly recorded in the Office of the City Register of the City of New York, Kings
County; Mortgage Tax Submitted: $9,225.00.

*See* Zumck Agreement, Schedule B referenced in Authorities, for
above schedule filed with former Judge Tingling, New York County Clerk.

8

**(D) THE 2007 MORTGAGE FRAUD BY NATHANIEL MCLEON, KEN BEY, SHIRLEY PITTS, E.R. HOLDINGS AND MADISON PARK INVESTORS WITH 477 W. 142nd FUNDING LLC AND AMSTERDAM KEY ASSOCIATES LLC**

In 2007, Nathaniel McLeon ("McLeon"), a convicted serial con artist

impersonated a lawyer, and with his office partner Ken Bey ("Bey") who co-habitats with

Pitts, arranged for a mortgage by E.R. Holdings and Madison Park. Felon McLeon as

fraudulent attorney for the HDFC and Bey walked away with $214,000 in checks of the

HDFC closing proceeds. The money was never recovered. The Manhattan District

Attorney maintains an open case, as does the NYC Corporation Counsel.

From 2009 to 2021, the chain of fraud continued with Bey as Managing Agent on

site for the HDFC under the control of Pitts, then 477 Funding, and currently Amsterdam.

See below for SRO Fraud by Pitts and Bey.

**(E) PITTS BY HDFC ATTORNEY EDWARD FILEMYR ADMITTED TO THE FRAUD BY MCLEON AND BEY IN THE MORTGAGE NOTE AND LACK OF CORPORATE AUTHORITY TO EXECUTE THE MORTGAGE ON JAN 25, 2011**

McLeon plead guilty to grand larceny and practicing law without a license in

Manhattan in 1993.

On August 1, 2010, before NY Supreme Court Judge Tingling, in Manhattan

Supreme Court, Lauren Raysor a former Manhattan Assistant District Attorney and

attorney for HDFC Shareholder New Future Foundation openly accused McLeon of

being a fraudulent attorney, and Manhattan conviction in 1993. McLeon ran out of Judge

Tingling's court room. McLeon represented the HDFC tenant board fighting against

shareholder Queen Mother and caused by motion, Judge Tingling to order an HDFC

9

election. Pitts was elected HDFC President. When McLeon was convicted Judge Tingling

dismissed the HDFC's Answer in his Court that evidenced the Mortgage Note Fraud and

lack of authority.

McLeon was convicted of Practicing without a license, Grand Larceny and

Falsifying Business Records. On September 27, 2011, McLeon was sentenced to seven

years in prison for crimes prosecuted in Queens, New York. Judge Tingling failed to void

the Mortgage Note. Judge Tingling became New York County Clerk on January 1, 2015.

## (F) PITTS AND MANAGING AGENT BEY FOR 477 FUNDING AND SUCCESSOR AMSTERDAM ILLEGALLY LET SRO APARTMENTS AT THE HDFC AND CONTROL SEVERAL APARTMENTS AND COMMERCIAL SPACES

In 2015, Pitts was ordered in NYC Civil Court to stop renting illegal SROs. Pitts

and Bey rented month-to month leases with up to five people in Apartment #5. See

Leprovost v Pitts referenced in Index. Shareholder Ini and Queen Mother's first apartment

was Apt. #5 before Ini and Queen Mother moved to Apartment #2 because of Ini's

medical challenges and for better handicap access. Pitts lives in #7.

477 Funding has openly acknowledged in its Bankruptcy Disclosure Statement, in

contravention to HDFC regulations:

> Pitts listed owner of Apartment #1, #5 and #7.
> Bey, a non-tenant shareholder, listed owner of Apartment #8
> Pitts controls using Essie Davis MSF, Inc., her front business for
> the HDFC commercial properties 1661 and 1667.

The renting fraud of SRO apartments continues by Pitts and Bey. The monies are

non-declared in the HDFC Bank Accounts.

## (G) PITTS, BEY, 477 FUNDING AND AMSTERDAM REFUSED TO RENEW INI'S SECTION 8 BEGINNING IN 2009 AND REMOVED FLOOR JOISTS IN

**2020, JUDGE CAPRONI GIVEN NOTICED**

In 2009, Pitts, Bey, 477 Funding and Amsterdam refused to renew Ini and Queen

Mother's Section 8 for Apartment 2 and continue to refuse to renew Section 8. The

discriminatory action was to prevent Queen Mother from participating in the HDFC.

Without a building permit, Amsterdam damaged floor joists and was ordered to

stop work by NYC. The floor joist damage was to cause a forced eviction of Ini and

Queen Mother. The same actions were conducted against Florence M. Rice and brought

immediately to SDNY Judge Valerie Caproni's attention in several motions. Judge

Caproni failed to act for reasons unknown.

The HDFC lot is more valuable than the building. HDFC Shareholders and illegal

SRO Tenants have filed in Court, statements of vandalism and violence by Ken Bey and

Amsterdam. On information and belief, Amsterdam and Ken Bay are trying to destroy

the building so that it has to be demolished, and all the shareholders removed.

## LEGAL ARGUMENT

### Point I - The Lack of Corporate Authority to File Bankruptcy Petition

### 1. Was the filing of the Petition properly authorized? NO.

Unless otherwise indicated, all statutory references including those to chapters or

sections are to the Bankruptcy Code, Title 11, U.S. Code §§ 101-1532.

Instruments of the corporation and applicable state law determine whether a

corporate bankruptcy petition was authorized. Price v. Gurney, 324 U.S. 100 (1945), *See*

*generally* 2 *Collier on Bankruptcy* ¶ 301.04-[7][b] (Alan N. Resnick & Henry J. Sommer,

eds., 15th ed. rev. 2008).

11

Justice Douglas wrote in Price v. Gurney, 324 U.S. 100 (1945), that the Court in

passing on petitions filed by corporations, must determine whether petitions are filed by

those who have authority so to act. In absence of federal incorporation, that authority

finds its source in local law. If the Court finds that those who purport to act on behalf of

the corporation have not been granted authority by local law to institute the proceedings,

it has no alternative but to dismiss the petition. Nowhere did Congress bestow on the

bankruptcy court, jurisdiction to determine that those who in fact do not have the

authority to speak for the corporation as a matter of local law, are entitled to be given

such authority, and therefore should be empowered to file a petition on behalf of the

corporation. Persons allowed to put their corporation into bankruptcy, must present

credentials to the bankruptcy court showing their authority. Price v. Gurney, 324 U.S.

100, 106.

The docket shows HDFC Minutes filed 11/13/15 that "A Notice of Election took

place August 30, 2010 at 7:00pm sharp; with Board of Directors. There was an Order by

Honorable Milton Tingling, Monday, July 26, 2010 and these suffice as Minutes of prior

meeting." Dkt. Doc 10 filed Pg 10 of 33.

HDFC's articles of incorporation and bylaws were filed in 1982. Nothing in the

evidence suggests subsequent amendment. The Bylaws are publicly filed with the NY

Department of State. On Jan 25, 2011, HDFC attorney Edward Filemyr served the

Bylaws on Madison Park and E.R. Holdings. HDFC Bylaws provide under Article IV,

dealing with directors:

ARTICLE IV - DIRECTORS

12

Section 1. Number and Qualifications
> The affairs of the Corporation shall be governed by a Board
> composed of 4 shareholders.

Section 2. Powers and Duties
> The Board shall have all the powers and duties necessary for the
> administration of the affairs of the Corporation and may do all such
> acts and things except those acts which, by law, these By-Laws or
> the Certificate of Incorporation are directed to be exercised and
> done by shareholders, or expressly prohibited.

Section 3. Election and Term of Office
> Each Director shall be elected by vote of the shareholders of the
> Corporation at the meeting called for the elections thereof.
> Directors shall serve for a term of one year. Except as otherwise
> provided in these By-Laws, Directors shall be elected at the annual
> meeting of the Corporation.

ARTICLE IX - FISCAL MANAGEMENT

Section 9. Execution of Corporate Documents
> With the prior authorization of the Board, all notes and contracts, including
> Proprietary Leases, shall be executed on behalf of the Corporation by either
> the President or the Vice President and by either the Secretary or Treasurer,
> and all checks shall be executed on behalf of the Corporation by either the
> President or the Vice President, and countersigned by either the Secretary or
> Treasurer, and all deeds shall be executed on behalf of the Corporation by
> either the President or vice President. Such Board Authorization may be
> general or confined to specific instances.

In short, Shareholders Ini and Queen Mother contend the corporation was not

properly authorized to file bankruptcy. Ini, Queen Mother and New Future Foundation

co-own 2000 shares and occupy one of eight apartments in the HDFC. A list of equity

security holders is required in chapter 11 cases. Fed. R. Bankr. P. 1007(a)(3). "Equity

security" means a share in a corporation, § 101(16)(A), and "equity security holder" is

the holder of the same, § 101(17).

No HDFC resolutions on record authorized the Mortgage Note and Bankruptcy

Petition. Queen Mother asserts former director Pitts, and Pitts admits same, that Pitts

improperly signed the petition, as the "authorized individual" on behalf of the HDFC.

13

Pitts term if any ended in November 2011. Pitts alone filed the Petition and never

appeared or filed another document. Pitts like Serial Felon McLeon, has never been heard

from since filing the void Petition.

In 2007, Pitts did the same thing with Serial Felon McLeon in signing a Mortgage

Note without holding a HDFC Board Meeting and without obtaining a second Officer

signature for the Mortgage Note under Article IX, Section 9 of the HDFC Bylaws

In October 2015 Judge Sean H. Lane ordered from the bench for the HDFC to

obtain legal representation. No Corporate Election had been held between 2011 and

Judge Lane's 2015 Bench order. The HDFC shareholders held a meeting and

reconstituted its Board.

HDFC Bylaws required a Board Meeting, a quorum of directors, and authorization

for the filing of the Petition. No HDFC Board Meeting was held to discuss filing the

Petition. HDFC's Articles of Incorporation established the board. The Bylaws designated

four (4) directors on its board authorized to do business.

Under these circumstances, Pitts could not act for the board. For the Petition to be

authorized, the board must have been lawfully constituted and acting lawfully when it

authorized the filing of a bankruptcy petition. Thus, absence of a quorum may render the

authorization invalid. *See generally* 15A William Meade Fletcher, *Fletcher Cyclopedia of

the Law of Corporations* § 7631.39 (rev. ed. 2008).

There is no record of Meeting or Minutes validating authority for the Petition.

**2. Does lack of authorization generally require dismissal? YES.**

Such an approach and result is consistent with *Price v. Gurney*, 324 U.S. 100

14

(1945). The Supreme Court in *Price* held that a federal bankruptcy court has no power to

entertain a voluntary petition for bankruptcy filed on behalf of a corporation by one then

without authority under state corporate law to file for the corporation and "institute the

proceedings." *Id.* at 106. The consequence is that the court "has no alternative but to

dismiss the petition." *Id.* The case law indicates, as a general rule, that improperly

authorized bankruptcy petitions must be dismissed.

Thus, a former director filing of the petition was not effective under the

instruments of the corporation and applicable state law. A bankruptcy case filed on behalf

of an entity by one without authority under state law to so act for that entity is improper

and must be dismissed.

Clearly, Judge Caproni must dismiss the Petition.

## 3. Who may raise the question of proper corporate authorization? SHAREHOLDERS.

Stockholders have standing. See *Royal Indemnity Co. v. American Bond &*

*Mortgage Co.*, 289 U.S. 165, 171, 53 S.Ct. 551, 554, 77 L.Ed. 1100 (1933). The Supreme

Court's later decision in *Price v. Gurney* followed this rule. *Price v.Gurney*, 324 U.S.

100, 65 S.Ct. 513, 89 L.Ed. 776 (1945).   See also *Warth v. Seldin*, 422 U.S. 490, 498-99

(1975), held that standing embraces both "constitutional" and "prudential" elements, and

that prudential standing includes the idea that a party must assert its own claims rather

than those of another party. *See also Bennett v. Spear*, 520 U.S. 154, 162, 167-68 (1997)

(same), *see generally* Hon. Joe Lee 2 *Bankruptcy Service, Lawyers Edition* § 13:16

("Shareholder of debtor corporation has standing to challenge corporate authorization for

filing petition.").

Shareholders Ini and Queen Mother had standing to question corporate

authorization. Both Ini and Queen Mother were denied Due Process and Equal Protection

as well as violations of the Americans with Disability Act by SDNY Bankruptcy Judge

Sean Lane. Trustee Messer and his law firm walked away with over $500,000 dollars for

due diligence failure. Ini and Queen Mother ask Messer to keep the blood money

**4. Was the improperly authorized filing ratified or waived? NO.**

A corporation's unauthorized acts may be ratified, and that such ratification relates

back to the original act, making it valid from the beginning. But the person (or entity)

ratifying the unauthorized act must be one who had authority to do the act in the first

place. Here, any jurisdictional arguments advanced for ratification, would constitute the

forbidden creation of subject matter jurisdiction by consent or acquiescence. Federal

court jurisdiction as of the date of the action's commencement, should be considered. The

ratification doctrine could not cure a jurisdictional defect existing at the commencement

of the bankruptcy case. No local NY State law allows the unauthorized filing of a

voluntary petition in bankruptcy in behalf of a corporation.

Several courts have held that the corporation itself, through conduct or formal

action of its board may ratify an unauthorized bankruptcy filing. *See New Haven Radio,*

*Inc. v. Meister (In re Martin-Trigona),* 760 F.2d 1334, 1341 (2d Cir. 1985) (finding

acquiescence through conduct of corporation and sole shareholder). That approach is not

applicable in the instant case, because although the board of directors had been restored

on October 2015, the HDFC (i) was not subsequently represented before Judge Sean H.

Lane, (ii) had not held any Board meetings that could have ratified the Bankruptcy

16

Petition, and (iii) Consumer Financial Protection Bureau Mortgage Fraud Claim

#170707-2228038 was filed on July 7, 2017, as well as, NYC Corporation Counsel and

the Manhattan District Attorney by Shareholder New Future Foundation.

Pro Se Shareholder Queen Mother and Ini appeared and contested the Bankruptcy

Action and Trustee Messer's actions in awarding the building to Amsterdam. Queen

Mother's denied opposition action to comply with Trustee Messer does not constitute

shareholder waiver or ratification. In fact Amsterdam notes, everything Shareholder

Queen Mother moved for, was denied.

Thus, on the record presented, the Court cannot find the unauthorized filing

waived or ratified by the Shareholders or the Board of Directors.

**Point II - Remand to lower court for Violations Endangering Ini including removing floor joists without a building permit and denying Ini's Section 8 renewal for Apt. #2 beginning in 2009**

Shareholders Ini, Queen Mother and New Future Foundation jointly own the 2000

shares for Apartment 2.

In 1978, Ini was born profoundly handicapped.

From 1982 to 2008, Ini and Queen Mother were certified for Section 8 for Apt. 2.

Ini is confined to an air float mattress in Apt. 2

In 2009, Pitts and Bey refused to sign Ini and Queen Mother Section 8

Recertification papers.

This discriminatory acts by Pitts and Bey in a fraudulent Mortgage Note and

Section 8 refusal constitute flagrant Due Process and Equal Protection Violations and

American with Disabilities Act violations.

17

From 2009 to 2011, Pitts claimed Ini and Queen Mother were in arrears for Apt. 2.

Ini and Queen Mother continued to be denied Section 8 renewal.

However, Ini and Queen Mother's apartment arrears under Section 8 pricing were satisfied by New Future Foundation's payment of the utilities of the entire 477 W. 142nd St. building.

In the fall of 2020, without a building work permitAmsterdam began demolishing the floor joists beneath Ini's bed.

Denying Section 8 renewal without cause and destroying the floor joists under Ini's bed are grounds for remanding the case back for trial and damages for violations of Due Process, Equal Protection and the American's with Disabilies Act.


Conclusion contined next page

## CONCLUSION

For all of the foregoing reasons,

(a) the bankruptcy petition should be dismissed for lack of corporate authority, and

(b) the Due Process, Equal Protection and Americans with Disabilities Act violations

against Ini and Queen Mother be remanded to the lower civil court for trial.

(c) Trustee Messer and his law firm be permitted to keep Amsterdam's blood money as a

penalty for the fraud.

Sworn to under penalty of perjury

Dated: February 11, 2021

Ini-Chinwa Thomas , Appellant Pro Se Shareholder
477 W. 142nd Street, NY NY
(212)

Queen Mother Dr. Delois Blakely, Appellant Pro Se Shareholder
477 W. 142nd Street, NY NY
(212)

## CERTIFICATE OF WORD COUNT COMPLIANCE

Appellants- Pro Se Shareholders Ini-Chinwa Thomas and Queen Mother Dr. Delois

Blakely, hereby certify that the Reply Brief complies with the pertinent world limitations

requested by Second Circuit Rules. According to the word count of the word-process

system used to prepare the document, the Reply Brief contains 4,752 words including

footnotes (but exclusive of all material preceding the Preliminary Statement and all

material following the last word of the text of the Conclusion).

Sworn to under penalty of perjury

Dated: February 11, 2021

Ini-Chinwa Thomas , Appellant Pro Se Shareholder
477 W. 142nd Street, NY NY
(212)

Queen Mother Dr. Delois Blakely, Appellant Pro Se Shareholder
477 W. 142nd Street, NY NY
(212)

**GROSS & GROSS LLP**
ATTORNEY SPECIAL ACCOUNT
371 MERRICK RD.
ROCKVILLE CENTRE, NY 11570

DATE Sept 20, 2007

PAY TO THE ORDER OF   Nathaniel W. McLean, as atty          $ 194,944.66

One hundred ninety four thousand, nine hundred forty four and 48/100 DOLLARS

FOR Mtg 477 W 142 St

Elliot S Gross

**GROSS & GROSS LLP**
ATTORNEY-SPECIAL ACCOUNT
371 MERRICK RD.
ROCKVILLE CENTRE, NY 11570

DATE Sept 20, 2107

PAY TO THE ORDER OF  Nathaniel W. McLean          $ 10,500 00/100

Ten thousand five hundred and 00/100          DOLLARS

FOR  477 W. 142 St.          Elliott S Gross

**GROSS & GROSS LLP**
ATTORNEY-SPECIAL ACCOUNT
371 MERRICK RD.
ROCKVILLE CENTRE, NY , 11570

DATE Sept 20, 2007    1-1357/280

PAY
TO THE
ORDER OF Madison Park Investors LLC    $ 97,500

Ninety, seven thousand five hundred and 00/100    DOLLARS

FOR Witness 479 W 142 St.    Elliot N Gross

GROSS & GROSS LLP
ATTORNEY SPECIAL ACCOUNT
371 MERRICK RD.
ROCKVILLE CENTRE, NY 11570

DATE Sept 20, 2007    1-1357/260

PAY TO THE ORDER OF Doraben Global Entertainment Inc    $ 9,750 00/100

Nine thousand, seven hundred fifty and 00/100    DOLLARS

Signature
SIGNATURE BANK
Private Client Group 021
379 Sunrise Highway
Rockville Centre, NY 11570

FOR 477 W 142 St    Elliot S Gross

---

GROSS & GROSS LLP
ATTORNEY SPECIAL ACCOUNT
371 MERRICK RD.
ROCKVILLE CENTRE, NY 11570

DATE Sept 20, 2007    1-1357/260

PAY TO THE ORDER OF Ken Bey    $ 9,750 00/100

Nine thousand, seven hundred fifty and 00/100    DOLLARS

Signature
SIGNATURE BANK
Private Client Group 021
379 Sunrise Highway
Rockville Centre, NY 11570

FOR 477 W 142 St    Elliot S Gross

---

GROSS & GROSS LLP
ATTORNEY SPECIAL ACCOUNT
371 MERRICK RD.
ROCKVILLE CENTRE, NY 11570

DATE Sept 20, 2007    1-1357/260

PAY TO THE ORDER OF Berly Anatole    $ 6,500 00/100

Six thousand, five hundred and 00/100    DOLLARS

Signature
SIGNATURE BANK
Private Client Group 021
379 Sunrise Highway
Rockville Centre, NY 11570

FOR 477 W 142 St    Elliot S Gross



**N&T Development Corp.**
Alternative Investments

Sheikh Bey, Consultant

40 Wall Street
28th Floor
New York, NY 10005
Tel: 212.400.7164
Fax: 646.512.5815
Cell: 347.782.7357
Email: expediteloan@yahoo.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
MADISON PARK INVESTORS LLC. and                    Index No.:
E.R. HOLDINGS LLC. both NEW YORK LIMITED            600313/09
LIABILITY COMPANIES,

                              Plaintiffs,

                    -against-                        *AFFIRMATION
                                                     IN SUPPORT OF
                                                     CROSS-MOTION
                                                     TO AMEND
477 WEST 142^ND^ STREET HOUSING DEVELOPMENT FUND     ANSWER*
CORPORATION, NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE, NEW YORK CITY DEPARTMENT
OF FINANCE, ENVIRONMENTAL CONTROL BOARD OF THE
CITY OF NEW YORK, QUEEN MOTHER DR. DELOIS
BLAKELY, NEW FUTURE FOUNDATION, INC., AND
"JOHN DOE #1" THROUGH "JOHN DOE #100" INCLUSIVE,
THE TRUE NAME OF SAID DEFENDANTS BEING UNKNOWN
TO THE PLAINTIFF, THE PARTIES BEING INTENDED BE
THOSE PERSONS HAVING OR CLAIMING AN INTEREST IN
THE MORTGAGED PROPERTY BY VIRTUE OF BEING
TENANTS OR OCCUPANTS OR JUDGMENT CREDITORS OR
LIENORS OF ANY TYPE OR NATURE IN ALL OR PART OF
SAID PREMISES,

                              Defendants.
-------------------------------------------------------------------X

        *EDWARD FILEMYR*, an attorney duly admitted to practice law in the Courts of the State

of New York, affirms the following under the penalties of perjury:

        1.      Affirmant is the attorney for Defendant 477 WEST 142^ND^ STREET HOUSING

DEVELOPMENT FUND CORPORATION (hereinafter "HDFC") and makes the within Affirmation

in support of its cross-motion made pursuant to CPLR 3025 for leave to amend its Answer and in

opposition to the motion of Plaintiffs for summary judgment.

        2.      A copy of the Summons and Complaint herein is annexed to the moving papers as

*Exhibit "C"*.

3.    A copy of the initial Answer of Defendant HDFC interposed by Defendant BLAKELY on behalf of Defendant HDFC is annexed to the moving papers as *Exhibit "F"*. (The court will note that the Affirmation in support of the motion misidentifies the Exhibit as Exhibit "E". Further, the document annexed to the moving papers as Exhibit "F" identifies itself as an Affirmation however, a review of the document reveals that it was intended as an Answer to the Complaint).

4.    Defendant HDFC, respectfully requests leave to interpose pursuant to CPLR 3025, an Amended Verified Answer to the Complaint in the form attached hereto.

5.    The Court Rule prescribes that a pleading may be amended, at any time by Order of the court. CPLR 3025.

6.    Absent a showing a prejudice or surprise, leave to amend may be granted even in response to a cross-motion to a foreclosure Plaintiff's motion for summary judgment. *Solomon Holding Corp. v. Golia*, 55 AD3d 507, 868 NYS2d 612 (1st Dept., 2008).

7.    Plaintiffs should not be able to truthfully allege that they are surprised nor prejudiced by the proposed Amended Answer since allegations of fraud and collusion have been raised numerous times in connection with the purported mortgage note and mortgage which are the basis of the within action. See specifically, the recitation of related actions identified by Plaintiffs in their papers in support of the motion.

8.    Further, any delay in the making of the within cross-motion may be attributed, in large part, to the delay of Plaintiffs in requesting that the court strike the Answer of the HDFC previously interposed served and filed in the within action.

9.    As set forth in the annexed proposed Amended Answer, Defendant HDFC has defenses based both, upon the Statute of Frauds, as well as upon substantial questions of possible

wrongdoing by the Plaintiffs and the apparent broker and the purported attorney for the Defendant HDFC in the alleged mortgage transaction.

10.    Upon information and belief, the Plaintiffs did not adequately perform due diligence concerning the requisite signatures for the mortgage note and mortgage which are the subject of the within action.

11.    Specifically, the By-Laws of the Defendant HDFC specifically prescribe at, Article IX, Section 9, that all notes and contracts shall be executed on behalf of the corporation by either, the President or Vice President and either the Secretary or Treasurer.  A copy of the By-Laws of the Defendant HDFC are annexed hereto as *Exhibit "I"*.

12.    Additionally, although the Rider of mortgage is referred to in the form mortgage itself, above the signature of the purported President of the Defendant HDFC, the provisions of the Rider are not incorporated within the mortgage itself.  See *Exhibit "B"* annexed to the moving papers.

13.    A close examination of the purported mortgage reveals that the Rider was not executed by any individual.    The absence of an incorporation of the terms of the Rider into the mortgage itself, has the effect of such Rider provisions not being included within the mortgage. Such provisions thus, cannot be enforced pursuant to the Statute of Frauds. See GOL §5-703.  See also *Bernkopf Goodman LLP. v. Sheepshead Landing, LLC*, 29 Misc3d 1229 (A)(Supreme Court, Kings Co., 2010).

14.    There is no indication in the papers in support of the within motion for summary judgment that Plaintiffs considered the specific requirements of the By-Laws of Defendant HDFC.

15.    The sums apparently received by Plaintiffs at the purported loan closing may have contributed to Plaintiffs' lack of due diligence.

16.    Plaintiffs appear to have received a 7% origination fee (payment of $45,500 upon a principal loan of $650,000). See the disbursement authorization dated September 20, 2007, a copy of which is annexed hereto as *Exhibit 2*.

17.    In addition to payment of said excessive origination fee, Plaintiff MADISON PARK INVESTORS LLC received payment of one year of prepaid interest in the sum $97,500. Annexed hereto as *Exhibit "3"* is a copy of the check for said sum payable to Plaintiff MADISON PARK INVESTORS LLC.

18.    Additionally, brokers fees in the aggregate sum of $26,000 were awarded to three parties including Ken Bey. Annexed hereto as *Exhibit "4"*, is a copy of the checks distributing said brokers fees.

19.    As set forth in the annexed Affidavit, Ken Bey commenced cohabitation with Shirley Pitts, the person who signed on behalf of Defendant HDFC several months prior to the purported loan closing.

20.    Nathaniel McLeon acted as the attorney for Defendant HDFC in connection with said loan transaction. A copy of the check by which attorneys fees were paid to him, is annexed hereto as *Exhibit "5"*.

21.    It was subsequently determined that Nathaniel McLeon is not an attorney admitted to practice law in New York State.

22.    Nathaniel McLeon and Ken Bey both appear to be employees or principals of an entity known as N&T Development Corp. Annexed hereto as *Exhibit "6"*, is a copy of the business card of Ken Bey as well as a check of N&T Development Corp. signed by Nathaniel McLeon. The check is payable to your affirmant and was remitted in connection with a client who is not related, in any way, to the within action. Said client's name thus, has been redacted from the check.

23.    An open issue remains concerning the relationship among Nathaniel McLeon, Ken Bey and the Plaintiffs.

24.    Nathaniel McLeon appears to have benefitted in another manner from the mortgage transaction.    Annexed hereto as *Exhibit "7"*, is a copy of a check which appears to represent the balance of the purported loan proceeds.    The check is in the sum $194,944.68 and is payable to Nathaniel McLeon.

25.    The HDFC has no records revealing that it received payment of said sum from Nathaniel McLeon or from any other source.

26.    Defendant HDFC respectfully asserts that it has raised significant issues which would provide justification to this court to grant the HDFC leave to amend the Answer to interpose the defenses outlined herein and as set forth in the annexed proposed Amended Answer.

27.    In addition to the questions of fact raised by the proposed Amended Answer, Plaintiffs' motion should be denied because Plaintiffs have not established a prima facia case.

28.    Issues remain concerning due execution of the subject purported mortgage note and mortgage.    Such open factual issues bar a grant of summary judgment.

29.    The Complaint, at Paragraph 19, alleges that notice of acceleration was given to the Defendant HDFC however, an examination of the papers in support of the within motion for summary judgment do not reveal any allegation that such notice of acceleration was given.

30.    The payment to Plaintiff MADISON PARK INVESTORS LLC of $97,500 is purported to have been for creation of an escrow reserve.    See the provisions contained within the purported Rider to the mortgage at Paragraph 30.    A copy annexed as *Exhibit "B"* to the moving papers.

31.    Plaintiffs have made no allegation that any notice of default nor notice of withdrawal

of such sums from the purported escrow reserve were given to Defendant HDFC which would justify withdrawal of such sums.

32.    An additional question is raised concerning the alleged execution of the subject mortgage note and mortgage.   The court will observe that the notary public thereon is Harris Goldberg.

33.    No explanation is provided for the similarity in names to the member of Plaintiff E.R. HOLDINGS, LLC, Michael Goldberg.

34.    There is a question whether Harris Goldberg and Michael Goldberg are both members of E.R. HOLDINGS, LLC and whether they acted in concert in obtaining a purported mortgage note and mortgage as well as the 7 percent origination fee and other payments.

**WHEREFORE,** Defendant 477 WEST 142ND STREET HDFC respectfully demands that it be granted leave to amend the Answer in the form set forth herein and that said Amended Answer be deemed served on the date of service of the within cross-motion and that the motion of Plaintiffs for summary judgment be denied in its entirety together with such other and further relief as the court may deem just and proper.

Dated: New York, New York
January 25, 2011

*Edward Filemyr*

**EDWARD FILEMYR**

Z:\Law Office Documents\LITIGT.L&T\477West142NotXMotLeaveAmend.wpd

METRO

# Gall's in his court

By William J. Gorta                                                                        August 2, 2010 | 4:00am

This phony lawyer has some real gall.

Nathaniel McLeon, 66, who's awaiting trial in Brooklyn and Queens on charges of impersonating a lawyer, has allegedly been doing it for years in Manhattan — and just recently showed up in a courtroom there with a client, The Post has learned.

"He's a serial lawyer," said his adversary — an actual attorney — in the Manhattan Supreme Court case, Lauren Raysor. "He's making a mockery of the legal system."

McLeon, who pleaded guilty to grand larceny and practicing law without a license in Manhattan in 1993, showed up on July 16 at 60 Centre St., where he was "representing" a tenant board that's been fighting with a shareholder for control of a Harlem building.

The shareholder, Queen Mother Dr. Delois Blakely, was angry with the board for taking out a $650,000 loan on the low-income building — a loan McLeon arranged while "acting" as their attorney in 2007, court papers say.

It was unclear what happened to the cash.

McLeon's July appearance came to an abrupt end when Raysor asked him whether he was the same Nathaniel McLeon who was charged with posing as a lawyer and scamming clients in Brooklyn and Queens.

McLeon admitted he was — "then he skedaddled," Raysor said.

Judge Milton Tingling has since thrown out every lawsuit, motion and response McLeon filed in the court fight.

McLeon had a court date in Queens three days later — as a defendant. He's charged with bilking an estate there out of more than $250,000 by posing as a lawyer to "help" the executor sell assets.

He's also expected to stand trial in Brooklyn in September on charges he tried to pose as a lawyer and sell a Bedford-Stuyvesant property he didn't have the rights to.

McLeon's lawyer, Lawrence Fredella, said his client has pleaded not guilty in both cases. Fredella portrayed the disappearing Queens trust fund as an innocent mistake, saying the money was accidentally put in the wrong place and would be repaid.

*Additional reporting by Edmund DeMarche*

*william.gorta@nypost.com*

## SPONSORED STORIES



