UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

In re:

477 WEST 142ND STREET HOUSING
DEV. FUND CORP.,

Debtor

Chapter 11

Case No.: 15-12178 (SHL)

**AFFIDAVIT IN OPPOSITION**
OF *CHAPTER 11 TRUSTEE'S MOTION SEEKING ENTRY OF FINAL DECREE*

-------------------------------------------------------------------X

**QUEEN MOTHER DR. DELOIS BLAKELY'S AFFIDAVIT IN OPPOSITION OF CHAPTER 11 TRUSTEE'S MOTION SEEKING ENTRY OF FINAL DECREE PURSUANT TO 11 U.S.C. 1129(b)(2) AND OTHER CITED AUTHORITIES**

**PLEASE TAKE NOTICE,** that, Queen Mother Dr. Delois Blakely, will appear and enter into the records of this court on December 9, 2021, to vehemently oppose the improvident relief sought by Chapter 11 Trustee, GREGORY MESSER, ESQ, which sound in and cloaks the appearance of wanton injustice, nepotism and creation of distrust in the Federal Justice System contrary to Public Policy, and for other reasons as outlined in the affidavit in support and for the preservation of equitable fairness, justice, and Plaintiff's Due process Rights protected in the United States Constitution.

**Dated: New York, New York
November 30, 2021**

By _____
Queen Mother Dr. Delois Blakely
477 West 142nd Street
Suite #2
New York, NY 10031
(212) 368-3739

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

In re:

477 WEST 142ND STREET HOUSING
DEV. FUND CORP.,

Chapter 11

Case No.: 15-12178 (SHL)

Debtor

**AFFIDAVIT IN SUPPORT**

Plaintiff,

-------------------------------------------------------------------X

**PURSUANT TO 11 U.S.C. 1129(b)(2) AND OTHER CITED AUTHORITIES**

**STATE OF NEW YORK):**

**COUNTY OF NEW YORK):**

Queen Mother Dr. Delois Blakely, now respectfully appears to say as follows:

1. The affiant, Queen Mother Dr. Delois Blakely, has maintained and remains a shareholder with protected financial and proprietary interest in the Debtor/ Bankruptcy entity, to wit, 477 WEST 142ND STREET HOUSING DEV. FUND CORP, since the year 1982, as such is fully familiar with the causes of action herein.

2. My opposition to the relief sought by CHAPTER 11 TRUSTEE as due to the following:

3. I respectfully make this affidavit in opposition and rejection of certain publicly filed documents, including, but not limited to, *TRUSTEE'S DEED CONVEYANCE MADE TO AMSTERDAM KEY ASSOCIATES BY GREGORY MESSER, ESQ, FILED ON 02/13/2018;; ASSIGNMENTS OF LEASES & RENTS MADE AMONG AMSTERDAM KEY ASSOCIATES LLC AND ZUMCK REALTY CORP AND FILED ON 02/13/2018; MORTGAGE BEARING FACE VALUE OF $450,000 MADE AMONG , AMSTERDAM KEY ASSOCIATES LLC AND ZUMCK REALTY CORP AND FILED ON 02/13/2018;* as said documents are inimical to affiant's protected property & other rights, and in preservation of the affiant's substantive unalienable due process and property rights from hostile termination and unlawful placement into servitude.

4. GREGORY MESSER ESQ, HAS <u>ACTED IN BAD FAITH & GREED</u> BY CAPRICIOUSLY CONVEYING TITLE TO THE PROPERTY IN THIS ACTION TO AN UNKNOWN ENTITY, *AMSTERDAM KEY ASSOCIATES LLC,* RECENTLY CREATED ON <u>JANUARY 17, 2018;</u> AND HAS ALREADY FLUNG THE SHAREHOLDERS & TENANTS INTO FURTHER MORTGAGE DEBT.

5. GREGORY MESSER ESQ, HAS ACTED IN BAD FAITH & GREED BY CAPRICIOUSLY SANCTIONING A NEW FALSE MORTGAGE OF $450,000, ALTHOUGH THE ORIGINAL MORTGAGE DEBT WAS ROLLED OVER

INTO THIS NEW ENTITY THEREBY MAKING IT IMPOSSIBLE FOR IT EVER BE PAID OFF.

6. GREGORY MESSER ESQ, HAS ACTED IN BAD FAITH & GREED BY CAPRICIOUSLY SANCTIONING AND ALLOWING THE FALSE SALE OF THE DEBTOR'S PROPERTY TO *AMSTERDAM KEY ASSOCIATES LLC, AN ENTITY* HE WAS AWARE WILL NOT MAKE PROVISIONS FOR THE FULL PAYMENT OF THE ORIGINAL MORTGAGE CLAIMS, BUT INSTEAD, have encouraged them to roll it over in perpetuity.

7. GREGORY MESSER ESQ, HAS ACTED IN BAD FAITH & GREED BY CAPRICIOUSLY rejecting the reorganization plans of qualified and capable sponsors who have available financial resources to PAY OFF ALL ORIGINAL "CREDITOR CLAIMS" BY 477 WEST FUNDING LLC, and work with shareholders towards a beneficial reorganization, but instead wantonly selected *AMSTERDAM KEY ASSOCIATES LLC*, and who in bad faith artificially rolled over the alleged mortgage debt and placed shareholders and tenants into inimical servitude for the rest of their natural life.

8. WE RESPECTFULLY INFORM THE COURT that WE HAVE A STANDBY SPONSOR who has agreed to pay off the entire claims of ALL VERIFIED CREDITORS and amicable restitution plan for all shareholders and tenants.

9. WHEREFORE, the affiant respectfully asks the court to void nunc pro tunc and all bargains and engagements between TRUSTEE, GREGORY MESSER, ESQ AND AMSTERDAM KEY ASSOCIATES LLC, INCLUDING, BUT NOT LIMITED TO THE NEW DEED, MORTGAGE, & ASSIGNMENT OF LEASES, in preservation of her Constitutional rights as a shareholder.

10. **<u>CONTINUING OBJECTIONS TO *AMENDED DISCLOSURE STATEMENT & AMENDED PLAN OF REORGANIZATION PROPOSED BY 477 W. 142ND FUNDING LLC*</u>**

11. The affiant respectfully asserts to this Court that the Amended Disclosure statement and amended plan of reorganization proposed by 477 W. 142nd Funding LLC MUST be rejected for failure to comply the thirteen requirements found in 11 U.S.C. 1129(a)(1)-(13) (2000).

12. The said plan of reorganization IS NOT FAIR AND EQUITABLE pursuant to 11 U.S.C. 1129(b)(2); and the decision found in *Bank of Am. Natl. Trust & Savings Assoc. v. 203 North LaSalle Street P'ship,* 526 U.S. 434,444 (1999) ("LaSalle").

13. THE CONTENTS OF THE PLAN ARE DECEPTIVE & MISLEADING in that it appears that the alleged Creditor 477 W. 142nd Funding LLC, has hatched a subtle plot to succeed itself through the front known as "NEWCO".

14. MR. KEVIN J NASH, intentionally refused to DECLARE ON THE RECORD the business relationship between "NEWCO" & 477 W. 142nd Funding LLC, and as such acted in Bad Faith in violation of section 1129(a)(5)(A) of bankruptcy code and (ii) the section 1129(a)(3)

15. MR. KEVIN J NASH, has intentionally deceived the court by creating the false appearance that all pending claims against the debtor WAS PROJECTED TO AGGREGATE NO MORE THAN $2.8 MILLION, but intentionally excluded its own original claims and how that will be resolved.

16. INSTEAD, he disingenuously sneaked into the **1st paragraph** of his Amended disclosure that, "*The sale shall be free and clear of all claims, liens taxes and encumbrances (except for the mortgage debt which shall be assumed by Newco)*"

17. I, as a shareholder respectfully assert to the court that this artifice by KEVIN NASH will irreparably destroy my equitable rights and imperil my property rights.

18. If we are to go by the original claim filed by NASH'S ALTER EGO, 477 W. 142nd Funding LLC, then the total debt burden on the shareholders will be in excess of $4.6 MILLION , and as such the court should DENY this plan as it seems suddenly 477 W. 142nd Funding LLC, IS OPPOSING THE AUCTION OF THE PROPERTY FOR obvious nefarious reasons.

19. QUEEN MOTHER DRDELOIS BLAKELY HEREBY REJECTS THE BOGUS PLAN.

20. **THIS COURT IS NOT LIMITED BY THE ROOKER-FELDMAN DOCTRINE**

21. **CASE LAW IN SUPPORT**

22. It is well settled that final judgments in state courts are not necessarily preclusive in United States bankruptcy courts,

23. IN FACT, the rule has long stood that "[a] *state court judgment entered in a case that falls within the federal courts' exclusive jurisdiction is subject to collateral attack in the federal courts.*" Gonzales v. Parks (In re Gonzales), 830 F.2d 1033, 1036 (9th Cir.1987).

24. By statute, a post-petition state judgment is not binding on the bankruptcy court to establish the amount of a debt for bankruptcy purposes. See 11 U.S.C. § 109(e); Slack v. Wilshire Ins. Co. (In re Slack), 187 F.3d 1070, 1073 (9th Cir.1999), as amended 1999 WL 694990 (Sept. 9, 1999).

25. The United States Supreme Court explained in *Kalb v. Feuerstein*, 308 U.S. 433, 438-39, 60 S.Ct. 343, 84 L.Ed. 370 (1940): *It is generally true that a judgment by a court of competent jurisdiction bears a presumption of regularity and is not thereafter subject to collateral attack. But Congress, because its power over the subject of bankruptcy is plenary, may by specific bankruptcy legislation create an exception to that principle and render judicial acts taken with respect to the person*

*or property of a debtor whom the bankruptcy law protects nullities and vulnerable collaterally."*

26. State law rights arising in core bankruptcy proceedings are functionally equivalent to congressionally created rights, because Congress has the power to modify State law rights in bankruptcy proceedings.

27. Unlike the States, Congress may impair the obligation of contracts through the bankruptcy clause.

28. Indeed, the very purpose of bankruptcy is to modify the rights of debtors and creditors, and the bankruptcy code authorizes the bankruptcy court to abrogate or modify State-created obligations in many ways. SEE U.S. Const., Art. I, § 8.

29. U.S. Const., Art. I, § 8. "The Constitution grants Congress exclusive power to regulate bankruptcy and under this power Congress can limit that jurisdiction which courts, State or Federal, can exercise over the person and property of a debtor who duly invokes the bankruptcy law." Kalb, 308 U.S. at 439, 60 S.Ct. 343.

30. In furtherance of this charge, jurisdiction and authority over bankruptcies has been vested, from the beginning of the Republic, in the federal district courts. See, e.g., Bankruptcy Act of 1800, § 2, 2 Stat. 19, 21; Bankruptcy Act of 1841, § 6, 5 Stat. 440, 445; Bankruptcy Act of 1867, § 1, 14 Stat. 517, 517; Bankruptcy Act of 1898, § 2, 30 Stat. 544, 545.

31. IT IS WELL SETTLED THAT, District courts have "original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a)

32. By the plain wording of the statute, Congress has expressed its intent that bankruptcy matters be handled exclusively in a federal forum. See MSR Exploration, Ltd. v. Meridian Oil, Inc., 74 F.3d 910, 913 (9th Cir.1996).

33. " 'Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate.' " *Celotex Corp. v. Edwards*, 514 U.S. 300, 308, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995) (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir.1984)).

34. By virtue of the power vested in them by Congress, the federal courts have the final authority to determine the scope and applicability of the automatic stay

35. The States cannot, in the exercise of control over local laws and practice, vest State courts with power to violate the supreme law of the land." Kalb, 308 U.S. at 439, 60 S.Ct. 343

36. the Rooker-Feldman doctrine is not implicated by collateral challenges to the automatic stay in bankruptcy. 11 U.S.C. §§ 544, 547, 548, 549.

37. **RELIEF REQUESTED**

38. **WHEREFORE,** the affiant, Queen Mother Dr. Delois Blakely, respectfully requests that the *AMENDED DISCLOSURE STATEMENT & AMENDED PLAN OF*

*REORGANIZATION PROPOSED BY 477 W. 142ND FUNDING LLC ; TRUSTEE'S DEED CONVEYANCE MADE TO AMSTERDAM KEY ASSOCIATES BY GREGORY MESSER, ESQ, FILED ON 02/13/2018;; ASSIGNMENTS OF LEASES & RENTS MADE AMONG AMSTERDAM KEY ASSOCIATES LLC AND ZUMCK REALTY CORP AND FILED ON 02/13/2018; MORTGAGE BEARING FACE VALUE OF $450,000 MADE AMONG, AMSTERDAM KEY ASSOCIATES LLC AND ZUMCK REALTY CORP AND FILED ON 02/13/2018; AND OTHER INCIDENTS THERETO* BE DENIED AND REJECTED

39. It is well settled in New York State that *a borrower's right of equity redemption cannot be waived or abandoned by any stipulation of the parties, even if such stipulation is embodied in the mortgage* [Mooney v. Byrne, 163 N.Y. 86, 57 N.E. 163 (1900),]

40. I humbly request in good faith and with clean hands that this request be granted together with other relief this court deems fair and reasonable in keeping with equity and Justice.

**Dated: New York, New York**
**November 30, 2021**

By _____
Queen Mother Dr. Delois Blakely

**NEW YORK NOTARY PUBLIC**

Sworn before me this
___1___ day of ___Dec___, 20_21_
Notary Public, State of NY

**MY COMMISSION EXPIRES**

BADIYAH AMIR
Notary Public, State of New York
No. 01AM6174527
Qualified in New York County
Commission Expires Sept. 24, 20_23_

## SERVICE LIST

HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
ONE BOWLING GREEN
NY, NY 10004

ADAM P. WOFSE, ESQ
A PARTNER OF THE FIRM
3305 JERUSALEM AVENUE
SUITE 201
WANTAGH, NY 11793

KEVIN J. NASH ESQ
GOLDBERG WEPRIN FINKLE GOLDSTEIN LLP
1501 BROADWAY,
22ND FLOOR
NY, NY 10036

BRIAN S. MASUMOTO
OFFICE OF THE UNTIED STATES TRUSTEE
U.S. FEDERAL OFFICE BUILDING
201 VARICK STREET
SUITE 1006
NY, NY 10014.

JEFFREY ZWICK & ASSOCIATES, PC
266 BROADWAY,
SUITE 403
BROOKLYN, NY 11211

AMSTERDAM KEY ASSOCIATES LLC
311 ROEBLING STREET
BROOKLYN, NY 11211

ZUMCK REALTY CORP.
199 LEE AVENUE, SUITE 508
BROOKLYN, NY 11211